| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**<br>JOHN THOMAS H. DO (SBN 285075)<br>EMI YOUNG (SBN 311238)<br>39 Drumm Street<br>San Francisco, CA 94111<br>(415) 293-6333<br>jdo@aclunc.org<br>eyoung@aclunc.org<br>**ASIAN AMERICANS ADVANCING JUSTICE - ASIAN LAW CAUCUS**<br>GLENN KATON (SBN 281841)<br>55 Columbus Avenue<br>San Francisco, CA 94111<br>(415) 896-1701<br>glennk@advancingjustice-alc.org<br>**COVINGTON & BURLING LLP**<br>STANLEY YOUNG (SBN 121180)<br>3000 El Camino Real<br>5 Palo Alto Square,<br>10th Floor Palo Alto, CA 94306-2112<br>(650) 632-4704<br>syoung@cov.com<br><br>*Counsel for Chang, et al. Plaintiffs* | **ALLISON B. MARGOLIN, PLC**<br>ALLISON B. MARGOLIN (SBN 222370)<br>GEOFFREY GALLEGOS (SBN 336616)<br>418 S. Swall Dr.<br>Beverly Hills, CA 90211<br>(323) 653-9700<br>allison@allisonmargolin.com<br>geoff@allisonmargolin.com<br><br>*Counsel for Lo, et al. Plaintiffs*<br><br>**SPINELLI, DONALD & NOTT P.C.**<br>DOMENIC D. SPINELLI (SBN: 131192)<br>J. SCOTT DONALD (SBN: 158338)<br>ERIC G. FERNANDEZ (SBN: 269684)<br>601 University Avenue, Suite 225<br>Sacramento, CA 95825<br>(916) 448-7888<br>EMAIL<br>EMAIL<br><br>*Counsel for County of Siskiyou, et al. Defendants*<br><br>*Additional counsel listed on signature page* |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GER CHONG ZE CHANG, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SISKIYOU, ET AL.,<br><br>Defendants. | Case No. 2:22-cv-01378-KJM-AC |
| DILEVON LO, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SISKIYOU, ET AL.,<br><br>Defendants. | Case No. 21-cv-00999-KJM-AC<br><br>**STIPULATION AND ORDER TO STAY RELATED CASES AND FOR REFERRAL TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE** |

Conditioned on the agreements below, the parties request a stay of the above captioned related cases, a referral to Magistrate Judge Allison Claire for settlement discussions, and endorsement of this stipulation by Court order.  The parties represent the following in support:

On August 4, 2022, the *Chang* Plaintiffs filed Case No. 2:22-cv-01378-KJM-AC, which was later deemed related to the previously filed *Lo* matter, Case No. 2:21-cv-00999-KJM-AC. *See Chang Docket* Dkt. No. 9.  Both matters allege discrimination against Hmong and other Asian Americans by Siskiyou County, including through the passage of three water ordinances. The *Chang* Complaint further includes claims of racial profiling in traffic stops and the use of unlawful liens and is a putative class action.  *See Chang Docket* Dkt. No. 1 (claims 2-3, 9-11). The Court in the *Lo* case enjoined two of the three water ordinances at issue and later denied Defendants' motion to dissolve the injunction. *See Lo* Dkt. No. 47 (Order on preliminary injunction) and No. 78 (Order denying motion to dissolve preliminary injunction). Defendants have answered the *Lo* Complaint, largely denying the allegations.  *See Lo* Dkt. No 48. Defendants have not yet answered the *Chang* Complaint.

In November 2022, the parties met and conferred regarding Defendants proposal to stay the related cases to explore the possibility of a global resolution.  On November 14, 2022, the *Lo* Plaintiffs and Defendants agreed to extend the *Lo* Plaintiffs' discovery deadlines.  On October 17, November 14, November 22, and December 12, 2022, the *Chang* Plaintiffs agreed to extend Defendants' time to respond to the *Chang* Complaint, so that the parties could further consider Defendants' stay proposal.  *See Chang* Dkt. Nos. 11, 13, 15 and 17.

Having now had sufficient time to meet and confer, the parties have all agreed that a stay is appropriate with the conditions below.

Therefore, the parties stipulate as follows, subject to this Court's approval:

1. The related cases shall be stayed until February 28, 2023.  Any party may request the stay be lifted earlier if settlement discussions fail.

2. All pretrial deadlines, conferences, and hearings are hereby vacated, including in *Lo* Dkt. No 53 (Fed. R. Civ. P. 16 discovery schedule) and in *Chang* Dkt. No. 10 (setting pre-trial conference), and will be reset if necessary after the stay. If both related cases do not settle, the parties shall meet and confer and propose a comprehensive case management plan for the related cases to the Court within 14 days of when the stay is lifted. If either the *Lo* or *Chang* matter settles and the other does not settle, Plaintiffs and Defendants in the case that did not settle shall conduct a Fed. R. Civ. P. 26(f) conference no later than seven days after the stay is lifted and submit a proposed discovery plan pursuant to Rule 26(f)(3) within 14 days after the stay is lifted.

3. The parties are referred to Magistrate Judge Allison Claire to convene settlement conference(s) at the earliest convenience during the stay period.

4. Defendants' time to respond to the *Chang* Complaint, which was deemed served as of October 14, 2022, is be extended to 14 days following the date the stay is lifted.

5. Solely to facilitate good faith settlement discussions and without prejudice to later opposing the relief sought in Claims Ten and Eleven of the *Chang* Complaint regarding liens, Defendants shall instruct their employees within ten days of the issuance of this order to refrain from enforcing or threatening enforcement of liens under County Code section 10-14.100 during the pendency of the stay and for thirty days thereafter. Defendants shall not issue any further liens under County Code section 10-14.100, enforce any such existing liens, or otherwise foreclose on any properties pursuant to such liens until 30 days following the end of the stay.

Dated: December 21, 2022              Respectfully submitted,

**AMERICAL CIVIL LIBIERTIES UNION**
**FOUNDATION OF NORTER CALIFORNIA**

By: */s/ John Thomas H. Do*
JOHN THOMAS H. DO
EMI YOUNG
GRAYCE ZELPHIN

2
**STIPULATION AND ORDER TO STAY RELATED CASES AND FOR REFERRAL TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE**
Case Nos. 2:22-cv-01378-KJM-AC, 21-cv-00999-KJM-AC

BRANDON GREENE

**ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS**

By: */s/ Glenn Katon* (as authorized on Dec. 19, 2022)
GLENN KATON

**COVINGTON & BURLING LLP**

By: */s/ Stanley Young* (as authorized on Dec. 19, 2022)
STANLEY YOUNG
MELISSA DECKER
SILVIA WU
Attorneys for Plaintiffs

*Counsel for Chang, et al. Plaintiffs*


**ALLISON B. MARGOLIN, PLC**

By: */s/ Geoffrey Gallegos* (as authorized on Dec. 21, 2022)

ALLISON B. MARGOLIN
GEOFFREY GALLEGOS


*Counsel for Lo, et al. Plaintiffs*


**SPINELLI, DONALD & NOTT**

By: */s/ Eric G. Fernandez* (as authorized on Dec. 19, 2022)

DOMENIC D. SPINELLI
J. SCOTT DONALD
ERIC G. FERNANDEZ

*Counsel for County of Siskiyou, et al. Defendants*

3
**STIPULATION AND ORDER TO STAY RELATED CASES AND FOR REFERRAL TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE**
Case Nos. 2:22-cv-01378-KJM-AC, 21-cv-00999-KJM-AC

## ORDER

Pursuant to the Stipulation, and Good Cause appearing:

1. The related cases are **STAYED** until February 28, 2023. Any party may request the stay be lifted if settlement discussions fail.

2. All pretrial deadlines, conferences, and hearings are hereby **VACATED**, including in *Lo* Dkt. No 53 (Fed. R. Civ. P. 16 discovery schedule) and in *Chang* Dkt. No. 10 (setting pre-trial conference). If both related cases do not settle, the parties shall meet and confer and propose a comprehensive case management plan for the related cases to the Court within 14 days of when the stay is lifted. If either the *Lo* or *Chang* matter settles and the other does not settle, Plaintiffs and Defendants in the case that did not settle shall conduct a Fed. R. Civ. P. 26(f) conference no later than seven days after the stay is lifted and submit a proposed discovery plan pursuant to Rule 26(f)(3) within 14 days after the stay is lifted.

3. For the duration of the stay, the related cases are referred to Magistrate Judge Allison Claire to convene settlement conference(s) at the earliest convenience.

4. Defendants' time to respond to the *Chang* Complaint is extended to 14 days following the date the stay is lifted.

5. Defendants shall instruct their employees within ten days of the issuance of this order to refrain from enforcing or threatening enforcement of liens under County Code section 10-14.100 during the pendency of the stay and for thirty days thereafter. Defendants shall not issue any further liens under County Code section 10-14.100, enforce any such existing liens, or otherwise foreclose on any properties pursuant to such liens until 30 days following the end of the stay.

IT IS SO ORDERED.

Dated: December 28, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE