| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**<br>JOHN THOMAS H. DO (SBN 285075)<br>EMI YOUNG (SBN 311238)<br>39 Drumm Street<br>San Francisco, CA 94111<br>(415) 293-6333<br>jdo@aclunc.org<br>eyoung@aclunc.org | **SPINELLI, DONALD & NOTT, P.C.**<br>J. SCOTT DONALD (SBN: 158338)<br>601 University Avenue, Suite 225<br>Sacramento, CA 95825<br>(916) 448-7888<br>scottd@sdnlaw.com<br><br>*Counsel for County of Siskiyou, et al. Defendants* |
| **ASIAN AMERICANS ADVANCING JUSTICE - ASIAN LAW CAUCUS**<br>GLENN KATON (SBN 281841)<br>55 Columbus Avenue<br>San Francisco, CA 94111<br>(415) 896-1701<br>glennk@advancingjustice-alc.org | *Additional Counsel listed on signature page* |
| **COVINGTON & BURLING LLP**<br>STANLEY YOUNG (SBN 121180)<br>3000 El Camino Real<br>5 Palo Alto Square,<br>10th Floor Palo Alto, CA 94306-2112<br>(650) 632-4704<br>syoung@cov.com | |

*Counsel for Chang, et al. Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GER CHONG ZE CHANG, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SISKIYOU, ET AL.,<br><br>Defendants. | Case No. 2:22-cv-01378-KJM-AC<br><br>**STIPULATION AND ORDER TO EXTEND STAY** |

Conditioned on the agreements below, the Parties request a continuation of the stay of the above captioned case and further endorsement of this stipulation by Court order.  The Parties represent the following in support:

1. On August 4, 2022, the *Chang* Plaintiffs filed Case No. 2:22-cv-01378-KJM-AC. The *Chang* Complaint alleges discrimination against Asian Americans by Siskiyou County and its Sheriff's Department, including through the passage of three water ordinances, and includes claims of racial profiling in traffic stops and the use of unlawful liens.  *See Chang Docket* Dkt. No. 1. Defendants have not yet answered the *Chang* Complaint.

2. In November 2022, Defendants proposed a stay of the case to explore the possibility of a global resolution of this and the related case of *Lo et al. v. County of Siskiyou*, No. 2:21-cv-00999-KJM.

3. On December 28, 2022, the Parties stipulated to, and the Court ordered, a stay of the related cases until February 28, 2023. *Chang* Dkt. No. 19. Between December 28, 2022 and May 12, 2023, the Parties met for settlement conference with the Honorable Magistrate Judge Claire four times, and the stay was correspondingly extended several times. *Chang* Dkt. Nos. 24, 25, 26, 27. On May 12, 2023, the Parties engaged in a full day of settlement negotiations with Plaintiffs in the related *Lo* case. The *Lo* case reached a settlement in principle but, due to time constraints, *Chang* Plaintiffs and Defendants were unable to complete their negotiations. The Honorable Magistrate Judge Claire referred the *Chang* matter back to the District Court, with an order extending the stay for two weeks following that order to permit private settlement discussions. The parties applied for and were granted an extension of the stay to permit further negotiations, Dkt. No. 29, and the current stay is set to expire on June 23, 2023.

4. Having met and conferred, the Parties agree that they continue to make substantial progress on the terms of a settlement. The Parties have built on their negotiations under Judge Claire by having substantive video conferences among counsel on both May 25 and June 16, 2023, accompanied by multiple exchanges of written drafts.  The remaining issues relate to well permitting, traffic stop policy and compliance monitoring, and the Parties'

discussion is focused on those issues. The Parties continue to work together toward a written agreement, and accordingly agree that a further extension of the stay is appropriate with the conditions set forth below.

The Parties to 2:22-cv-01378-KJM-AC (*Chang*) stipulate as follows and request that the Court enter an order accordingly:

1. The Parties have continued their settlement discussions and stipulate that the stay of *Chang* Dkt. No. 19 is extended to July 24, 2023. Any deadlines provided therein are correspondingly extended.

2. They further stipulate that the provisions of paragraph 5 of *Chang* Dkt. No. 19 (relating to lien enforcement) are amended to substitute "60 days" in place of "30 days," as previously occurred with the Court's March 2, 2023 and June 1, 2023 Orders (*Chang* Dkt. Nos. 24 and 29).

3. Other than the change of "30 days" to "60 days" relating to lien enforcement, all other provisions of the Stipulation in *Chang* Dkt. No. 19 shall continue to be in effect, and any deadlines shall be set based on the new date of termination of the stay.

Dated: June 20, 2023                                    Respectfully submitted,

**AMERICAL CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**

By:  /s/ Emi Young
JOHN THOMAS H. DO
EMI YOUNG
GRAYCE ZELPHIN
BRANDON GREENE

**ASIAN AMERICANS ADVANCINGJUSTICE-ASIAN LAW CAUCUS**

By:  /s/ Megan Vees  (authorized 6/20/23)
GLENN KATON
MEGAN VEES

**COVINGTON & BURLING LLP**

2
**STIPULATION AND ORDER TO EXTEND STAY**
Case No. 2:22-cv-01378-KJM-AC

By:   /s/ Stanley Young  (authorized 6/20/23)
STANLEY YOUNG
SILVIA WU
JAKE GLENDENNING

*Counsel for Chang, et al. Plaintiffs*

**SPINELLI, DONALD & NOTT**

By:   /s/ J. Scott Donald (authorized 6/20/23)
DOMENIC D. SPINELLI
J. SCOTT DONALD

*Counsel for County of Siskiyou, et al. Defendants*

3
**STIPULATION AND ORDER TO EXTEND STAY**
Case No. 2:22-cv-01378-KJM-AC

**ORDER**

Pursuant to the Stipulation, and Good Cause appearing, IT IS HEREBY ORDERED:

1. The stay under the Court's December 28, 2022 Order (*Chang* Dkt. No. 19) is extended to July 24, 2023. Any deadlines provided therein are correspondingly extended.

2. The provisions of paragraph 5 of the Court's December 28, 2022 Order (*Chang* Dkt. No. 19) (relating to lien enforcement) are amended to substitute "60 days" in place of "30 days," as previously occurred with the Court's March 2 and June 1, 2023 Orders (*Chang* Dkt. Nos. 24 and 29.)

3. Other than the change of "30 days" to "60 days" relating to lien enforcement, all other provisions of the Court's December 28, 2022 Order (*Chang* Dkt. No. 19) shall continue to be in effect, and any deadlines shall be set based on the new date of termination of the stay.

DATED: June 21, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE