**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
JOHN THOMAS H. DO (SBN 285075)
EMI YOUNG (SBN 311238)
39 Drumm Street
San Francisco, CA 94111
(415) 293-6333
jdo@aclunc.org
eyoung@aclunc.org

**ASIAN AMERICANS ADVANCING JUSTICE - ASIAN LAW CAUCUS**
GLENN KATON (SBN 281841)
55 Columbus Avenue
San Francisco, CA 94111
(415) 896-1701
glennk@advancingjustice-alc.org

**COVINGTON & BURLING LLP**
STANLEY YOUNG (SBN 121180)
3000 El Camino Real
5 Palo Alto Square,
10th Floor Palo Alto, CA 94306-2112
(650) 632-4704
syoung@cov.com

*Counsel for Chang, et al. Plaintiffs*

**SPINELLI, DONALD & NOTT, P.C.**
J. SCOTT DONALD (SBN: 158338)
601 University Avenue, Suite 225
Sacramento, CA 95825
(916) 448-7888
scottd@sdnlaw.com

*Counsel for County of Siskiyou, et al. Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GER CHONG ZE CHANG,** et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SISKIYOU, et al.,<br><br>Defendants. | Case No. 2:22-cv-01378-KJM-AC<br><br>**STIPULATION AND ORDER TO EXTEND STAY** |

Conditioned on the agreements below, the Parties request a continuation of the stay of the above captioned case and further endorsement of this stipulation by Court order. The Parties represent the following in support:

1. On August 4, 2022, the *Chang* Plaintiffs filed Case No. 2:22-cv-01378-KJM-AC. The *Chang* Complaint alleges discrimination against Asian Americans by Siskiyou County and its Sheriff's Department, including through the passage of three water ordinances, and includes claims of racial profiling in traffic stops and the use of unlawful liens. *See Chang Docket* Dkt. No. 1. Defendants have not yet answered the *Chang* Complaint.

2. In November 2022, Defendants proposed a stay of the case to explore the possibility of a global resolution of this and the related case of *Lo et al. v. County of Siskiyou*, No. 2:21-cv-00999-KJM.

3. On December 28, 2022, the Parties stipulated to, and the Court ordered, a stay of the related cases until February 28, 2023. *Chang* Dkt. No. 19. Between December 28, 2022 and May 12, 2023, the Parties met for settlement conference with the Honorable Magistrate Judge Claire four times, and the stay was correspondingly extended several times. *Chang* Dkt. Nos. 24, 25, 26, 27. On May 12, 2023, the Parties engaged in a full day of settlement negotiations with Plaintiffs in the related *Lo* case. The *Lo* case reached a settlement in principle but, due to time constraints, *Chang* Plaintiffs and Defendants were unable to complete their negotiations. The Honorable Magistrate Judge Claire referred the *Chang* matter back to the District Court, with an order extending the stay for two weeks following that order to permit private settlement discussions. The parties applied for and were granted two extensions of the stay to permit further negotiations, Dkt. Nos. 29 and 32, and the current stay is set to expire on July 24, 2023.

4. Having met and conferred, the Parties agree that they continue to make substantial progress on the terms of a settlement. The Parties have built on their negotiations since the last extension of the stay by having substantive video conferences among counsel on July 6 and July 18, 2023, accompanied by multiple exchanges of written drafts. The Parties have reached tentative agreements on certain substantive issues and are making progress on an

agreement that will put in place mechanisms for ensuring compliance with these substantive terms. The Parties continue to work together toward a written agreement, and accordingly agree that a further extension of the stay is appropriate with the conditions set forth below.

The Parties to 2:22-cv-01378-KJM-AC (*Chang*) stipulate as follows and request that the Court enter an order accordingly:

1. The Parties have continued their settlement discussions and stipulate that the stay of *Chang* Dkt. No. 19 is extended to September 4, 2023. Any deadlines provided therein are correspondingly extended.

2. They further stipulate that the provisions of paragraph 5 of *Chang* Dkt. No. 19 (relating to lien enforcement) are amended to substitute "60 days" in place of "30 days," as previously occurred with the Court's March 2, 2023; June 1, 2023; and June 21, 2023 Orders (*Chang* Dkt. Nos. 24, 29, 32). Other than the change of "30 days" to "60 days" relating to lien enforcement, all other provisions of the Stipulation in *Chang* Dkt. No. 19 shall continue to be in effect, and any deadlines shall be set based on the new date of termination of the stay.

Dated: July 20, 2023                                              Respectfully submitted,

**AMERICAL CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**

By:  /s/ Emi Young  (authorized 7/20/23)
JOHN THOMAS H. DO
EMI YOUNG
GRAYCE ZELPHIN
BRANDON GREENE

**ASIAN AMERICANS ADVANCINGJUSTICE-ASIAN LAW CAUCUS**

By:  /s/ Glenn Katon
GLENN KATON
MEGAN VEES

**COVINGTON & BURLING LLP**

By: /s/ Stanley Young (authorized 7/20/23)
STANLEY YOUNG
SILVIA WU
JAKE GLENDENNING

*Counsel for Chang, et al. Plaintiffs*

**SPINELLI, DONALD & NOTT**

By: /s/ J. Scott Donald (authorized 7/20/23)
DOMENIC D. SPINELLI
J. SCOTT DONALD

*Counsel for County of Siskiyou, et al. Defendants*

**ORDER**

Pursuant to the Stipulation, and Good Cause appearing, IT IS HEREBY ORDERED:

1. The stay under the Court's December 28, 2022 Order (*Chang* Dkt. No. 19) is extended to September 4, 2023. Any deadlines provided therein are correspondingly extended.

2. The provisions of paragraph 5 of the Court's December 28, 2022 Order (*Chang* Dkt. No. 19) (relating to lien enforcement) are amended to substitute "60 days" in place of "30 days," as previously occurred with the Court's March 2, June 1, and June 21, 2023 Orders (*Chang* Dkt. Nos. 24, 29, 32.)

3. Other than the change of "30 days" to "60 days" relating to lien enforcement, all other provisions of the Court's December 28, 2022 Order (*Chang* Dkt. No. 19) shall continue to be in effect, and any deadlines shall be set based on the new date of termination of the stay.

Dated: July 24, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE