**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
JOHN THOMAS H. DO (SBN 285075)
EMI YOUNG (SBN 311238)
39 Drumm Street
San Francisco, CA 94111
(415) 293-6333
jdo@aclunc.org
eyoung@aclunc.org
**ASIAN AMERICANS ADVANCING JUSTICE - ASIAN LAW CAUCUS**
GLENN KATON (SBN 281841)
55 Columbus Avenue
San Francisco, CA 94111
(415) 896-1701
glennk@advancingjustice-alc.org
**COVINGTON & BURLING LLP**
STANLEY YOUNG (SBN 121180)
3000 El Camino Real
5 Palo Alto Square,
10th Floor Palo Alto, CA 94306-2112
(650) 632-4704
syoung@cov.com

*Counsel for Chang, et al. Plaintiffs*

**SPINELLI, DONALD & NOTT, P.C.**
J. SCOTT DONALD (SBN: 158338)
601 University Avenue, Suite 225
Sacramento, CA 95825
(916) 448-7888
scottd@sdnlaw.com

*Counsel for County of Siskiyou, et al. Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GER CHONG ZE CHANG,** et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SISKIYOU, et al., <br><br> Defendants. | Case No. 2:22-cv-01378-KJM-AC <br><br> **STIPULATION AND ORDER TO REINSTATE STAY FOR SETTLEMENT PURPOSES** |

      Conditioned on the agreements below, the Parties request a time-limited reinstatement of the earlier stay of the above captioned case for purposes of allowing the parties to attempt to complete their settlement discussions and ask the Court for further endorsement of this stipulation by Court order.  The Parties represent the following in support:

      1.      On August 4, 2022, the Plaintiffs filed the Complaint in the above captioned case. The Complaint alleges discrimination against Asian Americans by Siskiyou County and its Sheriff's Department, including through the passage of three water ordinances, and includes claims of racial profiling in traffic stops and the use of unlawful liens.  *See* Dkt. No. 1. Defendants have not yet answered the Complaint.

      2.      In November 2022, Defendants proposed a stay of the case to explore the possibility of a global resolution of this and the related case of *Lo et al. v. County of Siskiyou*, No. 2:21-cv-00999-KJM.

      3.      On December 28, 2022, the Parties stipulated to, and the Court ordered, a stay of the two related cases until February 28, 2023.  Dkt. No. 19. Between December 28, 2022 and May 12, 2023, the Parties met for settlement conferences with the Honorable Magistrate Judge Claire four times, and the stay was correspondingly extended several times.  Dkt. Nos. 24, 25, 26, 27. On May 12, 2023, the Parties engaged in a full day of settlement negotiations with the plaintiffs in the related *Lo* case. The *Lo* case reached a settlement but, due to time constraints, Plaintiffs and Defendants in the present case were unable to complete their negotiations. The Honorable Magistrate Judge Claire referred this case back to the District Court, with an order extending the stay for two weeks following that order to permit private settlement discussions. The Parties in this case applied for and were granted four further extensions of the stay to permit further negotiations.  Dkt. Nos. 29, 32, 35 and 38.

      4.      The last extension, Dkt. No. 38, expired on October 30, 2023.  At that time, the Parties had reached a point in their discussions where they were uncertain whether there was a path toward an agreed resolution and they were unable to agree on a request to extend the stay further while they continued to discuss settlement.  Since October 30, 2023, however, the Parties have clarified certain issues between them, and they now believe that a further, but final,

1  stay--this time until December 31, 2023--will allow them either to reach an agreed resolution of
2  this action or to determine that a further stay will not assist them in their discussions and the
3  case should thereafter proceed on its normal course.  In view of the prior stay's expiration, and
4  in compliance with Paragraph 2 of the Court's December 28, 2022 Order, Dkt. No. 19, the
5  parties held a Fed. R. Civ. P. 26(f) conference on November 6, 2023, and on November 13,
6  2023 they submitted a Joint Rule 26(f) Report and Case Management Statement, Dkt. No. 41,
7  which they propose, subject to possible revision, would govern the case if it does not settle by
8  December 31, 2023.

9        4.      The Parties agree that, notwithstanding the impasse that led them not to request a
10 continuation of the stay that expired on October 30, 2023, they now again see a possible path
11 toward a settlement that is sufficient to warrant a limited additional stay while they work to
12 finalize their agreement. The Parties are now continuing to build on their prior negotiations by
13 having substantive video conferences among counsel, accompanied by multiple exchanges of
14 written drafts.  The Parties have reached and/or reconfirmed, to the extent they believe warrants
15 the present motion, tentative agreements on certain substantive issues such as the liens, traffic
16 stop policies, and an oversight mechanism for ensuring compliance with these substantive
17 terms. The Parties continue to work together toward a written agreement, and accordingly agree
18 that a further time-limited reinstatement of the earlier stay is appropriate with the conditions set
19 forth below.

20       The Parties to the above captioned case therefore stipulate as follows and request that the
21 Court enter an order accordingly:

22       1.  The Parties have continued their settlement discussions and stipulate that this case is
23 stayed until December 31, 2023.  Any party may request that the stay be lifted earlier if settlement
24 discussions fail.  Defendants' time to respond to the Complaint, which was deemed served as of
25 October 14, 2022, should be extended to fourteen (14) days after the stay is lifted.  The Parties do
26 not currently anticipate that they will request any further stay for settlement purposes beyond
27 December 31, 2023.

28       2. As an additional condition of reinstating the stay, the Parties stipulate that, while the stay

1  is in effect, Siskiyou County Sheriff's Department personnel will report all traffic stops they
2  conduct or participate in via dispatch call and will complete all Racial and Identity Profiling Act
3  stop data reports as required by California Government Code section 12525.5, which the
4  Department maintains it has been doing.

5       3.  Solely to facilitate good faith settlement discussions and without prejudice to later
6  opposing the relief sought in Claims Ten and Eleven of the Complaint regarding liens, Defendants
7  shall, within ten days of the issuance of the Court's order, ensure that all their employees and
8  attorneys have been instructed to refrain, during the pendency of the stay and for ninety (90) days
9  thereafter, from enforcing or threatening enforcement of liens under County Code sections 10-
10 14.100 or 1-5.09 or under any other County Code section where the purpose is to collect fines or
11 penalties for County Code violations. Until ninety (90) days after the lifting of the stay, Defendants,
12 their employees and their attorneys shall not issue any further liens under County Code section 10-
13 14.100 or 1-5.09, or under any other County Code section where the purpose is to collect fines or
14 penalties for County Code violations; shall not enforce or threaten to enforce any such existing
15 liens; and shall not otherwise act to foreclose on any properties pursuant to any such liens.

16 Dated:  November 13, 2023                    Respectfully submitted,

**AMERICAL CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA**

By: _/s/ Emi Young_ (authorized 11/13/23)
JOHN THOMAS H. DO
EMI YOUNG
GRAYCE ZELPHIN

**ASIAN AMERICANS
ADVANCINGJUSTICE-ASIAN LAW
CAUCUS**

By: _/s/ Megan Vees_ (authorized 11/13/23)
GLENN KATON
MEGAN VEES

          **COVINGTON & BURLING LLP**

By: /s/ *Stanley Young*
     STANLEY YOUNG
     ALISON WALL
     SILVIA WU

*Counsel for Chang, et al. Plaintiffs*

**SPINELLI, DONALD & NOTT**

By: /s/ *J. Scott Donald* (authorized 11/13/2023)
     DOMENIC D. SPINELLI
     J. SCOTT DONALD

*Counsel for County of Siskiyou, et al. Defendants*

## ORDER

Pursuant to the Stipulation, and Good Cause appearing, IT IS HEREBY ORDERED:

1. This case is stayed until December 31, 2023. Any party may request that the stay be lifted earlier if settlement discussions fail.

2. Defendants' time to respond to the Complaint, which was deemed served as of October 14, 2022, is extended to fourteen (14) days after the stay is lifted.

3. While the present stay is in effect, Siskiyou County Sheriff's Department personnel will report all traffic stops they conduct or participate in via dispatch call and will complete all Racial and Identity Profiling Act stop data reports as required by California Government Code section 12525.5.

4. Solely to facilitate good faith settlement discussions and without prejudice to later opposing the relief sought in Claims Ten and Eleven of the Complaint regarding liens, Defendants shall, within ten days of the issuance of this order, ensure that all their employees and attorneys have been instructed to refrain, during the pendency of the stay and for ninety (90) days thereafter, from enforcing or threatening enforcement of liens under County Code sections 10-14.100 or 1-5.09 or under any other County Code section where the purpose is to collect fines or penalties for County Code violations. Until ninety (90) days after the lifting of the stay, Defendants, their employees and their attorneys shall not issue any further liens under County Code section 10-14.100 or 1-5.09, or under any other County Code section where the purpose is to collect fines or penalties for County Code violations; shall not enforce or threaten to enforce any such existing liens; and shall not otherwise act to foreclose on any properties pursuant to any such liens.

DATED: November 15, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE