**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD (SBN: 158338)
300 University Avenue, Suite 100
Sacramento, CA 95825
Telephone:  (916) 448-7888
Facsimile:  (916) 448-6888
Email: scottd@sdnlaw.com

Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
RICHARD S. LINKERT, ESQ. (SBN 88756)
MADISON M. SIMMONS, ESQ. (SBN 292185)
3638 American River Drive
Sacramento, California 95864
Telephone: (916) 978-3434
Facsimile: (916) 978-3430
Email: rlinkert@mathenysears.com
Email: msimmons@mathenysears.com

Attorneys for Defendants
COUNTY OF SISKIYOU and
JEREMIAH LARUE

**[Fee Exempt Pursuant to Gov. Code § 6103]**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GER CHONG ZE CHANG, MAI NOU VANG, RUSSELL MATHIS, YING SUSANNA VA, and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>COUNTY OF SISKIYOU and JEREMIAH LARUE, in his official capacity as Sheriff<br><br>                    Defendants. | Case No.: 2:22-cv-01378-KJM-AC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Date:          May 17, 2024<br>Time:          10:00 AM<br>Judge:        Kimberly J. Mueller (KJM)<br>Courtroom:  3<br><br>Action Filed: August 3, 2022<br>Trial Date:    Not assigned |

**TO THE COURT ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Pursuant to the provisions of Federal Rules of Evidence, Rule 201(b) and Rule 201(d), Defendants COUNTY OF SISKIYOU and JEREMIAH LARUE (hereinafter "Defendants") hereby file this Request for Judicial Notice in support of their concurrently filed Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion") and respectfully request that the Court take judicial notice of the following items:

**Exhibit A**:   Minute Order Dismissing Action, ECF No. 108; Lo v. Siskiyou, et al., Case No. 2:21-cv-00999-KJM-AC

**Exhibit B**:   Joint Stipulation of Dismissal, ECF No. 107; Lo v. Siskiyou, et al., Case No. 2:21-cv-00999-KJM-AC

**Exhibit C**:   County of Siskiyou Ordinances 21-07 and 21-08.

**Exhibit D**:   Declaration of Rick Dean, ECF No. 8-1; Lo v. Siskiyou, et al, Case No. 2:21-cv-00999-KJM-AC

**Exhibit E**:   Affidavit of Rick Dean, ECF No. 57-3; Lo v. Siskiyou, et al., Case No. 2:21-cv-00999-KJM-AC

Judicial Notice of the attached documents is proper as federal courts may grant judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The federal courts may also take judicial notice of matters of public record including court filings and orders from other proceedings from other courts. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 749 n.6 (9th Cir. 2006) (a court may take judicial notice of court filings and other matters of public record).


Dated: March 5, 2024                    SPINELLI, DONALD & NOTT


                                        By:   */s/ J. Scott Donald*
                                              J. SCOTT DONALD
                                              Attorneys for Defendants
                                              COUNTY OF SISKIYOU and JEREMIAH LARUE

EXHIBIT A

**Kari Rebar**

| | |
|---|---|
| **From:** | caed_cmecf_helpdesk@caed.uscourts.gov |
| **Sent:** | Tuesday, September 12, 2023 2:32 PM |
| **To:** | CourtMail@caed.uscourts.gov |
| **Subject:** | Activity in Case 2:21-cv-00999-KJM-AC Lo et al v. County of Siskiyou et al Minute Order. |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of California - Live System

**Notice of Electronic Filing**

The following transaction was entered on 9/12/2023 at 2:32 PM PDT and filed on 9/12/2023
**Case Name:** Lo et al v. County of Siskiyou et al
**Case Number:** 2:21-cv-00999-KJM-AC
**Filer:**
**WARNING: CASE CLOSED on 09/12/2023**
**Document Number:** 108(No document attached)

**Docket Text:**
**MINUTE ORDER issued by Courtroom Deputy C. Schultz for Chief District Judge Kimberly J. Mueller on 9/12/2023: This action is DISMISSED, with prejudice, as provided by Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the Joint Stipulation of Dismissal, ECF No. [107]. Accordingly, this case is CLOSED, with each party to bear its own attorneys' fees and costs. (Text Only Entry) (Schultz, C)**

**2:21-cv-00999-KJM-AC Notice has been electronically mailed to:**

Allison B. Margolin    allison@allisonmargolin.com, nicole@levinmargolin.com

Domenic D. Spinelli    domenics@sdnlaw.com, suzym@sdnlaw.com

Emi Young    eyoung@aclunc.org, kdibble@aclunc.org

Frank Scott Moore    fsmoore@pacbell.net, frankscottmoore@gmail.com

1

J. Scott Donald    ScottD@sdnlaw.com, jeffreya@sdnlaw.com, karir@sdnlaw.com, katep@sdnlaw.com

John Thomas H. Do    jdo@aclunc.org, aalas@aclunc.org

Stanley Young    syoung@cov.com

**2:21-cv-00999-KJM-AC Electronically filed documents must be served conventionally by the filer to:**

EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DILEVON LO, ET AL.,                )  Case No.: 21-cv-00999-KJM-AC

Plaintiffs,            )

v.                     )

COUNTY OF SISKIYOU, ET AL.,    )

Defendants.         )
_____ /

## JOINT STIPULATION OF DISMISSAL

    The Parties hereby submit the following Joint Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii):

    1.    Plaintiffs filed this lawsuit on June 4, 2021, to challenge certain ordinances promulgated by COUNTY OF SISKIYOU, namely, Ordinance Nos. 20-13, 21-07 (21-13) and 21-08 (21-14), which were codified as Secs. 3.5-13.101-3.5-13.109, 3-4.1501-3-4.1506 and 3-13.701-3-13.703 of the Siskiyou County Municipal Code among other claims.

    2.    On May 11, 2023, the Parties arrived at a conditional settlement of the dispute wherein the COUNTY OF SISKIYOU agreed to repeal 3.5-13.101-3.5-13.109 and 3-4.1501-3-4.1506 and to modify certain terms of Secs. 3-13.701-3-13.703 and the Civil Penalty Ordinance No. 3-13.601 and a monetary sum to be paid as specified in a written Memorandum of Understanding of Conditional Settlement in a court-supervised settlement conference which was later executed by the Parties in a Settlement Agreement and Release of All Claims.

1   3.   On or about August 1, 2023, the COUNTY OF SISKIYOU performed the repeal and

2   modification conditions set forth in the Settlement Agreement and Release of All Claims and tendered

3   the monetary sum on or about August 11, 2023.

4   4.   Accordingly, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the Parties stipulate to

5   the voluntary dismissal of this case with prejudice, each party to bear their own attorneys' fees and

6   costs.

7

8

9   Dated: August 22, 2023          ALLISON B. MARGOLIN, PLC

10

11                                  /s/Allison B. Margolin

12                                  ALLISON B. MARGOLIN
                                    Attorney for Plaintiff

13  Dated: August 22, 2023          LAW OFFICES OF FRANK S. MOORE, APC

14

15

16                                  /s/Frank S. Moore
                                    FRANK S. MOORE

17                                  Attorney for Plaintiffs

18  Dated: August 22, 2023          SPINELLI | DONALD | NOTT

19

20

21                                  /s/J. Scott Donald
                                    J. SCOTT DONALD

22                                  Attorney for Defendants

23

24

25

26

27

28

*LO, ET AL., v. COUNTY OF SISKIYOU, ET AL,*          Case No.: 21-cv-00999-KJM-AC

CERTIFICATE OF SERVICE

This is to certify that on the 10th day of August 22, 2023, I electronically filed the foregoing JOINT STIPULATION OF DISMISSAL using the Court's CM/ECF filing system which sends notification of such filing to all parties and/or counsel of record.

SPINELLI, DONALD & NOTT P.C.
DOMENIC D. SPINELLI (SBN: 131192)
domenics@sdnlaw.com
J. SCOTT DONALD (SBN: 158338)
ScottD@sdnlaw.com
Jeffrey Chih-Yeu Chiao
jeffreyc@sdnlaw.com
601 University Avenue, Suite 225
Sacramento, CA 95825
(916) 448-7888

Counsel for County of Siskiyou, et al. Defendants


John Thomas H. Do
jdo@aclunc.org
EmiYoung
eyoung@aclunc.org
ACLU of Northern California
39 Drumm Street
San Francisco, CA 94111
415-621-2493

Counsel for Interested Parties

Stanley Young
syoung@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square
Ste 10th Floor
Palo Alto, CA 94306-2112
650-632-4700
Fax: 650-632-4800

Counsel for Interested Parties


/s/Allison B. Margolin
ALLISON B. MARGOLIN
Attorney for Plaintiffs

*LO, ET AL., v. COUNTY OF SISKIYOU, ET AL,*                    Case No.: 21-cv-00999-KJM-AC

JOINT STIPULATION OF DISMISSAL                                                      2

EXHIBIT C

This instrument is a correct copy of the original on file in this office
LAURA BYNUM
County Clerk of the State of California
In and for the County of Siskiyou.

By: _Wendy Oif_ Deputy

ORDINANCE NO. 21-07

**AN URGENCY ORDINANCE OF THE COUNTY OF SISKIYOU ADDING ARTICLE 3.5 TO CHAPTER 13 OF TITLE 3 OF THE SISKIYOU COUNTY CODE REGARDING THE ADMINISTRATIVE PERMIT REQUIRED FOR USE OF GROUNDWATER OFF THE PARCEL FROM WHICH IT WAS EXTRACTED AND CLARIFYING AND AMENDING SECTION 3-13.601 OF SAID CHAPTER AND TITLE RELATED TO FINES.**

The Board of Supervisors of the County of Siskiyou does ordain as follows:

**SECTION 1.** Findings and Declarations.

The Board of Supervisors makes the following findings in support of the enactment of this urgency ordinance:

A. In 2020, Siskiyou County (the "County") was classified as being in a state of drought, with some areas of the County being classified as being in "extreme drought".

B. On March 5, 2021, the United States Department of Agriculture notified Governor Newsom that it had designated Siskiyou County, among other California counties, as a primary natural disaster area due to the 2020 drought.

C. On March 22, 2021, the California Water Resources Control Board ("SWRCB") issued a warning letter to prepare for statewide impacts of drought, explaining that "[a]fter two years of low precipitation, the U.S. Drought Monitor now reports that 95 percent of California is experiencing Moderate to Exceptional Drought" and that "[r]eservoir and groundwater levels are significantly below average". The SWRCB letter advised that "[c]ontinued dry conditions can threaten water supplies, impair critical habitat, reduce recreational opportunities, and create uncertainty for all water users."

D. As of April 21, 2021, the U.S. Drought Monitor published by the National Integrated Drought Information System classified 98.43 percent of Siskiyou County as experiencing moderate drought, 82.44 percent of Siskiyou County as experiencing severe drought, and 62.65% of Siskiyou County as experiencing extreme drought.

E. Pursuant to Article XI, section 7, of the California Constitution, the County may adopt and enforce ordinances and regulations not in conflict with general laws to protect and promote the public health, safety, and welfare of its citizens.

F. Pursuant to Government Code section 25123, the County may enact an ordinance for the immediate preservation of the public peace, health, or safety, which contains a declaration setting forth the facts constituting the urgency and which shall be effective

1

SISKIYOU COUNTY
ORDINANCE
No. 21-07

immediately.

G. Pursuant to Government Code section 25131, an urgency ordinance may be passed immediately upon introduction.

H. Siskiyou County has broad authority to regulate groundwater pursuant to its police powers. *See Baldwin v County of Tehama*, (1994) 31 Cal App 4th 166; *see In re Maas* (1933) 219 Cal. 422, 425.

I. In Siskiyou County, groundwater is an essential resource for domestic, municipal, agricultural, and industrial uses, and it is also a resource essential to the continued agricultural production and economic viability of the County.

J. Groundwater is an essential resource for the environment, and for the plant and animal species that inhabit Siskiyou County and make it a desirable outdoor tourist destination.

K. Siskiyou County contains four medium-priority groundwater basins (Tule Lake, Shasta, Scott and Butte Valley) that require the development and adoption of groundwater sustainability plans pursuant to California's Sustainable Groundwater Management Act ("SGMA"). Groundwater sustainability agencies for these basins have not yet developed approved groundwater sustainability plans under SGMA.

L. Rather than disturb local regulation of groundwater, the Legislature in enacting SGMA expressly "recognize[d] and preserve[d] the authority of cities and counties to manage groundwater pursuant to their police powers." Stats 2014, ch.346 Uncodified Findings §1(b)(5); *see also* Water Code section 10726.8(f) ("[n]othing in a groundwater sustainability plan shall be interpreted as superseding the land use authority of cities and counties."); *Environmental Law Foundation v. State Water Resources Control Board,* et. al (2018) 26 Cal.App.5th 844, 863.

M. The Board of Supervisors desires to ensure land uses in the unincorporated area of the County are in compliance with Siskiyou County's zoning code, that conditions of public nuisance are abated, and that the County's laws and policies aid in meeting SGMA's goals.

N. The County continues to receive complaints from constituents of land use violations and undesirable effects on groundwater resources and local wells associated with neighboring and adjacent landowners pumping large volumes of groundwater into water trucks for off-parcel use.

O. Local law enforcement officers and code enforcement officers have observed large quantities of groundwater being extracted from local wells and then delivered in water trucks off the parcel from which extraction occurred to illegal cannabis

cultivation sites, most of which are without legally established residences and used exclusively for illegal cannabis cultivation.

P.  A Local State of Emergency declaration was passed by the Board of Supervisors on January 21, 2020, (Resolution No. 20-18) and is currently in effect, reciting that "1,500 to 2,000+ illicit cannabis cultivation sites in private property areas have established encampments where hundreds of people are living in unpermitted and illegally constructed dwellings without permitted sewage disposal systems or potable water supplies" and that "an estimated 3,000,000 gallons of water is being expended daily by illicit cannabis producers, depleting precious groundwater and surface water resources and these losses jeopardize the lawful agricultural, recreational, private and environmental use of water for thousands of residents".

Q.  On August 11, 2020, the Sheriff clarified to the Board that more recent estimates of the water being expended daily on illicit cannabis production in Siskiyou County is much higher and is around 9.6 million gallons.

R.  The use of groundwater to supply activities and land uses off-parcel that are conducted in violation of County land use ordinances is wasteful and unreasonable, aids in creating property conditions declared by the County to constitute a public nuisance, and reduces the resources available to the reasonable, beneficial, and lawful uses of groundwater from every affected aquifer.

S.  The hot, dry, summer months are expected to be a time of maximum groundwater pumping in the County and the absence of regulations in the County Code that provide for regulation of extraction of groundwater for off-parcel use is a threat to the public health, safety and welfare and requires immediate action to ensure the purpose and use of groundwater is incidental to a lawful activity and that extracted groundwater is for uses allowed by the underlying zoning designation of the parcel(s) receiving the extracted groundwater; or that have received Conditional Use Permit approval; or otherwise are allowed as legal non-conforming uses.

**SECTION 2.** Declaration of Urgency.

A.  Based on the findings set forth above, the Board finds and declares that there is a current and immediate threat to the public health, safety and welfare arising from the absence of regulations in the County Code regulating extraction of groundwater for off-parcel use.

B.  Based on the findings above, the Board of Supervisors determines that this ordinance is urgently needed for the immediate preservation of the public peace, health, safety, and welfare pursuant to the Government Code section 25121 and 25131.

**SECTION 3.** Chapter 13 of Title 3 is hereby amended to add Article 3.5 and to read as follows:

**Article 3.5 – Administrative Permit Process for groundwater extraction for use off-parcel from which it was extracted.**

**3.5-13.101. – Limitation on Application of this Article to Groundwater Extractions Subject to Section 3-13.301.**

The provisions of this article shall not apply to groundwater extractions that require a written permit pursuant to Section 3-13.301 of this Chapter.

Commercial groundwater extraction uses, whether subject to Section 3-13.301 or 3.5-13.102, shall also comply with the provisions of Chapter 6 of Title 10 of the Siskiyou County Code, which require commercial groundwater extraction uses be located in the appropriate zoning district and obtain all necessary permit approvals.

**3.5-13.102. – Administrative Permit required for extraction of groundwater for use off-parcel.**

It shall be unlawful to extract groundwater of any nature or description, or for a property owner to allow such extraction on his or her land, or for any person to cause, permit, aid, abet, suffer, or furnish equipment or labor for such extraction, for the purpose of using the water or selling the water for use on other than the parcel of land upon which the extraction occurs, or contiguous parcels of land under the same ownership as the parcel from which the extraction occurs, without first obtaining an administrative permit as provided in this chapter.

It shall be unlawful to use water extracted in violation of this section on other than the parcel of land upon which the extraction occurs, or contiguous parcels of land under the same ownership as the parcel from which the extraction occurs, or for a property owner to allow such use on their land, or for any person to cause, permit, aid, abet, suffer, or furnish equipment or labor for such use, without first obtaining an administrative permit as provided in this Article.

An administrative permit shall be required in all instances in which groundwater is extracted and transported off the parcel from which it was extracted, including occasions in which groundwater is extracted, transported off-parcel, and returns to the parcel from which it was extracted. This provision does not apply to the extraction of water for the purposes of supplying irrigation districts, emergency services, well replenishment for permitted wells, a "public water system," a "community water system," a "noncommunity water system," or "small community water system" as defined by the Health and Safety Code, serving residents of the County of Siskiyou.

4

For purposes of this Article, "parcel" shall mean a legal parcel. Where contiguous legal parcels are under common ownership or control, such contiguous legal parcels shall be counted as a single legal parcel for purposes of this Article.

### 3.5-13.103. – Application for administrative permit.

An application for a permit required by this Article shall be filed with the Siskiyou County Community Development Department, Environmental Health Division, on forms provided by said division and shall contain all information required by such division. Upon receipt of the permit application, the Environmental Health Division, shall review the application with affected county departments including, but not limited to, the Agricultural Commissioner and Planning Director. After obtaining the comments of the affected county departments, the Environmental Health Division, shall cause the application together with all received comments to be reviewed by the Community Development Director, or his or her designee. Upon receipt of an application, the Community Development Director, or his or her designee, may require an inspection of any or all parcels associated with the application prior to the issuance of an administrative permit.

### 3.5-13.104. – Granting of ministerial, administrative permit.

In order to grant the administrative, ministerial permit, the purpose and use of groundwater shall be incidental to a lawful activity.  Extracted groundwater shall only be for uses and activities allowed by the underlying zoning designation of the parcel(s) receiving the extracted groundwater or uses that have received Conditional Use Permit approval or are legal non-conforming uses.

The Community Development Director, or his or her designee, may withhold the processing of and/or issuance of an administrative permit, where a Notice to Appear, Civil Action, Notice to Comply, Administrative Citation, and/or a Notice and Order to Abate has been issued and/or is pending administrative or judicial review on any of the associated parcels requesting an administrative permit, until the subject property or properties are found to be in complete compliance with any and all applicable County Code sections.

### 3.5-13.105. – Appeal of Decision

The decision of the Community Development Director, or his or her designee, is appealable to the Board of Supervisors. An appeal must be filed in writing with the Clerk of the Board within 10 days of the action taken by the Community Development Director, or his or her designee, and must set forth the reason(s) for appeal with specificity.

**3.5-13.107. – Annual review of permit.**

The permit granted pursuant to this Article shall be for one year. At the request of the applicant, the administrative permit may be reviewed by the Community Development Department for a renewal term of one-year subject to the same criteria set forth in section 3.5-13.104.  Upon receipt of a request for renewal, the Community Development Director, or his or her designee, may require an inspection of any or all parcels associated with the request prior to the issuance of a renewed administrative permit. Said decision by the Environmental Health Division, may be appealed to the Board of Supervisors by the applicant or any other affected person.

**3.5-13.108. – Enforceability.**

Violations of this Article are unlawful and shall constitute a public nuisance and may be enforced and abated through any available remedy provided by the Siskiyou County Code, including Article 6 below, or any other federal, state, or local law.

**SECTION 6.**  Section 3-13.601 of Chapter 13 of Title 3 of the Siskiyou County is clarified and amended to read as follows (additions appear in underline):

**Sec. 3-13.601. - Civil penalty.**

The County may elect to proceed with a civil action against a violator, including injunctive relief, or through administrative enforcement. Any person or entity who violates this chapter shall be subject to fines of up to Five Thousand ($5,000) Dollars per separate violation. A person shall be deemed to have committed separate violations for each and every day or portion thereof during which any such violation is committed, continued, or permitted as well as for each and every separate groundwater well with which any such violation is committed, continued, or permitted. For purposes of the violation of Section 3.5-13.102, each instance in which groundwater is extracted and transported off the parcel from which it was extracted from without the required administrative permit is a separate violation.

**SECTION 7.**  Authority/Effective Date:

This is an urgency ordinance within the meaning of Section 25131 of the Government Code and an ordinance for the immediate preservation of the public peace, health and safety within the meaning of Section 25123(d) of the Government Code, which shall be passed immediately upon introduction, and shall take effect immediately upon a 4/5 vote.

**SECTION 8.**  Publication.

This ordinance,  within 15 days of adoption, shall be published once in a newspaper of general circulation, printed and published in the County of Siskiyou as required by law.

**SECTION 9.** Severability.

If any section, subsection, sentence, clause, phrase, or portion of this ordinance or the application thereof to any person or circumstance is held to be invalid or unenforceable by a court of competent jurisdiction, such invalidity shall not affect the remaining portions or other applications of the ordinance, and the provisions of this ordinance are declared to be severable.

**SECTION 10.** CEQA.

The Board hereby finds that this Ordinance is exempt from the California Environmental Quality Act ("CEQA") pursuant to Section 15061(b)(3) because it can be seen with certainty that there is no possibility of a significant effect on the environment from the adoption of this Urgency Ordinance establishing an administrative permit process for groundwater extraction for use off-parcel, as the Ordinance does not itself prohibit or authorize groundwater extraction for any particular parcel or project. Where it can be seen with certainty that there is no possibility that the activity in question may have a significant effect on the environment, the activity is not subject to CEQA. In addition, the Board of Supervisors further finds that the ordinance is categorically exempt from review under CEQA under the Class 8 Categorical Exemption, 14 CCR § 15308, (regulatory activity to assure protection of the environment) and Class 7 Categorical Exemption, 14 CCR § 15307, (regulations and restrictions on activities to assure the maintenance, restoration, or enhancement of a natural resources).

PASSED AND ADOPTED this 4th day of May, 2021, at a regular meeting of the Board of Supervisors by the following vote:

AYES:    Supervisors Criss, Valenzuela, Ogren and Haupt
NOES:    Supervisor Kobseff
ABSENT: None
ABSTAIN: None

Ray A. Haupt Chairman,
Board of Supervisors

ATTEST:
LAURA BYNUM, CLERK,
Board of Supervisors

By _____
       Deputy

7

This instrument is a correct copy of the
original on file in this office.
ATTEST
LAURA BYNUM
County Clerk of the State of California
In and for the County of Siskiyou.

By: _Wendy Quick_
Deputy

**ORDINANCE NO.** 21-08

## AN URGENCY ORDINANCE OF THE COUNTY OF SISKIYOU ADDING ARTICLE 15 TO CHAPTER 4 OF TITLE 3 OF THE SISKIYOU COUNTY CODE RELATING TO WATER TRUCKS.

The Board of Supervisors of the County of Siskiyou does ordain as follows:

**SECTION 1.** Findings and Declarations.

      The Board of Supervisors makes the following findings in support of the enactment of this urgency ordinance:

A. In 2020, Siskiyou County was classified as being in a state of drought, with some areas of the County being classified as being in "extreme drought".

B. On March 5, 2021, the United States Department of Agriculture notified Governor Newsom that it had designated Siskiyou County, among other California counties, as a primary natural disaster area due to the 2020 drought.

C. On March 22, 2021, the California Water Resources Control Board ("SWRCB") issued a warning letter to prepare for statewide impacts of drought, explaining that "[a]fter two years of low precipitation, the U.S. Drought Monitor now reports that 95 percent of California is experiencing Moderate to Exceptional Drought" and that "[r]eservoir and groundwater levels are significantly below average".  The SWRCB letter advised that "[c]ontinued dry conditions can threaten water supplies, impair critical habitat, reduce recreational opportunities, and create uncertainty for all water users."

D. As of April 21, 2021, the U.S. Drought Monitor published by the National Integrated Drought Information System classified 98.43 percent of Siskiyou County as experiencing moderate drought, 82.44 percent of Siskiyou County as experiencing severe drought, and 62.65% of Siskiyou County as experiencing extreme drought.

E. The County continues to receive complaints from constituents of undesirable effects on groundwater resources and local wells associated with neighboring and adjacent landowners pumping large volumes of groundwater into water trucks for off-parcel use.

F. Local law enforcement officers and code enforcement officers have observed large quantities of groundwater being extracted from local wells and then delivered in water trucks off the parcel from which extraction occurred to illegal cannabis cultivation sites, most of which are without legally established residences and are used exclusively for illegal cannabis cultivation.

1

SISKIYOU COUNTY
ORDINANCE
No. 21-08

G. A Local State of Emergency declaration was passed by the Board of Supervisors on January 21, 2020, (Resolution No. 20-18) and is currently in effect, reciting that "an estimated 3,000,000 gallons of water is being expended daily by illicit cannabis producers, depleting precious groundwater and surface water resources and these losses jeopardize the lawful agricultural, recreational, private and environmental use of water for thousands of residents".

H. On August 11, 2020, the Sheriff clarified to the Board that more recent estimates of the water being expended daily on illicit cannabis production in Siskiyou County is much higher and is somewhere around 9.6 million gallons.

I. The use of County highways by these large number of Water Trucks, which most often fill up in neighborhoods where such activity is illegal, has created dangerous driving conditions, health hazards from dust and diesel exhaust, noise pollution, traffic congestion, and generally conditions that detract from the quality of life and welfare of those who reside alongside and near these highways.

J. The illegal cannabis industry that these Water Trucks enable has been devastating to the local community, with the introduction of widespread environmental hazards, the construction of thousands of unpermitted structures within which workers illegally reside, raw human waste being discharged directly onto or into the soil, potentially contaminating ground water, and the widespread escalation of criminal activity.

K. The use of groundwater to supply activities and land uses off-parcel that are conducted in violation of applicable ordinances is wasteful and unreasonable, and threatens both immediate and permanent harm to the reasonable, beneficial, and lawful uses of groundwater from every affected aquifer.

L. The dangerous and unhealthy conditions created by the explosive spread of illegal cannabis cultivation creates the risk of additional crime victims, illness, and death each day it is allowed to continue and proliferate, and the ability of the County to fight these forces deteriorates every day they are allowed to expand further, particularly as prime illegal cannabis growing season is upon us.

M. Pursuant to Article XI, section 7, of the California Constitution, the County of Siskiyou ("County") may adopt and enforce ordinances and regulations not in conflict with general laws to protect and promote the public health, safety, and welfare of its citizens.

N. Pursuant to Vehicle Code Section 21101(c), a county may regulate the types of vehicles it allows upon highways within its jurisdiction.

O. Pursuant to Government Code section 25123, the County may enact an ordinance for

2

the immediate preservation of the public peace, health, or safety, which contains a declaration setting forth the facts constituting the urgency and which shall be effective immediately.

P.  Pursuant to Government Code section 25131, an urgency ordinance may be passed immediately upon introduction.

SECTION 2. <u>Declaration of Urgency</u>.

A.  Based on the findings set forth above, the Board finds and declares that there is a current and immediate threat to the public health, safety and welfare arising from the absence of regulations in the County Code regulating the use of County highways by Water Trucks, as defined herein.

B.  Based on the findings above, the Board of Supervisors determines that this ordinance is urgently needed for the immediate preservation of the public peace, health, safety, and welfare pursuant to the Government Code section 25121 and 25131.

SECTION 3.  Chapter 4 of Title 3 is hereby amended to add Article 15 and to read as follows:

**Article 15 – Restrictions on Water Trucks using certain specified County highways.**

**3-4.1501- Water Trucks prohibited on specified county roads.**

(a) As used in this Article, "Water Truck" means a vehicle designed or being used to carry water of not less than 100 gallons or any vehicle designed or carrying or towing tanks or bladders of 100 gallons of water or more or a "Water Tender Vehicle," as defined in California Vehicle Code section 676.5.

(b) Pursuant to the authority provided Siskiyou County under California Vehicle Code Section 21101(c), Water Trucks are prohibited from traveling over such streets (as defined in California Vehicle Code Section 590) and highways (as defined in California Vehicle Code Section 360) that the Board of Supervisors may specify by resolution.

**3-4.1502- Signs.**
The prohibitions set forth in this article shall not be enforceable unless signs have been placed alongside the street or highway so as to warn drivers of the prohibitions.

**3-4.1503 Penalties**

In addition to any other available penalty, including Section 1-2.01, any person or company, including a corporation or limited liability company (LLC), violating any section of this article shall be guilty of an infraction or misdemeanor and shall be fined $100 or in an amount that the Board of Supervisors may specify by resolution, subject to the then-existing limitations of Vehicle Code 21104. To the maximum extent allowed under state law, any peace officer (as defined by California Penal Code Section 830 et seq.) in good standing that has completed Police Officer Standards and Training (POST) may enforce this chapter.

**3-4.1504- Special permits.**

The Director of Public Works of the County is hereby authorized, at his or her discretion, upon application in writing, and if good cause exists, to issue a special permit in writing authorizing the applicant to operate a Water Tender Vehicle that would otherwise be in violation Section 3-4.1501. Any permit issued under Siskiyou County Code Article 3.5 of Chapter 13 of Title 3 satisfies this requirement.

**3-4.1505 - Inapplicability.**

The prohibition contained in this chapter do not apply to emergency vehicles. To the extent that any provision of this article conflicts with state or federal law, either on its face or as applied, it shall be inapplicable to the extent of such conflict. The Board hereby affirms that it intends that all remaining provisions not in conflict remain in effect.

**SECTION 4**. Authority/Effective Date:

This is an urgency ordinance within the meaning of Section 25131 of the Government Code and an ordinance for the immediate preservation of the public peace, health and safety within the meaning of Section 25123(d) of the Government Code, which shall be passed immediately upon introduction, and shall take effect immediately upon a four-fifths vote.

**SECTION 5**. Publication.

This ordinance, within 15 days of adoption, shall be published once in a newspaper of general circulation, printed and published in the County of Siskiyou as required by law.

**SECTION 6**. Severability.

If any section, subsection, sentence, clause, phrase, or portion of this ordinance or the application thereof to any person or circumstance is held to be invalid or unenforceable by a court of competent jurisdiction, such invalidity shall not affect the remaining portions or other applications of the ordinance, and the provisions of this ordinance are declared

4

to be severable.

**SECTION 7.** <u>CEQA</u>.

The Board hereby finds that this Ordinance is exempt from the California Environmental Quality Act ("CEQA") pursuant to Section 15061(b)(3) because it can be seen with certainty that there is no possibility of a significant effect on the environment from the adoption of these regulations allowing for the restriction of Water Tender Vehicles. Where it can be seen with certainty that there is no possibility that the activity in question may have a significant effect on the environment, the activity is not subject to CEQA. In addition, the Board of Supervisors further finds that the ordinance is categorically exempt from review under CEQA under the Class 8 Categorical Exemption, 14 CCR § 15308, (regulatory activity to assure protection of the environment) and Class 7 Categorical Exemption, 14 CCR § 15307, (regulations and restrictions on activities to assure the maintenance, restoration, or enhancement of a natural resources).

        PASSED AND ADOPTED this 4th day of May, 2021, at a regular meeting of the Board of Supervisors by the following vote:

AYES:     Supervisors Criss, Kobseff, Valenzuela, Ogren and Haupt
NOES:     None
ABSENT: None
ABSTAIN: None

                                  _____
                                  Ray A. Haupt Chairman,
                                  Board of Supervisors

ATTEST:
LAURA BYNUM, CLERK,
Board of Supervisors

By _____
        Deputy

RECEIVED
MAY 0 6 2021
OFFICE
COUNTY COUNSEL

EXHIBIT D

1  SPINELLI, DONALD & NOTT
   A Professional Corporation
2  Domenic D. Spinelli, SBN: 131192
   601 University Ave., Suite 225
3  Sacramento, CA  95825
   Telephone:  (916) 448-7888
4  Facsimile:  (916) 448-6888

5  Attorneys for Defendants County of
   Siskiyou; Jeremiah LaRue and Jesus
6  Fernandez, in their official capacities
   as members of the Siskiyou County
7  Sheriff's Department and in their individual
   capacities; Brandon Criss, Ed Valenzuela,
8  Michael N. Kobseff, Nancy Ogren, and
   Ray A. Haupt, in their official capacities
9  as members of the Siskiyou County Board
   of Supervisors and in their individual
10 capacities; Edward Kiernan, in his official
   capacity as County Counsel for Siskiyou
11 County and in his individual capacity;
   and DOES 1-100

12

13                    UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

15                        SACRAMENTO DIVISION

16 Dilevon Lo, Jerry Vang, Nathan Thao, Mao     Case No.:  2:21-cv-00999-KJM-DMC
   Thao, Pao Lee, and Antonio Lee,
17                                              **DECLARATION OF RICK DEAN, ISO
                                                DEFENDANTS' OPPOSITION TO
18                Plaintiffs,                    PLAINTIFFS' APPLICATION FOR A
                                                TEMPORARY RESTRAINING ORDER
19       vs.                                     AND PRELIMINARY INJUNCTION**

20 County of Siskiyou; Jeremiah LaRue and       Complaint Filed: June 4, 2021
   Jesus Fernandez, in their official capacities as
21 members of the Siskiyou County Sheriff's
   Department and in their individual capacities;
22 and Brandon Criss, Ed Valenzuela, Michael     **[FEES EXEMPT PURSUANT TO
   N. Kobseff, Nancy Ogren, and Ray A. Haupt,   GOVERNMENT CODE SECTION 6103]**
23 in their official capacities as members of the
   Siskiyou County Board of Supervisors and in
24 their individual capacities; Edward Kiernan,
   in his official capacity as County Counsel for
25 Siskiyou County and in his individual
   capacity; and DOES 1-100,
26

27                Defendants.

28

I, Rick Dean, do hereby declare:

1.    I am currently employed by the County of Siskiyou as a Community Development Director. Prior to that I was employed by the County of Siskiyou as the Deputy Director of Environmental Health. In my capacity in both positions I am intimately familiar with the facts and ordinances involved in this litigation.

2.    The subdivision identified by Plaintiffs in their moving papers as the Shasta Vista Development is comprised of 1,628 parcels. Only 5.22% (85 parcels) have been developed with a single family dwelling. Of those 85 family dwellings, 45 are mobile homes. The remainder includes 151 parcels for roads/miscellaneous; 1,478 that are undeveloped; 65 with some form of site development; and 2 with residences that are not yet finaled.

3.    Every single family house in the county is required to have a permanent potable water source that meets the State drinking water standards.

4.    Any truck hauling potable water is regulated by the Federal Food and Drug Administration and is required to be inspected, sanitized and clearly marked as potable water.

5.    The water trucks utilized for water delivery to illegal commercial cannabis grow sites within the County, including the Mount Shasta Vista Subdivision, are non-potable water haulers.  The primary water source is pumped and delivered from agricultural wells.

6.    It is illegal to camp on any lot that does not have a legally established residence without first obtaining an administrative permit from the County. The number of administrative camping permits that have been issued this year for lots in the Shasta Vista Subdivision is zero.

7. The concentration of illegal cannabis cultivation with widespread discharge of human waste, trash and refuse into and onto the ground from illegal, unpermitted dwellings and other widespread environmental violations is most prevelant in the areas affected by the Water Truck ordinance and its implementing resolution specify roads to which it currently applies. Because of the concentration of illegal cannabis cultivation in these areas, they are a top County priority and the reason we are currently focused on them.

8. Per Siskiyou County Code, to the extent plaintiffs (or anybody in the community) seeks water for

SPINELLI, DONALD & NOTT

2

1   a legal purpose, the delivery of such water may be made pursuant to a water truck permit issued by the

2   Public Works or an off-parcel water permit issued by Community Development.

3       9. Persons who obtain administrative camping permits may camp for no more than 30 days

4   in any calendar year.

5       I declare under penalty of perjury in the State of California that the foregoing matters are

6   true and correct.

7       Executed on this 10th day of June, 2021 in Yreka, California.

8

9                                         Rick Dean

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPINELLI, DONALD &
NOTT

DECLARATION OF RICK DEAN ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION

EXHIBIT E

1   **SPINELLI, DONALD & NOTT**
    A Professional Corporation
2   DOMENIC D. SPINELLI (SBN: 131192)
    J. SCOTT DONALD (SBN: 158338)
3   601 University Avenue, Suite 225
    Sacramento, CA 95825
4   Telephone: (916) 448-7888
    Facsimile:   (916) 448-6888
5
    Attorneys for Defendants County of
6   Siskiyou; Jeremiah LaRue and Jesus
    Fernandez, in their official capacities
7   as members of the Siskiyou County
    Sheriff's Department and in their individual
8   capacities; Brandon Criss, Ed Valenzuela,
    Michael N. Kobseff, Nancy Ogren, and
9   Ray A. Haupt, in their official capacities
    as members of the Siskiyou County Board
10  of Supervisors and in their individual
    capacities; Edward Kiernan, in his official
11  capacity as County Counsel for Siskiyou
    County and in his individual capacity;
12  and DOES 1-100

13                 UNITED STATES DISTRICT COURT

14            FOR THE EASTERN DISTRICT OF CALIFORNIA

15                      SACRAMENTO DIVISION

16  | Dilevon Lo, Jerry Vang, Nathan Thao, Mao | Case No. 2:21-cv-00999-KJM-DMC |
    | Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia | |
17  | Thai Vang, Zeng Lee, Der Lee and Khue Cha, | **AFFIDAVIT OF RICK DEAN IN** |
    | | **SUPPORT OF DEFENDANTS' MOTION** |
18  | | **FOR DISSOLUTION OF THE COURT'S** |
    | | **ORDER GRANTING A PARTIAL** |
19  | Plaintiffs, | **PRELIMINARY INJUNCTION** |
20  | vs. | |
21  | County of Siskiyou; Jeremiah LaRue and | Complaint Filed: June 4, 2021 |
    | Jesus Fernandez, in their official capacities as | First Amended Complaint Filed: July 15, 2021 |
22  | members of the Siskiyou County Sheriff's | |
    | Department and in their individual capacities; | **Date:   March 25, 2022** |
23  | and Brandon Criss, Ed Valenzuela, Michael N. | **Time:   10:00 AM** |
    | Kobseff, Nancy Ogren, and Ray A. Haupt, in | **Courtroom: 3, 15th Floor** |
24  | their official capacities as members of the | |
    | Siskiyou County Board of Supervisors and in | Judge: Hon. Kimberly J. Mueller |
25  | their individual capacities; Edward Kiernan, in | |
    | his official capacity as County Counsel for | |
26  | Siskiyou County and in his individual | **[FEES EXEMPT PURSUANT TO** |
    | capacity; and DOES 1-100, | **GOVERNMENT CODE SECTION 6103]** |
27  | Defendants. | |

28

SPINELLI, DONALD
& NOTT

1
AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

1        I, Rick Dean, do hereby declare:

2        1.      I previously provided a declaration dated June 10, 2021 in Opposition to Plaintiffs'

3    Application for a Temporary Restraining Order and Preliminary Injunction.

4        2.      Both of the permits at issue, the Application for Groundwater Extraction for Use

5    Off-Site and the Special Use Form-Water Tender Permit were required under urgency ordinances.

6    In such circumstances, permits are frequently subject to revision. Due to changes to the ordinances

7    giving rise to those permits, there have been further revisions to both permits.

8        3.      It is a typical process for the County when creating permits in furtherance of newly

9    adopted County ordinances that the permitting process and the permits themselves require some

10   revision. Following the enactment of Ordinances 21-07 and 21-08, permits and a permitting process

11   were developed to be utilized by County employees. The permits were already being modified at

12   the time Plaintiffs' in this case initiated litigation. Some revisions to the permits predated the

13   Court's Order. Consistent with resolutions passed by the Board of Supervisors further modifying

14   the underlying ordinances, the permits have been further revised.

15       4.      The current Application for Groundwater Extraction for Use Off-Site is attached

16   hereto as **Exhibit A**. This application has been reduced from a four-page form to 1½ pages.

17       5.      Due to the fact that many of the properties in Mount Shasta Vista and other rural

18   areas in the county do not have street addresses, when filling out a permit application for

19   groundwater extraction, an applicant has the option of identifying the properties for extraction and

20   delivery by APN or address. While applicants were never required to provide both an APN and an

21   address, the application form has been clarified in order to make it clear that only one of the options

22   is required. Furthermore, and contrary to the Szendrey affidavit, a person receiving water is not

23   required to be the owner of the property, but only that the applicant's occupation of the property

24   and use of the water is legal. Furthermore, the applicant is not required to identify the zoning

25   designation of the properties for extraction and delivery.

26       6.      Due to the fact that under the applicable County ordinances groundwater may not be

27   used for illegal marijuana cultivation, an applicant must certify that the water will not be used for

28   that illegal purpose. However, an applicant may declare the use as agricultural, residential or some

SPINELLI, DONALD
& NOTT

2

AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

1  other legal purpose. Furthermore, applicants are no longer required to estimate the number of

2  deliveries or volume of water to be delivered. Additionally, potable water has been exempted from

3  the permitting process.

4        7.     Neither the groundwater extraction permit nor the water tender permit require

5  detailed routes of travel by the water trucks as the ordinances are now to be applied county wide.

6        8.     If an applicant obtains an off-parcel permit, a corresponding trucking permit(s) is

7  required as the former satisfies the requirements for the latter. The current application for a Special

8  Use Form – Water Tender Permit is attached hereto as **Exhibit B**.

9        9.     The classification of a given water basin is determined by the California Department

10  of Water Resources (CDWR) and not the County. Similarly, it is the CDWR and not the County

11  that has created the water well standards. Local jurisdictions such as the County in this case, issues

12  permits for the drilling of wells consistent with the state requirements and also applicable zoning

13  restrictions as determined by the County Planning Division.

14       10.    In addition to its own ordinances, the County is required to follow State guidelines

15  concerning water conservation. Many of those guidelines come from the California Department of

16  Water Resources (CDWR). According to the latest information provided by the CDWR, California

17  remains in a condition of extreme drought. Under normal circumstances groundwater is an

18  important source of water to the State's inhabitants. During an average year, California's 515

19  alluvial groundwater basins and sub-basins contribute approximately 38% toward the State's total

20  water supply. During dry years, groundwater contributes up to 46% (or more) of the statewide

21  annual supply, and serves as a critical buffer against the impacts of drought and climate change.

22  According to the CDWR, municipal, agricultural, and disadvantaged communities rely on

23  groundwater for up to 100% of their water supply needs. However, as the CDWR cautions, when

24  groundwater is extracted in excess of what nature or man-made recharge efforts can replenish,

25  groundwater elevations drop.

26       11.    In Siskiyou County there are four basins that fall under the requirements of the

27  Sustainable Groundwater Management Act (SGMA) which have been determined by the CDWR to

28  be medium-priority basins. These include the Shasta Valley groundwater basin, the Scott Valley

3

AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

1    groundwater basin, the Butte Valley groundwater basin and the Tulelake groundwater basin. Under

2    the SGMA, the CDWR requires each of the designated basins to have its own Groundwater

3    Sustainability Agency (GSA). In turn, each GSA is charged with creating a Groundwater

4    Sustainability Plan (GSP) in order to assess the current and projected future conditions of the basins

5    and establish management and monitoring activities as well as long-term goals.

6          12.     The GSAs for the four medium-priority basins in Siskiyou County all have GSPs in

7    process. As part of their sustainability plans, the GSPs including the GSA for the Shasta Valley

8    groundwater basin, include projects and Management Actions either already in place or being

9    developed which are designed to ensure conservation and sustainability goals.

10         13.     With respect to the Shasta Valley GSP that is in process, the GSA for that basin

11   specifically references restrictions for using groundwater for cannabis cultivation per Article 7,

12   Chapter 13 of Title 3 of the County of Siskiyou Code of Ordinances. Which, according to the

13   Shasta Valley GSA, "benefits sustainability indicators including declining groundwater levels,

14   groundwater storage and depletion of inter-connected surface waters." Also included as part of the

15   GSP in progress is the permit requirement for extraction of groundwater underlying the basin for

16   use outside the basin.

17         14.     The Griset property and its well are located on the Shasta Valley groundwater basin.

18   Griset's testimony in his affidavit dated June 11, 2021 (*ECF No. 9-11*) was timely objected to for

19   among other reasons that it lacks foundation as there is no indication Mr. Griset has any idea

20   regarding limitations on well drilling in MSV. Furthermore, his assertion is false.

21         15.     No Plaintiff in this lawsuit has been denied a drilling permit and at least one of the

22   Plaintiffs has a working well on their property. There is no moratorium nor has there been during

23   the times relevant to this litigation to wells being drilled in Mount Shasta Vista.

24         16.     In 2020, Siskiyou County was classified as being in a state of drought, with some

25   areas of the County being classified as being in "extreme drought". By early 2021, 62.65% of

26   Siskiyou County alone was classified by the U.S. Drought Monitor published by the National

27   Integrated Drought Information System as being in extreme drought.

28         17.     On March 5, 2021, the United States Department of Agriculture notified Governor

4
AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

1   Newsom that it had designated Siskiyou County, among other California counties, as a primary

2   natural disaster area due to the 2020 drought.

3          18.    On March 22, 2021, the California Water Resources Control Board ("SWRCB")

4   issued a warning letter to prepare for statewide impacts of drought, explaining that "[a]fter two

5   years of low precipitation, the U.S. Drought Monitor now reports that 95 percent of California is

6   experiencing Moderate to Exceptional Drought" and that "[r]eservoir and groundwater levels are

7   significantly below average".  The SWRCB letter advised that "[c]ontinued dry conditions can

8   threaten water supplies, impair critical habitat, reduce recreational opportunities, and create

9   uncertainty for all water users."

10          19.    On April 6, 2021, the Siskiyou County Board of Supervisors declared the existence

11   of a local emergency throughout Siskiyou County due to drought.

12          20.    On May 10, 2021, Governor Newsom expanded his April 2021 state of emergency

13   proclamation due to drought to include, among others, the Klamath River Watershed and Siskiyou

14   County (the "Expanded Emergency Proclamation").  The Expanded Emergency Proclamation

15   directed the SWRCB to consider emergency regulations to curtail water diversions when water is

16   not available at a water right holders' priority of right or to protect stored water releases.  The

17   Proclamation also directed the SWRCB and Department of Fish and Wildlife to evaluate minimum

18   instream flows and other actions needed to protect salmon and steelhead in critical streams systems,

19   and to consider emergency regulations to establish minimum instream flows where voluntary

20   actions were not sufficient.

21          21.    During the summer of 2021, the SWRCB implemented the Governor's directives,

22   and on August 30, 2021, emergency regulations regarding minimum flows and water right

23   curtailments for the Shasta River and Scott River watersheds went into effect.

24          22.    In September 2021, the Water Board mailed curtailment orders to water rights

25   holders and landowners in the Scott River and Shasta River watersheds. The following language

26   was included in the Orders: "Selling groundwater to be hauled and used at a different location is an

27   appropriative use and must cease immediately (subject to exceptions described below), if the use

28   started after November 1912." Attached hereto as **Exhibit C** is a true and correct copy of a Water

SPINELLI, DONALD
& NOTT

5

AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

1  Curtailment Order from the SWRCB that was issued to Griset. The curtailment orders required
2  recipients to cease surface water and groundwater diversions with limited exceptions for minimum
3  human health and safety needs, minimum livestock watering needs, and instream uses. Those who
4  received curtailment orders were also required to complete online forms to certify they have ceased
5  diversion or are making use of one of the limited exceptions to continue diversions.

6      23.    As of November 18, 2021, the U.S. Drought Monitor published by the National
7  Integrated Drought Information System classified 100% of Siskiyou County as experiencing
8  moderate drought, 94.73% of Siskiyou County as experiencing severe drought, and 71.98% of
9  Siskiyou County as experiencing extreme drought. It further indicated the driest year in 127 years
10  occurred in 2021.

11      24.    State law prohibits counties from issuing building permits for new construction of
12  residential development where hauled water is the intended water supply as codified under Water
13  Code section 106.4(b). In turn, Article II of the County Code defines a water supply as "a sustained
14  source of potable water shall be available to each parcel by an onsite drilled well, connection to a
15  public water system, or other source approved by the health department." The transportation of
16  groundwater from off-site wells is not consistent with either the state law's requirement or the
17  County's definition of a sustained source of potable water.

18      I declare under penalty of perjury in the State of California that the foregoing is true and
19  correct. Executed this 18th day of February, 2022 at Yreka, California.

20
21
22                     // *Rick Dean*
                   Rick Dean
23
24
25
26
27
28

6

SPINELLI, DONALD
& NOTT

AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

EXHIBIT A



# COUNTY OF SISKIYOU

**COMMUNITY DEVELOPMENT DEPARTMENT**
**Building ✦ Environmental Health ✦ Planning**
806 South Main Street· Yreka, California 96097
Phone: (530) 841-2100 · Fax: (530) 841-4076
https://www.co.siskiyou.ca.us/community-development

RICHARD J. DEAN
DIRECTOR

AARON STUTZ, MD
PUBLIC HEALTH OFFICER

### Application for Groundwater Extraction for Use Off-Site

Property Owner, extracting groundwater (print):_____

Property Address or APN:_____ City:_____

Phone Number:_____ Email Address:_____

Water Delivery Truck Description (color/make):_____ License Plate No.:_____

Delivered Water Use (check): Agriculture ☐ Residential ☐ Other (provide description): _____
**Provide the location (address or APN) of all properties receiving groundwater on Page 2.**

Property Owner, extracting groundwater (print):_____

I hereby certify that I: (i) am the owner of record of the property(ies) on this application; (ii) have been authorized to sign and submit

this application on behalf of owner of record, as evidenced by the documents attached hereto; or (iii) have been authorized to sign

and submit this application on behalf of the partnership, corporation, LLC or trust which is the owner of record, as evidenced by the

documents attached hereto. If the property is owned by more than one individual, I certify that all parties have agreed to the

submission of this application. I certify (or declare) under penalty of perjury under the laws of the State of California that the

purpose for which this permit is sought is incidental to a lawful activity and is not to allow for or aid in the cultivation of cannabis in

violation of the Siskiyou County Code.

Property Owner (extracting groundwater) Signature:_____

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
### For Department Use Only

**Well Permit on record (property extracting groundwater):  _____Yes  _____No;  Permit No.:_____**

**Any properties listed include a Notice to Appear, Civil Action, Notice to Comply, Administrative Citation, and/or a Notice and Order to Abate:_____Yes  _____No**

**Approval of Groundwater Extraction for Use Off-Site Permit:_____Yes  _____No;  Date: _____**

**Calendar Year Permit is Valid: _____**

---

**BUILDING**
Glenn Schockency, Deputy Director

**ENVIRONMENTAL HEALTH**
Dan Wessell, Deputy Director

**PLANNING**
Vacant, Deputy Director

Page 2 of 2

| Properties Receiving Groundwater | | | |
|---|---|---|---|
| **Property Address** | **APN** | **Property Address** | **APN** |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

The Groundwater Extraction for Use Off-Site Permit does not apply to and is not required for the extraction of water for the purposes of supplying irrigation districts, emergency services, well replenishment for permitted wells, a "public water system," a "community water system," a "noncommunity water system," or "small community water system" as defined by the Health and Safety Code, serving residents of the County of Siskiyou.

Pursuant to Siskiyou County Code Section 3-4.1504, issuance of this Groundwater Extraction for Use Off-Site Permit authorizes "Water Trucks", as defined by County Code Section 3-4.1501, to transport water on County roads.

EXHIBIT B



## COUNTY OF SISKIYOU - DEPARTMENT OF PUBLIC WORKS
## SPECIAL USE FORM - WATER TENDER PERMIT

Applicant Name(s): _____

Name of Business (if applicable): _____

Address:_____

City: _____ State: _____ Zip Code: _____

Phone #: _____

Reason for Permit: _____

Is this water to be used to cultivate Cannabis: Yes ☐     No ☐

Vehicle(s) Plate #: _____

Driver's Name and License No.: _____

Tank Size/Amount of water for delivery: _____

Destination of water (Address or APN): _____

Additional Information, if needed:

I affirm under penalty of perjury under the laws of the state of California the aforementioned information is correct.

Signature of Applicant: _____

County Representative: _____ Date: _____

☐     Permit Approved   Permit #: _____ Date Issued: _____

☐     Permit Denied     Reason(s) for Denial:

EXHIBIT C





GAVIN NEWSOM
GOVERNOR

JARED BLUMENFELD
SECRETARY FOR
ENVIRONMENTAL PROTECTION

# State Water Resources Control Board

September 10, 2021

STEPHEN DAVID GRISET

11401 County Highway A12
Montague, CA 96064

**ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING REQUIREMENTS IN THE SHASTA RIVER WATERSHED (ORDER WR 2021-0082-DWR)**

This letter and the enclosed Order contain important information regarding the curtailment of the water right(s) listed in Attachment A (at the end of the Order), that are owned by STEPHEN DAVID GRISET or their successor in interest. Depending on the water right(s) you hold, Attachment A may include permits and licenses issued after the date of the Shasta Adjudication,[1] water right(s) specified in the Shasta Adjudication, and/or groundwater rights associated with a specific groundwater well or assessor's parcel number (APN). This letter also describes a certification that is required to be submitted by **September 20, 2021**. The Login(s)/Water Right Identification Number(s) and Password(s)/Reporting Identifier(s) in Attachment A[2] will be needed to complete the required forms.

Due to the drought and extremely dry conditions, water supply in many parts of California, including the Shasta River watershed, is insufficient to meet a significant portion of water demands, and many people throughout the region have taken steps to

---

[1] Judgement and Decree entered on December 29, 1932 in Siskiyou County Superior Court Case No. 7035, In the Matter of the Determination of the Relative Rights, Based Upon Prior Appropriation, of the Various Claimants to the Waters of Shasta River and its Tributaries in Siskiyou County, California.

[2] If you already report to the State Water Board yourself, Attachment A contains the identification number(s) you normally use to enter information into the State Water Board's electronic Water Rights Information Management System (eWRIMS). If the Scott River and Shasta River Watermaster District normally reports to the State Water Board on your behalf, or if you are a groundwater diverter, Attachment A has a newly assigned identification number that starts with the letters "SG."

---

E. JOAQUIN ESQUIVEL, CHAIR | EILEEN SOBECK, EXECUTIVE DIRECTOR

1001 I Street, Sacramento, CA 95814 | Mailing Address: P.O. Box 100, Sacramento, CA 95812-0100 | www.waterboards.ca.gov

STEPHEN DAVID QUESLE    Case 2:21-cv-00999-KJM-AC    Document 57-3    Filed 02/18/22    September 10, 2021

reduce water use.  The enclosed Order curtails certain surface water and groundwater diversions, describes exceptions to curtailments (including for firefighting needs), and imposes reporting requirements.  This Order is issued under an emergency regulation adopted by the State Water Resources Control Board (State Water Board or Board) that became effective on August 30, 2021.  The enclosed Order describes the steps that you, or your agent of record, must follow to curtail water diversions and to comply with reporting requirements.  You or your agent of record are responsible for immediately notifying all parties that divert water under the water right(s) identified in Attachment A of the enclosed Order and its requirements.

You may already be curtailing water use and/or be unable to divert water due to dry conditions. **Even if you are currently not diverting water, you must respond to this Order.**

This Order does not address water diversions under adjudicated rights for the Willow, Jullian, and Yreka tributaries to the Shasta River.  Water is likely not currently available for diversion in these tributaries now and diversions are likely not occurring.  These water rights are not under the Scott Valley and Shasta Valley Watermaster District's service and the State Water Board's records for these rights are incomplete. The State Water Board intends to issue a separate information and curtailment order for these tributaries shortly.

In addition to the curtailment orders in the Shasta River watershed, the State Water Board is also issuing orders to surface water rights, adjudicated groundwater diversions, and for unreported water rights in the Scott River watershed.  You may have to report additional information if you have multiple water rights or groundwater wells in the Scott River watershed.

It is highly recommended all water users in the watershed sign up to receive notifications on the State Water Board's "Scott-Shasta Drought" email distribution list. You may also visit the State Water Board's **Scott River and Shasta River Watersheds Drought Response webpage**[3] frequently for updates. All future updates on curtailments will be provided through electronic communications.

**Emergency Regulation**
On August 17, 2021, the State Water Board adopted an emergency regulation establishing drought emergency minimum flows in the Scott River and Shasta River watersheds. (Cal. Code Regs., tit. 23, §§ 875-875.9.)  The regulation was reviewed and approved by the Office of Administrative Law and went into effect upon filing with the Secretary of State August 30, 2021.  The regulation will remain in effect for one year, but could be repealed earlier if water supply conditions improve.  The State Water

---

[3] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/

STEPHEN DAVID GRISET                                                    September 10, 2021

Board may readopt the regulation if drought conditions continue into next year.  The
**regulation** is available online.[4]

<u>Curtailment of Water Rights in Shasta River Watershed</u>
The State Water Board is requiring certain water right holders in the Shasta River
watershed to stop diverting under their water rights until water supply conditions
improve in the watershed and there is no longer a risk to minimum flow requirements, to
water supplies for minimum human health and safety needs (including firefighting), to
minimum livestock needs, or for injury to senior diverters.

The regulation follows the water right priorities in the Shasta River adjudication, and
adds in rights that are not addressed under those adjudications (e.g., post-adjudication
rights, some groundwater rights).  The regulation does not change the adjudications, or
affect the authority of the Scott Valley and Shasta Valley Watermaster District to
implement the adjudications, or of the Siskiyou County Superior Court to administer or
otherwise retain and exercise jurisdiction over the adjudications. Section 875.5 of the
regulation describes the order of priority for curtailments.

Hard copy notices will not be sent out when curtailments are suspended, reinstated, or
rescinded.  As flows improve or worsen over the year, changes to curtailment orders will
be posted on the State Water Board website (see footnote 3 of this letter) and sent out
to individuals that have signed up for the **"Scott-Shasta Drought" Email Subscription
List under "Water Rights".**[5]  **Signing up for this email list is the best way to stay
informed about implementation of the regulation, including changes to
curtailments.**

<u>Groundwater Wells</u>
Because the surface water and groundwater are interconnected in the Shasta River
watershed, the regulation includes water rights for diversions of surface water as well as
appropriative and overlying groundwater diversions, in the order of priority.  Section
875.5 specifies the order in which curtailments shall be issued, taking into account
water right priority in groupings from lowest to highest water right priority.

For groundwater diversions, case law recognizes overlying and appropriative rights to
groundwater, analogous to riparian and appropriative rights to surface water.  An
overlying groundwater right is generally senior and attaches to land overlying a
groundwater basin.  An appropriative groundwater right is the type of water right you
have if you divert water but:  (1) do not own (or rent or lease) land overlying the basin
that you use the water on; (2) own overlying land but use the water on non-overlying

---

[4] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/docs/klamath_reg_
searchable.pdf
[5] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html

Case 2:22-cv-01378-KJM-AC   Document 52-2   Filed 03/05/24   Page 44 of 52
Case 2:21-cv-00999-KJM-AC   Document 57-3   Filed 02/18/22   Page 16 of 24
STEPHEN DAVID ORSLEY                                                September 10, 2021

land; or (3) sell or distribute[6] the water to someone else.  Groundwater appropriators
have a priority date from when the groundwater well was constructed, and water first
used for non-overlying use.

In the Shasta River watershed, appropriative groundwater pumpers are likely more
junior to many surface water diversions, including those described in the adjudication.
This curtailment order does not extend to overlying groundwater users in the Shasta
River watershed.  Groundwater diversion curtailment extends only to appropriative
groundwater diversions established after November 1912.[7]  **Selling groundwater to be
hauled and used at a different location is an appropriative use and must cease
immediately (subject to exceptions described below), if the use started after
November 1912.**

**Exceptions to Curtailment _(allowances to continue limited diversions)_**
The regulation has exceptions for certain types of diversions that may continue even
after you receive a curtailment order, if the appropriate form(s) is submitted to the State
Water Board (see more on this below).  These are:

- _Non-consumptive Diversions_.  This exception applies if your diversion is not
  consumptive, meaning that it does not use up water or change the time the water
  is available to others (i.e., diversions do not decrease stream flows).
- _Minimum Human Health and Safety Diversions_.  This exception applies if your
  diversion is your only water source for human health and safety purposes, like
  drinking, cooking, washing, or meeting the state's critical infrastructure needs.
  **Please note that diversions for firefighting may continue under this
  exception.**
- _Minimum Livestock Watering Diversions_.  This exception applies if your diversion
  is your only source for minimum livestock watering needs.

**If you want to use one of these exceptions to continue diverting, you must submit
additional information to the State Water Board using the applicable forms
available at:  https://public.waterboards.ca.gov/WRInfo.**

**Required Response – Curtailment Certification Form**
Within 10 calendar days of issuance of this curtailment order, all water right holders or
their agents receiving this Order are required to submit, under penalty of perjury, a
Scott-Shasta Water Right Curtailment Certification Form.  In light of the active fire
season, please note that this timeframe is extended until ten (10) days after lifting of any
evacuation order affecting the place of use of water for the rights in Attachment A or

---

[6] Sharing a well with your neighbors does not necessarily count as "distributing."  If you
have questions about whether your use is "distributing" please call the State Water
Board's Scott River and Shasta River Drought phone message line at: (916) 327-3113
or e-mail us at **ScottShastaDrought@waterboards.ca.gov**.
[7] The priority date for groundwater appropriations is the date of well construction and
when appropriate use was initiated. Therefore, appropriative groundwater use
established prior to November 1912 is not subject to this curtailment.

Case 2:22-cv-01378-KJM-AC    Document 52-2    Filed 03/05/24    Page 45 of 52
Case 2:21-cv-00999-KJM-AC    Document 57-3    Filed 02/18/22    Page 47 of 84
STEPHEN DAVID CRAIG                                                    September 10, 2021

affecting your access to necessary information or the ability to log on for reporting. The Deputy Director may further extend the deadline for good cause, and the State Water Board recognizes that protection of life and property in these active fire areas may prevent a response within the timelines described in the State Water Board's curtailment orders. If you need further extension of the timeframe for curtailment response in light of wildfires, please contact us at the information below once it is safe for you to do so.

The Scott-Shasta Online Curtailment Certification Form confirms cessation of diversion under your water right and whether you are pursuing an exception to continue limited diversions under the curtailment order. Timely and accurate completion of the form can help you avoid unnecessary enforcement proceedings. Your Login(s)/Water Rights ID and Password(s)/Water Right Identifier(s) are provided in Attachment A of the Order. You can access and complete the form at: **https://public.waterboards.ca.gov/WRInfo**.

Staff are available to answer questions or otherwise assist with completing the form by email to: **ScottShastaDrought@waterboards.ca.gov** and via our phone message line at: (916) 327-3113.

## Local Cooperative Solutions
Water users may also petition to implement local cooperative solutions that would achieve the purposes of the curtailment order. Local cooperative solutions are described in section 875, subdivisions (f)(1) through (f)(4) of the emergency regulation. Proposed local cooperative solutions may be submitted to the Deputy Director at any time, but they may not be implemented instead of complying with a curtailment order unless it has been approved by the Deputy Director. Additional information regarding local cooperative solutions will be provided on the State Water Board website (see footnote 3 of this letter).

Local cooperative solutions should be submitted to the Deputy Director by email to: **ScottShastaDrought@waterboards.ca.gov.** The Deputy Director will review timely submitted proposals as soon as practicable and inform the affected water right holder or claimant of the determination or decision.

## Potential Enforcement
The enclosed Order includes enforceable requirements regarding a water right or claim of right that require your immediate attention. Diverting water in violation of the enclosed Order or the regulation risks administrative fines, a cease and desist order, or prosecution in court. The State Water Board has enforcement discretion and decisions related to enforcement and associated penalties are based on the specific circumstances of the violation. Fines may be up to $1,000 per day of violation. (Wat. Code, §§ 1052, 1055, 1846.)

Please note that the State Water Board's Division of Water Rights (Division) evaluates the location of each diverter relative to ongoing fires before proceeding with any enforcement or investigation, and carefully considers what type of follow-up is appropriate. The Division will exercise discretion when considering enforcement, and

generally will not pursue enforcement where violations are the result of emergency circumstances such as evacuation orders and loss of property due to wildfires.  If you are severely impacted by wildfire and receive an enforcement-related notice or order, please contact us when conditions are safe and you are able to do so.  Please also note that intentional misstatements, or intentionally claiming fire risk or impacts when none are present, is subject to legal actions and fines.

## Request for Reconsideration

You may submit a petition within 30 days to request that the State Water Board reconsider the enclosed Order.  The process and grounds for reconsideration are provided by California Code of Regulations, title 23, sections 768 through 771.  Any petition requesting reconsideration must be filed with the State Water Board no later than **October 11, 2021**.  To ensure timely consideration, any petition for reconsideration should be emailed to: **ScottShastaDrought@waterboards.ca.gov**.

## Questions, Resources, and How to Stay Informed

Please review resources on the **Scott River and Shasta River Watersheds Drought Response webpage** (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/) if you have questions.  You may also contact staff by email at: **ScottShastaDrought@waterboards.ca.gov** or leaving a message at our dedicated Scott River and Shasta River Drought phone line at:  (916) 327-3113.  Please be aware that calls and emails will be responded to as soon as possible in the order received. Staff will try to return calls within 24 hours, but responses may take a longer depending on call volume.

**We highly encourage you to sign up for the "Scott-Shasta Drought" Email Subscription List under "Water Rights".[8] This is the best way to stay informed about changes to the curtailments and other important information related to the regulation.**

Sincerely,

Erik Ekdahl, Deputy Director
State Water Resources Control Board

Enclosure:    Order Imposing Water Right Curtailment and Reporting Requirements in the Shasta River Watershed for Water Right(s) Listed in Attachment A, including Attachment A thereto

---

[8] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html

6

STATE OF CALIFORNIA
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY
STATE WATER RESOURCES CONTROL BOARD

**DIVISION OF WATER RIGHTS**

**ORDER WR 2021-0082-DWR**

---

**IN THE MATTER OF WATER RIGHT(S) LISTED IN ATTACHMENT A OF STEPHEN DAVID GRISET**

**ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING REQUIREMENTS IN THE SHASTA RIVER WATERSHED**

**ISSUED SEPTEMBER 10, 2021**

---

**FINDINGS:**

1. On August 17, 2021, the State Water Resources Control Board (State Water Board or Board) adopted an emergency regulation, titled Establishment of Minimum Instream Flow Requirements, Curtailment Authority, and Information Order Authority in the Klamath River Watershed (hereinafter "Regulation"). The Regulation provides curtailment authority throughout the Klamath River Watershed, and establishes minimum instream flow requirements and information order authority in the Scott River and Shasta River watersheds. State Water Board **Resolution No. 2021-0029** adopted the Regulation, and describes the need for the Regulation and its intent. State Water Board Resolution No. 2021-0029 is incorporated by reference into this Order. The Regulation went into effect on August 30, 2021, when it was approved by the Office of Administrative Law and filed with the Secretary of State. The Regulation establishes minimum instream flows, as measured in cubic feet per second (cfs) at United States Geological Survey gage no. 11517500 located near Yreka, as:

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sept | Oct | Nov | Dec |
|-----|-----|-----|-----|-----|-----|-----|-----|------|-----|-----|-----|
| 135 | 135 | 135 | 70  | 50  | 50  | 50  | 50  | 50   | 125 | 150 | 150 |

2. The Regulation includes California Code of Regulations, title 23,[1] sections 875, 875.1, 875.2, 875.3, 875.5, 875.6, and 875.9, which establish the circumstances under which the State Water Board may issue curtailments in the Shasta River watershed to maintain minimum flows for fish, as well as exceptions to curtailments and curtailment reporting requirements.

---

[1] All subsequent section references in this order are to California Code of Regulations, title 23 unless otherwise noted.

STEPHEN DAVID GRISET

Page 2 of 6

3. The average flow for five recent days in early September (September 2 through September 6) in the Shasta River at the United States Geological Survey (USGS) gage near Yreka (USGS gage number 11517500), was approximately 20 cubic feet per second (cfs), which is 30 cfs below the 50 cfs drought emergency minimum flow for September, as established under section 875, subdivision (c)(2)(A) of the emergency regulation.  For the last two weeks of August and the first week of September, measured flows have ranged between approximately 13 and 31 cfs, not reaching even half of the 50 cfs level.  As described on pages 27-29 of the **Finding of Emergency and Informative Digest** issued on August 12, 2021, and incorporated by reference into this Order, absent curtailments, flows in the Shasta River are not forecasted to meet and stay above the Regulation's drought emergency minimum fishery flows until mid-December.  Additional information regarding the anticipated effect of curtailment under dry conditions is available in the Memorandum to the Deputy Director for the Division of Water Rights from the Senior Environmental Scientist of the Instream Flow Unit in the Division of Water Rights, dated September 9, 2021, and incorporated by reference.

4. Based on the current flow conditions, and the information discussed above, the Deputy Director for the Division of Water Rights has determined that without curtailment as described in the Regulation of diversions junior to approximately November 1912, flows are likely to remain reduced below the minimum flows specified in section 875, subdivision(c)(2)(A).  To ensure that the Regulation's drought emergency minimum flows are met, it is necessary to curtail all of the most junior water right holders in the Shasta River, described in Section 875.5, subdivision (b)(1)(A) [appropriative surface and groundwater rights post-Adjudication], as well as a portion of those water right holders in the priority group described in Section 875.5, subdivision (b)(1)(B) [Shasta Adjudication] with priority dates later than November 1912.

5. Once the base flows are established through precipitation or contributions from the curtailments, ongoing assessment of water supply and demand projections will be more pertinent to the management of curtailments in the order of priority.  If the river responds more quickly to curtailment than anticipated, the Deputy Director will lift curtailments in the order of priority.

6. The wildfire season in Northern California is highly active, and communities across the state, including Siskiyou County and some reaches of the Scott Valley, have been periodically at risk.  Preparation of homes and properties to best survive imminent wildfire require the upmost attention of residents, and evacuations can present immense logistical challenges.  Protection of life and property in these active fire areas may prevent a response within the timelines required in the State Water Board's curtailment order.  In order not to interfere with critical preparations or burden evacuees, this Order provides an automatic extension of the reporting requirements under the Order where the affected diversions, properties, or reporters are affected by evacuation orders.

STEPHEN DAVID GRISET

Page 3 of 6

**IT IS HEREBY ORDERED:**

1.  This curtailment order shall be effective on September 11, 2021.

2.  Diversion of water in the Shasta River watershed pursuant to the water right(s) listed in Attachment A shall cease on September 11, 2021, or upon delivery of this Order, whichever is later.  Diversions under this right may be permitted to continue only if authorized under an exception to curtailment as described by sections 875.1, 875.2, and 875.3 of the Regulation.

3.  In accordance with section 875, subdivision (d)(1) of the Regulation, the water rights holder or agent of record who receives this Order is responsible for immediately providing notice of this Order to all diverters exercising the water right(s) associated with this Order.

4.  STEPHEN DAVID GRISET or their agent or successor is required, by September 20, 2021, to submit under penalty of perjury an online Scott-Shasta Water Right Curtailment Certification form (Curtailment Certification) in accordance with section 875.6 subdivision (a) for each water right listed in Attachment A. Attachment A lists the Water Rights ID/Login(s) and Password(s)/Water Right Identifier(s) to be used for reporting requirements. The Curtailment Certification shall be accessed and completed via the following website link:
    https://public.waterboards.ca.gov/WRInfo.  Where the diversion or place of use for the water right(s) listed in Attachment A is in an area subject to a wildfire evacuation order, or where such an evacuation order inhibits the ability of STEPHEN DAVID GRISET or their agent or successor to access the necessary information to complete the Curtailment Certification or to log on to complete the form, the deadline is automatically extended until ten (10) days after the lifting of the evacuation order.

5.  If an exception(s) to curtailment is needed to continue diverting for non-consumptive uses, minimum human health and safety needs, or minimum diversions for livestock needs, as authorized by Regulation sections 875.1, 875.2, and 875.3, respectively, STEPHEN DAVID GRISET or their agent or successor shall complete and submit either a self-certification or a petition using the forms available at:
    https://public.waterboards.ca.gov/WRInfo in addition to completing the Curtailment Certification.

6.  All subsequent modifications to this Order, including curtailment suspensions, reinstatements, rescissions, or other modifications, shall be noticed through electronic means, including through the State Water Board's "Scott-Shasta Drought" email distribution list or as posted to the **State Water Board's Scott River and Shasta River Watersheds Drought Response webpage**
    (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/).  STEPHEN DAVID GRISET is responsible for **signing up** for the "Scott-Shasta Drought" e-mail subscription list and/or for checking the State Water Board's Scott River and Shasta River Watersheds Drought Response webpage to receive such notice.

STEPHEN DAVID GRISET

Page 4 of 6

7.  Violation of this Order shall be subject to enforcement and any applicable penalties
    pursuant to Water Code sections 1052, 1058.5, 1831, 1845, and 1846.  To the
    extent of any conflict between the requirements of this curtailment order and any
    other applicable orders or conditions of approval, the diverter must comply with the
    requirements that are most stringent.

8.  Nothing in this Order is intended to or shall be construed to limit or preclude the
    State Water Board from exercising its authority under any statute, regulation,
    ordinance, or other law, including but not limited to, the authority to bring
    enforcement against diverters for unauthorized diversion or use in violation of Water
    Code section 1052.

9.  Nothing in this Order shall excuse individual water right holders from meeting any
    more stringent requirements that may be imposed by applicable legally binding
    legislation, regulations, or a water right permit requirement.  This Order does not
    authorize any act which results in the taking of a threatened, endangered, or
    candidate species or any act which is now prohibited, or becomes prohibited in the
    future, under either the California Endangered Species Act (Fish and Game Code
    sections 2050 to 2097) or the federal Endangered Species Act (16 U.S.C.A sections
    1531 to 1544).

STATE WATER RESOURCES CONTROL BOARD

Erik Ekdahl, Deputy Director
Division of Water Rights

Dated: September 10, 2021

STEPHEN DAVID GRISET

Page 5 of 6

# Attachment A

The Login(s) and Password(s) are provided below.  Please use this information to complete the appropriate forms, which are available online at:
https://public.waterboards.ca.gov/WRInfo

**Groundwater Well(s)**

| Well Number | Date Work Ended | APN | DWR Completion Report Number |
|---|---|---|---|
| 1 | | 019-661-420-000 | |
| 2 | | 019-021-100-000 | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

| Well Number | Login (Water Right ID) | Password (Reporting Identifier) |
|---|---|---|
| 1 | SG005923 | D6F5JC |
| 2 | SG005924 | DAN0A6 |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

STEPHEN DAVID GRISET

Page 6 of 6

This page is intentionally blank.