**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
JOHN THOMAS H. DO (SBN 285075)
jdo@aclunc.org
EMI YOUNG (SBN 311238)
eyoung@aclunc.org
GRAYCE ZELPHIN (SBN 279112)
gzelphin@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
Facsimile: (415) 255-8437

**ASIAN AMERICANS ADVANCING JUSTICE - ASIAN LAW CAUCUS**
GLENN KATON (SBN 281841)
glennk@advancingjustice-alc.org
MEGAN VEES (SBN 325184)
meganv@advancingjustice-alc.org
55 Columbus Avenue
San Francisco, CA 94111
Telephone: (415) 896-1701
Facsimile: (415) 896-1702

*Counsel for Plaintiffs*

**COVINGTON & BURLING LLP**
STANLEY YOUNG (SBN 121180)
syoung@cov.com
SAMANTHA FLATTERY (SBN 342420)
sflattery@cov.com
3000 El Camino Real 5 Palo Alto Square,
10th Floor Palo Alto, CA 94306-2112
Telephone: (650) 632-4704
Facsimile: (650) 632-4800

MICHAEL PLIMACK (SBN 133869)
mplimack@cov.com
ALISON WALL (SBN 319562)
awall@cov.com
JULIA BARRERO (SBN 352614)
jbarrero@cov.com
Salesforce Tower, 415 Mission St., Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-7022
Facsimile: (415) 591-6091

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GER CHONG ZE CHANG, MAI NOU VANG, RUSSELL MATHIS, YING SUSANNA VA,** and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF SISKIYOU** and **JEREMIAH LARUE**, in his official capacity as Sheriff,<br><br>Defendants. | Case No. 2:22-cv-01378-KJM-AC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE EXHIBITS D AND E TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND PORTIONS OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: May 17, 2024<br>Time: 10:00 AM<br>Judge: Kimberly J. Mueller (KJM)<br>Courtroom: 3<br>Action Filed: August 3, 2022<br>Trial Date: Not assigned |

1   **TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

2        **PLEASE TAKE NOTICE THAT** on May 17, 2024 at 10:00 a.m., or as soon thereafter as the

3   parties may be heard before the Honorable Kimberly Mueller in the District Court for the Eastern

4   District of California in Courtroom 3, 15th Floor, 501 I Street, Sacramento, CA 95814, Plaintiffs Ger

5   Chong Ze Chang, Mai Nou Vang, Russell Mathis, and Ying Susanna Va ("Plaintiffs") will and hereby

6   do move to strike from the record Exhibits D and E to Defendants' Request for Judicial Notice ("RJN")

7   and the portions of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to

8   Dismiss" or "MTD") identified in Attachment A to the Proposed Order accompanying this Motion.

9        This motion is based on the attached memorandum of points and authorities; Plaintiffs'

10  Opposition to Defendants' Motion to Dismiss; all pleadings and papers filed in this action; and such oral

11  argument as may be presented at the hearing on the motion.

12

13

14  Dated:  March 26, 2024

15                             **AMERICAN CIVIL LIBERTIES UNION**
                           **FOUNDATION OF NORTHERN**

16                             **CALIFORNIA**

17                         By: */s/ John Thomas H. Do* (authorized 3/26/2024)
                           JOHN THOMAS H. DO

18                             EMI YOUNG
                           GRAYCE ZELPHIN

19

20                             **ASIAN AMERICANS ADVANCING**
                           **JUSTICE-ASIAN LAW CAUCUS**

21

22                       By: */s/ Megan Vees*
                           MEGAN VEES
                           GLENN KATON

23

24                             **COVINGTON & BURLING LLP**

25                       By: */s/ Alison Wall*
                           ALISON WALL

26                             STANLEY YOUNG

27                           *Counsel for Chang, et al. Plaintiffs*

28

1    **I.    INTRODUCTION**

2        Defendants use their Motion to Dismiss Plaintiffs' First Amended Complaint to put forth their own

3    version of contested facts at issue in this lawsuit.  But in a Rule 12(b)(6) motion to dismiss, *Plaintiffs'*

4    allegations are generally assumed to be true and must be viewed in the light most favorable to the

5    plaintiffs.  Defendants' Motion to Dismiss is replete with assertions of fact that are either altogether

6    unsupported or rely on evidence that cannot be considered on a motion to dismiss, including two exhibits

7    (declarations asserting facts in a related case) that are not properly subject to judicial notice on this motion

8    to dismiss.  The Court should therefore strike Exhibits D and E to Defendants' Request for Judicial Notice

9    ("RJN") and the improper statements of fact in the Motion to Dismiss.

10   **II.    LEGAL STANDARD**

11       "As a general rule, a district court may not consider any material beyond the pleadings in ruling

12   on a Rule 12(b)(6) motion."[1]  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal

13   quotation marks and citations omitted); *see also* Fed. R. Civ. P. 12(d).  The two exceptions to this general

14   rule are 1) documents attached to the complaint or incorporated by reference and 2) judicially noticeable

15   matters.  *Lee*, 250 F.3d at 688–89; *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011,

16   1020 (C.D. Cal. 2015).  Documents not attached to the complaint but on which the complaint "necessarily

17   relies" are considered to be incorporated by reference if "(1) the complaint refers to the document; (2) the

18   document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."

19   *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).  A matter is subject to judicial

20   notice if it is "not subject to reasonable dispute" because it either 1) "is generally known within the trial

21   court's territorial jurisdiction" or 2) "can be accurately and readily determined from sources whose

22   accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

23

24
_____

25   [1] As Plaintiffs point out in the opposition to Defendants' Motion to Dismiss, Defendants' mootness
     arguments are properly raised under Rule 12(b)(1).  Opp'n to MTD at 15.  The evidence Plaintiffs move
26   to strike does not bear on Defendants' mootness arguments, but on their arguments attacking the adequacy
     of the Complaint under 12(b)(6).  Additionally, Defendants' bare assertions of fact (for which no evidence
27   is cited) should be stricken regardless of whether they pertain to arguments considered under the 12(b)(1)
     or 12(b)(6) standard.  *See infra* § III(C).
28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE                            Page 1
CASE NO. 2:22-cv-01378-KJM-AC

1    Courts routinely strike exhibits, declarations, and assertions of fact that may not be considered

2    when ruling on a 12(b)(6) motion.  *See, e.g., In re Applied Micro Cirs. Corp. Sec. Litig.*, No. 01-CV-0649

3    K AJB, 2002 WL 34716875, at \*2–3 (S.D. Cal. Oct. 4, 2002) (granting motion to strike declarations

4    submitted in support of 12(b)(6) motion because they were extrinsic to the complaint); *Kamaole Pointe*

5    *Dev. LP v. Cnty. of Maui*, No. CV 07-00447 DAE-LEK, 2007 WL 9710919, at \*1–2 (D. Haw. Oct. 26,

6    2007) (granting motion to strike motion to dismiss because exhibits and declarations attached to the

7    motion to dismiss "[went] beyond those types of documents considered to be acceptable to attach to a

8    motion to dismiss."); *In re Energy Recovery Inc. Sec. Litig.*, No. 15-CV-00265-EMC, 2016 WL 324150,

9    at \*3 (N.D. Cal. Jan. 27, 2016) (granting motion to strike factual assertions and arguments derived from

10   exhibits to 12(b)(6) motion containing facts not subject to judicial notice).

11   **III.    ARGUMENT**

12       **A.    The Court Should Strike Exhibits D and E to the RJN and the Portions of the Motion**

13       **to Dismiss that Rely Upon Them.**

14   Exhibits D and E to Defendants' Request for Judicial Notice are a declaration and an affidavit,

15   respectively, filed by Defendants in the related case *Lo et al v. County of Siskiyou et al.*, No 2:21-cv-

16   00999-KJM-AC action.  *See* RJN at 2; Dkt. 9.  Both were made by Rick Dean, Community Development

17   Director of Defendant Siskiyou County.  *See* RJN, Exhs. D, E.  Defendants cite the declaration and

18   affidavit in support of factual assertions in their Motion to Dismiss.  *See* MTD at 5, 8.

19   Facts asserted in declarations and affidavits are generally not judicially noticeable.  *See Turnacliff*

20   *v. Westly*, 546 F.3d 1113, 1120 n. 5 (9th Cir. 2008) (denying request for judicial notice of declaration filed

21   in another action because the facts described were not "generally known" and the declarant was not a

22   source "whose accuracy cannot reasonably be questioned"); *Cramer v. Target Corp.*, No. 1:08-CV-01693-

23   OWWSKO, 2010 WL 2465338, at \*2 (E.D. Cal., June 9, 2010) (declining to take judicial notice of truth

24   of facts asserted in declarations because they were "neither capable of accurate and ready determination

25   by resort to sources whose accuracy cannot be reasonably questioned, nor generally known within the

26   jurisdiction of the Court"); *Coalition for a Sustainable Delta v. F.E.M.A.*, 711 F.Supp.2d 1152, 1172 n. 6

27   (E.D. Cal. 2010) (denying request for judicial notice of declaration submitted in related lawsuit because

28   requesting party sought to rely on declaration for truth of its contents).

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE                                          Page 2
CASE NO. 2:22-cv-01378-KJM-AC

1    Here, Defendants cite the declaration and affidavit not for the fact that they were filed in the *Lo*

2    matter, but for the truth of the facts asserted in them.  *See* MTD at 5:10-20, 8:9-10.  For example,

3    Defendants cite Exhibit D in support of factual assertions regarding the types of structures occupied by

4    "illegal cannabis growers" in the Mount Shasta Vista subdivision and the type of water trucks used to

5    deliver water to them.  *See* MTD at 5.  Defendants cite Exhibit E for the proposition that the adverse effect

6    of illegal cannabis cultivation "is commonly known throughout the State of California and even

7    acknowledged by both Governor Newsome [*sic*] and Attorney General Bonta."[2]  *See* MTD at 8.  These

8    factual assertions are not "generally known" within the court's jurisdiction, and Mr. Dean is not a "source[]

9    whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b); *Turnacliff*, 546 F.3d at 1120

10   n. 5.  As such, the factual matters for which Defendants cite the declaration and affidavit are not judicially

11   noticeable.  The Court should therefore strike Exhibits D and E to Defendants' Request for Judicial Notice

12   and the portions of the Motion to Dismiss that rely upon them: page 5, lines 10 through 16 and 18 through

13   20, and the parenthetical on page 8, lines 9 and 10.[3]

14   **B.    The Court Should Strike Factual Assertions Supported by Improper Citation to the**

15   ***Lo* Order.**

16   Defendants cite docket number 47 in the *Lo* matter, the September 3, 2021, order granting in part

17   the *Lo* plaintiffs' motion for preliminary injunction ("*Lo* Order"), for statements of fact contained in it.

18   *See* MTD at 3–5.  Yet Defendants have not requested judicial notice of the *Lo* Order or attempted to

19   explain how the Court may otherwise rely on the facts it contains.  Nor could they, as the statements of

20   fact from the *Lo* Order may *not* be considered on a 12(b)(6) motion.

---

[2] Exhibit E does not provide any support for this proposition.  Neither the affidavit nor its exhibits mention statements by Governor Newsom or Attorney General Bonta regarding the effects of illegal cannabis cultivation.  *See* RJN, Exh. E.  The Court should therefore strike lines 9 and 10 of page 8 for the additional reason that they are unsupported by any evidence.  *See infra* § III(C).

[3] Attachment A to the Proposed Order accompanying this Motion is a strikethrough of the Motion to Dismiss identifying precisely the language Plaintiffs move to strike.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE                                         Page 3
CASE NO. 2:22-cv-01378-KJM-AC

1    First, the court may not take judicial notice of the factual content of the *Lo* Order.  Defendants do

2    not cite the *Lo* Order for the fact that it was issued or its legal effect,[4] but instead rely on the *Lo* Order for

3    the truth of the statements contained in it.  *See* MTD at 3–5.  These statements are not subject to judicial

4    notice.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) ("[T]aking judicial notice of findings

5    of fact from another case exceeds the limits of Rule 201."), *overruled on other grounds by Albino v. Baca*,

6    747 F.3d 1162 (9th Cir. 2014); *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491

7    (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in

8    another cause so as to supply, without formal introduction of evidence, facts essential to support a

9    contention in a cause then before it."); *Zargarian v. BMW of N. Am., LLC*, No. CV184857RSWLPLAX,

10   2019 WL 6111732, at *1 n. 1 (C.D. Cal. Sept. 23, 2019) ("The Court may … take judicial notice of matters

11   of public record, such as prior court proceedings, and its own records. … The Court will not, however,

12   take judicial notice of any findings of fact in the court documents, only of the existence of each document

13   and the orders of the courts.") (citations omitted).

14   Second, the *Lo* Order is not incorporated by reference into the First Amended Complaint.  Though

15   the order is referenced in the First Amended Complaint, *see* Dkt. 47 ¶ 138, it does not meet the second

16   requirement for incorporation by reference: it is not "central to" Plaintiffs' claims.  *See Corinthian*

17   *Colleges*, 655 F.3d at 999.  Rather, a single paragraph of Plaintiffs' 287-paragraph First Amended

18   Complaint mentions the *Lo* Order to provide background on the status of the challenged water ordinances.

19   *See* Dkt. 47 ¶ 138.  The *Lo* Order is thus not incorporated by reference into the First Amended Complaint.

---

[4] Plaintiffs request that the Court take judicial notice of the *Lo* Order for the fact that the Court issued a preliminary injunction in *Lo*.  *See* Plaintiffs' Request for Judicial Notice; Opp'n to MTD at 5.  Unlike Defendants, Plaintiffs rely on the order not for the truth of facts contained in it, but for its legal effect, which is properly subject to judicial notice.  *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1113 (C.D. Cal. 2003) (taking judicial notice of "the existence and legal effect" of court orders in a related case because "[n]otice [of court orders] can be taken . . . only for the limited purpose of recognizing the 'judicial act' that the order represents on the subject matter of the litigation.") (internal quotations and citations omitted).  Indeed, this Court has recognized that court orders and filings are subject to judicial notice for the fact that "a court undertook a particular judicial act," but generally not to show "the truth of allegations, statements, or arguments" within them.  *United States v. Biotronik, Inc.*, No. 214CV02407KJMEFB, 2016 WL 1587215, at *1 (E.D. Cal. Apr. 20, 2016), *aff'd sub nom. United States ex rel. Bennett v. Biotronik, Inc.*, 876 F.3d 1011 (9th Cir. 2017).

1   *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("[T]he mere mention of the

2   existence of a document [in a complaint] is insufficient to incorporate the contents of a document.").

3       Because the *Lo* Order is not incorporated by reference into the First Amended Complaint and the

4   statements therein are not subject to judicial notice, those statements may not be considered on a motion

5   to dismiss. The Court should therefore strike the portions of the Motion to Dismiss that rely upon them:

6   page 3, lines 13 through 26; page 4, lines 2 through 7 and 9 through 28; page 5, lines 3 through 5 and 7

7   through 9.

8           **C.      The Court Should Strike Wholly Unsupported Factual Assertions**

9       Finally, Defendants fail to support many of the factual assertions in the Motion to Dismiss with

10  citation to *any* evidence. Most of these unsupported facts are raised in relation to Defendants' 12(b)(6)

11  arguments attacking the adequacy of Plaintiffs' claims. For example, Defendants put forth their own

12  version of one of the traffic stops of Plaintiff Chang, providing, without evidence, "facts" that Plaintiffs

13  purportedly "[left] out from their allegations[.]" MTD at 15. Even properly substantiated (which they are

14  not), such factual assertions are not properly raised on a 12(b)(6) motion.[5] *See Lee*, 250 F.3d at 688. The

15  Court should therefore strike page 3, line 27 through page 4, line 2; page 4, line 8; page 5, lines 5 through

16  7; page 11, lines 14 through 16; page 15, line 23 through page 16, line 3; and page 16, lines 15 and 16.

17      Defendants also fail to provide evidence of facts related to their arguments bearing on this Court's

18  subject matter jurisdiction, which would be properly raised under Rule 12(b)(1). *See* Opp'n to MTD at

19  15. Specifically, Defendants argue that Plaintiffs' tenth and eleventh claims are moot based on

20  Defendants' unsubstantiated claim that the challenged liens have been expunged. *See* MTD at 1, 6, 17–

21  18. Because there is no evidence in the record to support this claim, the Court should strike page 1, line

22  13; page 6, lines 7 through 11; and page 17, line 28 through page 18, line 2.

23

24

25  ───────────────

26  [5] The Motion to Dismiss also includes a number of unsupported assertions regarding Defendants' intent in implementing the challenged ordinances and practices. *See* MTD at 2, 5–6, 8–9. The Court should

27  disregard these statements because it must make all reasonable inferences – including those related to Defendants' intent – in Plaintiffs' favor. *See* Opp'n to MTD at 3 (citing *Koala v. Khosla*, 931 F.3d 887,

28  894 (9th Cir. 2019)).

1

**IV.   CONCLUSION**

2

        For the foregoing reasons, Plaintiffs respectfully request that the Court grant the instant Motion to

3

Strike and strike from the record Exhibits D and E to Defendants' Request for Judicial Notice and the

4

portions of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint identified above and in

5

Attachment A to the Proposed Order accompanying this Motion.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28