**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD (SBN: 158338)
300 University Avenue, Suite 100
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile: (916) 448-6888
Email: scottd@sdnlaw.com

Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
RICHARD S. LINKERT, ESQ. (SBN 88756)
MADISON M. SIMMONS, ESQ. (SBN 292185)
3638 American River Drive
Sacramento, California 95864
Telephone:    (916) 978-3434
Facsimile:    (916) 978-3430
Email: rlinkert@mathenysears.com
       msimmons@mathenysears.com

Attorneys for Defendants
COUNTY OF SISKIYOU and
JEREMIAH LARUE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GER CHONG ZE CHANG, MAI NOU VANG, RUSSELL MATHIS, YING SUSANNA VA, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SISKIYOU and JEREMIAH LARUE, in his official capacity as Sheriff<br><br>Defendants. | Case No. 2:22-cv-01378-KJM-AC<br><br>**DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S OPPOSITION TO MOTION FOR PROVISIONAL CLASS CERTIFICATION**<br><br>Date: September 13, 2024<br>Time: 10:00 AM<br>Judge: Kimberly J Mueller. (KJM)<br>Courtroom: 3 |

## I. INTRODUCTION

Defendants County of Siskiyou and Sheriff Larue hereby oppose the motion for provisional class certification on the grounds that the representative plaintiffs, and the putative class, lack standing to seek to enjoin a zoning ordinance when the proposed class does not own the real properties subject to the zoning ordinance. The Plaintiffs admit that none of them, representative or putative, own properties with water wells. The Zoning Ordinance at issue directly affects only those properties with wells. As such, the Plaintiffs are attempting to enforce the rights of others, not their own. This is simply improper.

Defendants County of Siskiyou and Sheriff Larue request that the motion for class certification be denied, or, in the alternative, the court allow for discovery before making a determination on the motion.

## II. LEGAL DISCUSSION

Plaintiffs seeking class certification must satisfy the requirements of Fed. R. Civ. P. 23(a). Wang v. Chinese Daily News, Inc., 737 F.3d 538, 542 (9th Cir. 2013). Under Fed. R. Civ. P. 23(a), plaintiffs seeking class certification must satisfy four requirements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Id. "Class certification is proper only if the [district] court has concluded, after a 'rigorous analysis,' that [Fed. R. Civ. P.] 23(a) has been satisfied." Id. at 542-43 (quoting Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011)).

### A. PLAINTIFF'S LACK STANDING TO CERTIFY THE CLASS WHETHER PROVISIONAL OR NOT.

In an era of frequent litigation, class actions, sweeping injunctions with prospective effect, and continuing jurisdiction to enforce judicial remedies, courts must be more careful to insist on the formal rules of standing, not less so. Making Article III standing inquiry all the more necessary are the significant implications of constitutional litigation, which can result in rules of wide applicability that are beyond Congress' power to change. Arizona Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 146, 131 S. Ct. 1436, 1449, (2011). "[S]tanding is claim-and relief-specific:" a plaintiff must establish Article III standing for each of his claims and for each form of relief he

seeks. In re Carrier IQ Inc., Consumer Privacy Litig., 78 F. Supp. 3d 1051, 1064-65 (N.D. Cal. 2015) (internal citations and quotations omitted). In a class action, standing exists where at least one named plaintiff meets these requirements. Ollier v. Sweetwater Union High Sch. Dist., 768 F.3d 843, 865 (9th Cir. 2014). To demonstrate standing, the "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." Lewis v. Casey, 518 U.S. 343, 347 (1996) (internal quotations omitted). Moreover, at least one named plaintiff must have standing with respect to each claim the class representatives seek to bring. In re Ditropan XL Antitrust Litig., 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007).

Plaintiffs admit that "Plaintiff Mathis and members of the proposed Class (hereafter "Class" and "Class members") are Asian American residents of Siskiyou County **who do not have well or municipal water access where they live**." (See MPA, Pg. 2, line 9-14.)  Here, as set forth in the supplemental complaint, Plaintiffs seek to enjoin a zoning ordinance that affects properties where wells are located.  As the numerous declarations set forth, and as Plaintiffs admit in this motion, the representative plaintiffs and the putative class do not have wells on their properties.  As such, plaintiffs seek to enjoin a zoning ordinance that has no application to their respective properties that is not being enforced against them. It is being enforced against properties where wells exist, and where those wells are overusing water by selling it or otherwise providing it in large amounts to others.

The United States Supreme Court has held that when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction. Warth v. Seldin, 422 U.S. 490, 500, 95 S. Ct. 2197, 2206, (1975). Second, even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, the Court has held that the plaintiff generally must assert his own legal rights and interests and **cannot rest his claim to relief on the legal rights or interests of third parties**. Id. (Emphasis Added)  The Court stated that without such limitations—closely related to Art. III concerns but essentially matters of judicial self-governance—the courts would be called upon to decide abstract questions of wide public significance even though other governmental

institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights. Id.

Plaintiffs are resting their claims on the legal rights and interests of third parties and attempting to limit the County of Siskiyou's ability to regulate water use within the County limits. The Representative Plaintiffs simply do not have standing to bring this claim as the zoning ordinance affects the property rights of third parties and presents no limitation to Plaintiffs' property rights. As such, the class cannot be certified as Standing is lacking.

### B. SHOULD THE COURT BE INCLINED TO FIND THAT PLAINTIFFS HAVE STANDING, THE COUNTY OF SISKIYOU AND SHERRIF LARUE REQUEST THAT THE DETERMINATION BE POSTPONED PENDING CLASS DISCOVERY.

Having been ambushed by this, and the other three pending motions, with no meaningful meet and confer, the County of Siskiyou and Sheriff Larue have had no opportunity to conduct discovery and even investigate the claims being made by Plaintiffs.

Whether or not discovery will be permitted in a case of this nature lies within the sound discretion of the trial court. Kamm v. California City Dev. Co., 509 F.2d 205, 209–10 (9th Cir. 1975). Rule 23(c)(1) provides that 'As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained'. In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion.

Should the Court be inclined to certify the class, Defendants request an opportunity to conduct discovery on the representative Plaintiffs, and perhaps unnamed putative class members in order to determine whether there is standing to pursue the claims. Said discovery should take no more than two months, would only require no more than 6 depositions, and would not delay these proceedings any more than the filing of the Supplemental Complaint in the first instance.

### III. CONCLUSION

For the foregoing reasons, Defendants County of Siskiyou and Sheriff Larue request that the motion for class certification be denied, or, in the alternative, the court allow for discovery before making a determination on the motion.

Dated: August 22, 2024                    MATHENY SEARS LINKERT & JAIME LLP

By: /s/ Madison M. Simmons
    Richard S. Linkert (SBN 88756)
    Madison M. Simmons (SBN 292185)

Attorneys for Defendants
County of Siskiyou and Jeremiah Larue