1

**SPINELLI, DONALD, & NOTT**
A Professional Corporation

2

J. SCOTT DONALD (SBN: 158338)
300 University Avenue, Suite 100

3

Sacramento, CA 95825
Telephone: (916) 448-7888

4

Facsimile: (916) 448-6888
Email: scottd@sdnlaw.com

5

Law Offices of

6

**MATHENY SEARS LINKERT & JAIME LLP**
RICHARD S. LINKERT, ESQ. (SBN 88756)

7

MADISON M. SIMMONS, ESQ. (SBN 292185)
3638 American River Drive

8

Sacramento, California  95864
Telephone:     (916) 978-3434

9

Facsimile:     (916) 978-3430
Email: rlinkert@mathenysears.com

10

msimmons@mathenysears.com

11

*Exempt from filing fees per Gov. Code § 6103*

12

Attorneys for DEFENDANT COUNTY OF SISKIYOU AND
JEREMIAH LARUE, in his official capacity as Sheriff

13

14

UNITED STATES DISTRICT COURT

15

EASTERN DISTRICT OF CALIFONIA

16

17

18

GER CHONG ZE CHANG, MAI NOU VANG, RUSSELL MATHIS, YING SUSANNA VA, and all other similarly situated,

Case No.: 2:22-cv-01378-KJM-AC

19

**DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT**

20

Plaintiffs,

21

ACTION FILED:  AUGUST 3, 2022
TRIAL DATE:     TBD

22

v.

23

COUNTY OF SISKIYOU and JEREMIAH LARUE, in his official capacity as Sheriff

24

Defendant.

25

26

27

28

1

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Defendants COUNTY OF SISKIYOU and SHERIFF JEREMIAH LARUE ("Answering Defendants") deny both generally and specifically, each and every allegation contained in Plaintiffs GER CHONG ZE CHANG, MAI NOU VANG, RUSSELL MATHIS, YING SUSANNA VA, and all other similarly situated's First Amended Complaint except those expressly admitted below.

## INTRODUCTION

1.      Answering Defendants deny the allegations of Paragraph 1 of the First Amended Complaint.

2.      Answering Defendants deny the allegations of Paragraph 2 of the First Amended Complaint.

3.      Answering Defendants admit that cannabis is cultivated throughout the County by people of a variety of racial and ethnic backgrounds.  Answering Defendants deny all other allegations found in paragraph 3 of the First Amended Complaint.

4.      Answering Defendants deny the allegations of Paragraph 4 of the First Amended Complaint.

5.      Answering Defendants deny the allegations of Paragraph 5 of the First Amended Complaint.

6.      Answering Defendants deny the allegations of Paragraph 6 of the First Amended Complaint.

7.      Paragraph 7 contains statements and/or conclusions of law that do not require a response at this time. Answering Defendants deny that Plaintiffs are not entitled to the relief requested in Paragraph 7 of the First Amended Complaint.

## JURISDICTION AND VENUE

8.      Answering Defendants do not dispute the Court's jurisdiction in this matter, with the exception of Standing for some of the claims being made in this action.

9.      Answering Defendants do not dispute venue is proper.

## PARTIES

*DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

10.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 10 of the First Amended Complaint.

11.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 11 of the First Amended Complaint.

12.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 12 of the First Amended Complaint.

13.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 13 of the First Amended Complaint.

14.     Answering Defendants admit that "Defendant Siskiyou County is a political subdivision of the State of California, organized and existing under the Constitution of the State of California. It is a person under 42 U.S.C. § 1983, and thus can sue and be sued in its own name. Defendant Siskiyou County is run by a five-member Board of Supervisors (currently consisting of Brandon Criss, Ed Valenzuela, Michael Kobseff, Nancy Ogren, and Ray Haupt). Answering Defendants deny all other allegations found in Paragraph 14 of the First Amended Complaint.

15.     Answering Defendants admit that allegations of Paragraph 15 of the First Amended Complaint with the exception of the allegation that Sheriff Larue is "the final policymaker" and submit that it depends on the policy at issue.

## <u>GENERAL ALLEGATIONS</u>

16.     Answering Defendants admit "Siskiyou County is an expansive, rural county at the northernmost reach of California. It is mostly undeveloped, with much of the County's land being forest or wilderness area. The County is home to fewer than 45,000 people…"  Answering Defendants have insufficient information to admit or deny the remaining allegations found in Paragraph 16 of the First Amended Complaint.

17.     Answering Defendants have insufficient information to admit or deny the allegations found in Paragraph 17 of the First Amended Complaint.

18.     Answering Defendants have insufficient information to admit or deny the allegations found in Paragraph 18 of the First Amended Complaint.

3

19.     Answering Defendants have insufficient information to admit or deny the allegations found in Paragraph 19 of the First Amended Complaint.

20.     Answering Defendants admit the allegations found in Paragraph 20 of the First Amended Complaint.

21.     Answering Defendants deny each and every allegation found in Paragraph 21 of the First Amended Complaint.

22.     Answering Defendants have insufficient information to admit or deny the allegations found in Paragraph 22.

23.     Answering Defendants admit the allegations found in Paragraph 23 of the First Amended Complaint.

24.     Answering Defendants have insufficient information to admit or deny the allegations found in Paragraph 24.

25.     Answering Defendants deny each and every allegation found in Paragraph 25 of the First Amended Complaint.

26.     Answering Defendants deny each and every allegation found in Paragraph 26 of the First Amended Complaint.

27.     Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

28.     Answering Defendants deny each and every allegation found in Paragraph 28 of the First Amended Complaint.

29.     Answering Defendants deny each and every allegation found in Paragraph 29 of the First Amended Complaint.

30.     Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

31.     Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

32.     Answering Defendants admit that the quoted comments were made but deny the

*DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

context in which they are presented, and the motive given to their meaning.

33.     Answering Defendants deny each and every allegation found in Paragraph 33 of the First Amended Complaint.

34.     Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

35.     Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

36.     Answering Defendants deny that there was a "guise of cannabis enforcement." There was actual cannabis enforcement.  Answering Defendants further deny that the purpose of pulling over commercial vehicles was to "intimidate them."  Answering Defendants admit all other allegations found in Paragraph 36 of the First Amended Complaint.

37.     Answering Defendants deny each and every allegation found in Paragraph 37 of the First Amended Complaint.

38.     Answering Defendants deny each and every allegation found in Paragraph 38 of the First Amended Complaint.

39.     Answering Defendants admit that the Deputy District Attorney contacted the State Water Board.  Answering Defendants deny all other allegations found in Paragraph 39 of the First Amended Complaint.

40.     Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

41.     Answering Defendants admit the allegations of Paragraph 41 of the First Amended Complaint.

42     Answering Defendants deny each and every allegation of Paragraph 42 of the First Amended Complaint.

43.     Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

44.     Answering Defendants deny each and every allegation of Paragraph 44 of the First

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Amended Complaint.

45. Answering Defendants deny each and every allegation of Paragraph 45 of the First Amended Complaint.

46. Answering Defendants deny each and every allegation of Paragraph 46 of the First Amended Complaint.

47. Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 47 of the First Amended Complaint.

48. Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 48 of the First Amended Complaint.

49. Answering Defendants deny each and every allegation of Paragraph 49 of the First Amended Complaint.

50. Answering Defendants deny each and every allegation of Paragraph 50 of the First Amended Complaint.

51. Answering Defendants deny each and every allegation of Paragraph 51 of the First Amended Complaint.

52. Answering Defendants admit the allegations of Paragraph 52 of the First Amended Complaint.

53. Answering Defendants admit the allegations of Paragraph 53 of the First Amended Complaint.

54. Answering Defendants deny each and every allegation of Paragraph 54 of the First Amended Complaint.

55. Answering Defendants deny each and every allegation of Paragraph 55 of the First Amended Complaint.

56. Answering Defendants admit the allegations of Paragraph 56.

57. Answering Defendants deny each and every allegation of Paragraph 57 of the First Amended Complaint.

58. Answering Defendants admit that the quoted comments were made but deny the

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

6

context in which they are presented, and the motive given to their meaning.

59.     Answering Defendants admit the allegations of Paragraph 59.

60.     Answering Defendants deny each and every allegation of Paragraph 60 of the First Amended Complaint.

61.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 61 of the First Amended Complaint.

62.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 62 of the First Amended Complaint.

63.     Answering Defendants admit "The Sheriff's Department has shared or sole jurisdiction over traffic enforcement in all unincorporated areas of the County and contracts to police the municipalities of Dunsmuir, Dorris, and Montague." Answering Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 63 of the First Amended Complaint.

64.     Answering Defendants admit the allegations found in Paragraph 64 of the First Amended Complaint.

65.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 65 of the First Amended Complaint.

66.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 66 of the First Amended Complaint.

67.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 67 of the First Amended Complaint.

68.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 68 of the First Amended Complaint.

69.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 69 of the First Amended Complaint.

70.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 70 of the First Amended Complaint.

71.     Answering Defendants deny each and every allegation found in Paragraph 71 of the First Amended Complaint.

72.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 72 of the First Amended Complaint.

73.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 73 of the First Amended Complaint.

74.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 74 of the First Amended Complaint.

75.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 75 of the First Amended Complaint.

76.     Answering Defendants deny each and every allegation found in Paragraph 76 of the First Amended Complaint.

77.     Answering Defendants deny each and every allegation found in Paragraph 77 of the First Amended Complaint.

78.     Answering Defendants deny each and every allegation found in Paragraph 78 of the First Amended Complaint.

79.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 79 of the First Amended Complaint.

80.     Answering Defendants deny each and every allegation found in Paragraph 80 of the First Amended Complaint.

81.     Answering Defendants deny each and every allegation found in Paragraph 81 of the First Amended Complaint.

82.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 82 of the First Amended Complaint.

83.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 83 of the First Amended Complaint.

84.     Answering Defendants lack sufficient information to admit or deny the allegations

*DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT*

of paragraph 84 of the First Amended Complaint.

85.     Answering Defendants deny each and every allegation found in Paragraph 85 of the First Amended Complaint.

86.     Answering Defendants admit that Sheriff LaRue is the final decision maker for law enforcement tactics and strategies.  Denied to the extent the allegations claim Sheriff LaRue is the only final decisionmaker and denied to the extent the allegations claim Sheriff LaRue is a decisionmaker in all areas.

87.     Answering Defendants deny each and every allegation found in Paragraph 87 of the First Amended Complaint.

88.     Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

89.     Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

90.     Answering Defendants deny each and every allegation found in Paragraph 90 of the First Amended Complaint.

91.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 91 of the First Amended Complaint.

92.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 92 of the First Amended Complaint.

93.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 93 of the First Amended Complaint.

94.     Answering Defendants deny each and every allegation found in Paragraph 94 of the First Amended Complaint.

95.     Answering Defendants admit the allegations found in Paragraph 95 of the First Amended Complaint.

96.     Answering Defendants deny each and every allegation found in Paragraph 96 of the First Amended Complaint.

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

97.     Answering Defendants deny each and every allegation found in Paragraph 97 of the First Amended Complaint.

98.     Answering Defendants deny each and every allegation found in Paragraph 98 of the First Amended Complaint.

99.     Answering Defendants deny each and every allegation found in Paragraph 99 of the First Amended Complaint.

100.    Answering Defendants deny each and every allegation found in Paragraph 100 of the First Amended Complaint.

101.    Answering Defendants deny each and every allegation found in Paragraph 101 of the First Amended Complaint.

102.    Answering Defendants deny each and every allegation found in Paragraph 102 of the First Amended Complaint.

103.    Answering Defendants deny each and every allegation found in Paragraph 103 of the First Amended Complaint.

104.    Answering Defendants deny each and every allegation found in Paragraph 104 of the First Amended Complaint.

105.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 105 of the First Amended Complaint.

106.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 106 of the First Amended Complaint with the exception that Answering Defendants deny that the stop was unjustified.

107.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 107 of the First Amended Complaint with the exception that Answering Defendants admit that the stop occurred because of items in the bed of the truck.

108.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 108 of the First Amended Complaint.

109.    Answering Defendants lack sufficient information to admit or deny the allegations

10

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

of paragraph 109 of the First Amended Complaint.

110.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 110 of the First Amended Complaint.

111.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 111 of the First Amended Complaint.

112.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 112 of the First Amended Complaint.

113.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 113 of the First Amended Complaint.

114.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 114 of the First Amended Complaint.

115.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 115 of the First Amended Complaint.

116.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 116 of the First Amended Complaint.

117.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 117 of the First Amended Complaint.

118.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 118 of the First Amended Complaint with the exception that Answering Defendants admit that the cover of one of the external lights was cracked.

119.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 119 of the First Amended Complaint.

120.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 120 of the First Amended Complaint.

121.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 121 of the First Amended Complaint.

122.   Answering Defendants deny each and every allegation of Paragraph 122 of the First

11

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1   Amended Complaint.

2        123.   Answering Defendants deny each and every allegation of Paragraph 123 of the First
3   Amended Complaint with the exception that Answering Defendants admit that the County passed
4   a water ordinance, a water extraction ordinance, and a water truck ordinance.

5        124.   Answering Defendants admit "On August 4, 2020, the Board passed the water
6   nuisance ordinance which bans the "extracting and discharging groundwater underlying Siskiyou
7   County for use in cultivating cannabis" as a nuisance. This ordinance, which did not require
8   evidence that a well-owner knew of the unlawful end use for enforcement, was then used to bring
9   civil actions against well operators like Steve Griset…" Answering Defendants deny that the water
10  was necessary. Answering Defendants lack sufficient information to admit or deny where the water
11  was being delivered to in all cases.

12       125.   Answering Defendants lack sufficient information to admit or deny the allegations
13  of paragraph 125 of the First Amended Complaint.

14       126.   Answering Defendants lack sufficient information to admit or deny the allegations
15  of paragraph 126 of the First Amended Complaint.

16       127.   Answering Defendants admit the allegations found in Paragraph 127 of the First
17  Amended Complaint.

18       128.   Answering Defendants admit the allegations found in Paragraph 128 of the First
19  Amended Complaint with the exception that Answering Defendants deny that the statutory
20  requirements were "obstacles."

21       129.   Answering Defendants deny each and every allegation of Paragraph 129 of the First
22  Amended Complaint.

23       130.   Answering Defendants admit "In contrast to other, more developed areas of the
24  County, many people in Shasta Vista and the areas around Dorris and Macdoel do not live in
25  approved structures, because they do not have their own water wells." Answering Defendants lack
26  sufficient information to admit or deny the remaining allegations found in Paragraph 130 of the
27  First Amended Complaint.

28

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

131.     Answering Defendants admit "Also on May 4, 2021, the Board passed the water truck ordinance, which prohibited hauling of water in excess of 100 gallons without a permit on streets to be named by the County."   Answering Defendants further admit that Resolution 21-61 was passed on the same day.   Answering Defendants deny the remaining allegations found in Paragraph 131 of the First Amended Complaint.

132.     Answering Defendants deny each and every allegation of Paragraph 132 of the First Amended Complaint.

133.     Answering Defendants deny each and every allegation of Paragraph 133 of the First Amended Complaint.

134.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 134 of the First Amended Complaint.

135.     Answering Defendants deny each and every allegation of Paragraph 135 of the First Amended Complaint.

136.     Answering Defendants deny each and every allegation of Paragraph 136 of the First Amended Complaint.

137.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 137 of the First Amended Complaint.

138.     Answering Defendants admit the allegations found in Paragraph 138 of the First Amended Complaint.

139.     Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 139 of the First Amended Complaint.

140.     Answering Defendants admit that cannabis enforcement, drought, and public health was the motivating factor justifying the water ordinances.   Answering Defendants deny all other allegations found in Paragraph 140 of the First Amended Complaint.

141.     Answering Defendants admit that the water ordinances are directed at areas with illicit cannabis grows. Answering Defendants deny all other allegations found in Paragraph 141 of the First Amended Complaint.

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

142.   Answering Defendants admit that there are public complaints regarding cannabis on the western part of the County.   Answering Defendants deny all other allegations found in Paragraph 142 of the First Amended Complaint.

143.   Answering Defendants admit that the County was motivated to enact the three water ordinances because of concerns relating to drought and use of the County's water resources for Cannabis.  Answering Defendants deny all other allegations found in Paragraph 143.

144.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 144 of the First Amended Complaint.

145.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 145 of the First Amended Complaint.

146.   Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 146 of the First Amended Complaint.

147.   Answering Defendants admit that quality of life and public heath are driving concerns for the County.   Answering Defendants further admit that they have complained about people living in unpermitted structures and other code violations.   Answering Defendants deny all other allegations found in Paragraph 147 of the First Amended Complaint.

148.   Answering Defendants deny each and every allegation of Paragraph 148 of the First Amended Complaint.

149.   Answering Defendants deny each and every allegation of Paragraph 149 of the First Amended Complaint.

150.   Answering Defendants admit the quoted language was said but deny the context in which they are presented, and the motive given to their meaning.   Answering Defendants further admit that the Emergency Declaration was passed. Answering Defendants deny all other allegations found in Paragraph 150 of the First Amended Complaint.

151.   Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.   Answering Defendants deny all other allegations found in Paragraph 151 of the First Amended Complaint.

*DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

152.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants deny all other allegations found in Paragraph 152 of the First Amended Complaint.

153.    Answering Defendants deny any hostility towards Asian Americans as alleged in Paragraph 153 of the First Amended Complaint.  Answering Defendants admit the remaining allegations found in Paragraph 153 of the First Amended Complaint.

154.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants admit that on August 4, 2020, the Board passed the first reading of the water nuisance ordinance.  Answering Defendants further admit that the water nuisance ordinance passed.    Answering Defendants deny all other allegations found in Paragraph 154 of the First Amended Complaint.  To clarify, the County did not file suit against Griset Ranch, the State of California filed suit.

155.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants deny all other allegations found in Paragraph 155 of the First Amended Complaint.

156.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants deny all other allegations found in Paragraph 156 of the First Amended Complaint.

157.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants deny all other allegations found in Paragraph 157 of the First Amended Complaint.

158.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants deny all other allegations found in Paragraph 158 of the First Amended Complaint.

159.    Answering Defendants deny the allegations found in Paragraph 159 of the First Amended Complaint.

160.    Answering Defendants admit the allegations found in Paragraph 160 of the First

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Amended Complaint.

161.    Answering Defendants admit that the Board presented two emergency ordinances at the May 4, 2021, meeting, the water extraction ordinance and the water transportation ordinance. Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants deny all other allegations found in Paragraph 161 of the First Amended Complaint.

162.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants deny all other allegations found in Paragraph 162 of the First Amended Complaint.

163.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants deny all other allegations found in Paragraph 163 of the First Amended Complaint.

164.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants deny all other allegations found in Paragraph 164 of the First Amended Complaint.

165.    Answering Defendants admit that the Board passed the water extraction ordinance, the water transport ordinance, and the related resolution identifying streets in Shasta Vista, Dorris, and Macdoel on an emergency basis.  Answering Defendants deny all other allegations found in Paragraph 165 of the First Amended Complaint.

166.    Answering Defendants admit that the Sherriff enforced the water ordinances by issuing citations and seizing vehicles.  Answering Defendants deny all other allegations found in Paragraph 166 of the First Amended Complaint.

167.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants deny the remaining allegations found in Paragraph 167 of the First Amended Complaint.

168.    Answering Defendants admit "Because the Board passed the original water extraction and transportation ordinances on an emergency basis, it took further public comment

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

over the following months." Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning. Answering Defendants deny all other allegations found in Paragraph 168 of the First Amended Complaint.

169. Answering Defendants admit the allegations found in Paragraph 169 of the First Amended Complaint.

170. Answering Defendants deny each and every allegation of Paragraph 170 of the First Amended Complaint.

171. Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

172. Answering Defendants admit that the Board adopted the final water extraction ordinance and the final water transportation ordinance the same day. Answering Defendants deny the remaining allegations found in Paragraph 172 of the First Amended Complaint.

173. Answering Defendants admit that a Board meeting occurred on September 3, 2021. Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning. Answering Defendants deny all other allegations found in Paragraph 173 of the First Amended Complaint.

174. Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning. Answering Defendants admit a new resolution was put on the agenda. Answering Defendants deny the remaining allegations found in Paragraph 174 of the First Amended Complaint.

175. Answering Defendants deny each and every allegation of Paragraph 175 of the First Amended Complaint.

176. Answering Defendants admit that Plaintiff Russell Mathis lives in the Shasta Vista subdivision. Answering Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 176 of the First Amended Complaint.

177. Answering Defendants admit that Mr. Mathis does not have a water well. Answering Defendants lack sufficient information to admit or deny the remaining allegations of

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

paragraph 177 of the First Amended Complaint.

178.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 178 of the First Amended Complaint.

179.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 179 of the First Amended Complaint.

180.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.  Answering Defendants deny all other allegations found in Paragraph 180 of the First Amended Complaint.

181.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 181 of the First Amended Complaint.

182.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 182 of the First Amended Complaint.

183.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 183 of the First Amended Complaint.

184.    Answering Defendants deny each and every allegation in Paragraph 184 of the First Amended Complaint.

185.    Answering Defendants admit the allegations found in Paragraph 185 of the First Amended Complaint.

186.    Answering Defendants admit the allegations found in Paragraph 186 of the First Amended Complaint.

187.    Answering Defendants admit the allegations found in Paragraph 187 of the First Amended Complaint.

188. Answering Defendants admit the allegations found in Paragraph 188 of the First Amended Complaint.

189.    Answering Defendants admit that "Following the adoption of Ordinance No. 20-11, the County's Planning Department began imposing fines…"  Answering Defendants deny the remaining allegations found in Paragraph 189 of the First Amended Complaint.

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

190.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

191.    Answering Defendants admit that the quoted comments were made but deny the context in which they are presented, and the motive given to their meaning.

192.    Answering Defendants admit that the Board of Supervisors began issuing liens for unpaid cannabis-related fines under section 10-14.100.  Answering Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 192 of the First Amended Complaint.

193.    Answering Defendants admit that "After January of 2021, the County Board of Supervisors continued to record liens against properties for unpaid cannabis fines at increasing frequency, with approximately 40 liens issued through August 2022."  Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 193 of the First Amended Complaint.

194.    Answering Defendants deny each and every allegation in Paragraph 194 of the First Amended Complaint.

195.    Answering Defendants deny each and every allegation of Paragraph 195 of the First Amended Complaint.

196.    Answering Defendants deny each and every allegation in Paragraph 196 of the First Amended Complaint.

197.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 197 of the First Amended Complaint.

198.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 198 of the First Amended Complaint.

199.    Answering Defendants admit that the County requested to inspect the property and did, in fact, inspect the property. Answering Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 199 of the First Amended Complaint.

200.    Answering Defendants admit that the property was inspected, and various code

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

violations were found and that the seedlings had to be destroyed.  Answering Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 200 of the First Amended Complaint.

201.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 201 of the First Amended Complaint.

202.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 202 of the First Amended Complaint.

203.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 203 of the First Amended Complaint.

204.    Answering Defendants admit "Ms. Va applied for and paid the fee for a well permit." Answering Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 204 of the First Amended Complaint.

205.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 205 of the First Amended Complaint.

206.    Answering Defendants admit the allegations of Paragraph 206 of the First Amended Complaint.

207.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 207 of the First Amended Complaint.

208.    Answering Defendants admit that Ms. Vang owns the property described. Answering Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 208 of the First Amended Complaint.

209.    Answering Defendants admit that they searched and issued citations for a cannabis grow located on the property.  Answering Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 209 of the First Amended Complaint.

210.    Answering Defendants admit the allegations of Paragraph 210 of the First Amended Complaint.

**PLAINTIFFS' PROPOSED CLASS AND SUBCLASSES**

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

211.    This is statement of law and argument that the County denies is proper.

212.    Answering Defendants deny the alleged classes are sufficiently described.

213.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 213 of the First Amended Complaint.

214.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 214 of the First Amended Complaint.

215.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 215 of the First Amended Complaint.

216.    Answering Defendants deny each and every allegation of Paragraph 216 of the First Amended Complaint.

217.    Answering Defendants lack sufficient information to admit or deny the allegations of paragraph 217 of the First Amended Complaint.

218.    Answering Defendants deny each and every allegation of Paragraph 218 of the First Amended Complaint.

219.    Answering Defendants deny each and every allegation of Paragraph 219 of the First Amended Complaint.

220.    Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

## LEGAL CLAIMS

### CLAIM ONE

221.    Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 221 of the First Amended Complaint but deny that the alleged actions took place herein.

222.    Answering Defendants deny each and every allegation of Paragraph 222 of the First Amended Complaint.

223.    Answering Defendants deny each and every allegation of Paragraph 223 of the First Amended Complaint.

224.    Answering Defendants deny each and every allegation of Paragraph 224 of the First

*DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Amended Complaint.

225.     Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

## **CLAIM TWO**

226.     Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 226 of the First Amended Complaint but deny that the alleged actions took place herein.

227.     Answering Defendants do not deny that Plaintiff Chang, Vang and perhaps members of the Subclass are Asian American and therefore members of a Protected Class under the Equal Protection Clause.  Answering Defendants deny that this is relevant to the conduct of the Answering Defendants as no action was taken because of the Plaintiffs' membership of a Protective Class.

228.     Answering Defendants deny each and every allegation of Paragraph 228 of the First Amended Complaint.

229.     Answering Defendants deny each and every allegation of Paragraph 229 of the First Amended Complaint.

230.     Answering Defendants deny each and every allegation of Paragraph 230 of the First Amended Complaint.

231.     Answering Defendants deny each and every allegation of Paragraph 231 of the First Amended Complaint.

232.     Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

## **CLAIM THREE**

233.     Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 233 of the First Amended Complaint but deny that the alleged actions took place herein.

234.     Answering Defendants do not deny that Plaintiff Chang, Vang and perhaps members of the Subclass are Asian American and therefore members of a Protected Class under the Equal Protection Clause.  Answering Defendants deny that this is relevant to the conduct of the Answering Defendants as no action was taken because of the Plaintiffs' membership of a Protective Class.

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

235.     Answering Defendants deny each and every allegation of Paragraph 235 of the First Amended Complaint.

236.     Answering Defendants deny each and every allegation of Paragraph 236 of the First Amended Complaint.

237.     Answering Defendants deny each and every allegation of Paragraph 237 of the First Amended Complaint.

238.     Answering Defendants deny each and every allegation of Paragraph 238 of the First Amended Complaint.

## **CLAIM FOUR**

239.     Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

240.     Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 240 of the First Amended Complaint but deny that the alleged actions took place herein.

241.     Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 241 of the First Amended Complaint but deny that the alleged actions took place herein.

242.     Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 242 of the First Amended Complaint but deny that the alleged actions took place herein.

243.     Answering Defendants deny each and every allegation in Paragraph 243 of the First Amended Complaint.

244.     Answering Defendants deny each and every allegation in Paragraph 244 of the First Amended Complaint.

245.     Answering Defendants deny each and every allegation in Paragraph 245 of the First Amended Complaint.

246.     Answering Defendants deny each and every allegation of Paragraph 246 of the First Amended Complaint.

247.     Answering Defendants deny each and every allegation of Paragraph 247 of the First Amended Complaint.

*DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

## **CLAIM FIVE**

248.    Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

249.    Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 249 of the First Amended Complaint but deny that the alleged actions took place herein.

250.    Answering Defendants admit that Sheriff Larue is a final decisionmaker in some areas but deny that he is the final decisionmaker in all areas. Answering Defendants deny the remaining allegations of Paragraph 250 of the First Amended Complaint.

251.    Answering Defendants deny each and every allegation of Paragraph 251 of the First Amended Complaint.

252.    Answering Defendants deny each and every allegation of Paragraph 252 of the First Amended Complaint.

253.    Answering Defendants deny each and every allegation of Paragraph 253 of the First Amended Complaint.

## **CLAIM SIX**

254.    Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

255.    Answering Defendants do not dispute that Plaintiff Mathis is Asian American, and, therefore, a member of a protected class under the Equal Protection Clause. Answering Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 255 of the First Amended Complaint.

256.    Answering Defendants deny each and every allegation of Paragraph 256 of the First Amended Complaint.

257.    Answering Defendants deny each and every allegation of Paragraph 257 of the First Amended Complaint.

258.    Answering Defendants deny each and every allegation of Paragraph 258 of the First Amended Complaint.

*DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLAIM SEVEN

259.     Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

260.     Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 260 of the First Amended Complaint but deny that the alleged actions took place herein.

261.     Answering Defendants do not dispute that Plaintiff Mathis is Asian American, and, therefore, a member of a protected class under the Equal Protection Clause. Answering Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 261 of the First Amended Complaint.

262.     Answering Defendants deny each and every allegation of Paragraph 262 of the First Amended Complaint.

263.     Answering Defendants deny each and every allegation of Paragraph 263 of the First Amended Complaint.

264.     Answering Defendants deny each and every allegation of Paragraph 264 of the First Amended Complaint.

## CLAIM EIGHT

265.     Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

266.     Answering Defendants deny each and every allegation of Paragraph 266 of the First Amended Complaint.

267.     Answering Defendants deny each and every allegation of Paragraph 267 of the First Amended Complaint.

268.     Answering Defendants deny each and every allegation of Paragraph 268 of the First Amended Complaint.

## CLAIM NINE

269.     Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

270.     Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 270 of the First Amended Complaint but deny that the alleged actions took place herein.

271.     Answering Defendants deny each and every allegation of Paragraph 271 of the First Amended Complaint.

272.     Answering Defendants deny each and every allegation of Paragraph 272 of the First Amended Complaint.

273.     Answering Defendants deny each and every allegation of Paragraph 273 of the First Amended Complaint.

## CLAIM TEN

274.     Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

275.     Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 275 of the First Amended Complaint but deny that the alleged actions took place herein.

276.     Answering Defendants deny each and every allegation of Paragraph 276 of the First Amended Complaint.

## CLAIM ELEVEN

277.     Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

278.     Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 278 of the First Amended Complaint but deny that the alleged actions took place herein.

279.     Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 279 of the First Amended Complaint but deny that the alleged actions took place herein.

280.     Answering Defendants deny each and every allegation of Paragraph 280 of the First Amended Complaint.

281.     Answering Defendants deny each and every allegation of Paragraph 281 of the First Amended Complaint.

282.     Answering Defendants deny each and every allegation of Paragraph 282 of the First

*DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT*

Amended Complaint.

## CLAIM TWELVE

283. Answering Defendants incorporate by reference herein all foregoing and subsequent paragraphs as though fully set forth herein.

284. Answering Defendants do not dispute the premise of the allegations set forth in Paragraph 284 of the First Amended Complaint but deny that the alleged actions took place herein.

285. Answering Defendants admit the allegations of Paragraph 285 of the First Amended Complaint.

286. Answering Defendants admit the allegations of Paragraph 286 of the First Amended Complaint.

287. Answering Defendants deny each and every allegation of Paragraph 287 of the First Amended Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

A.     Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

B.     Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

C.     Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

D.     Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

E.     Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

F.     Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

G.     Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

*DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

H.    Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

I.    Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

J.    Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

K.    Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

L.    Answering Defendants deny that Plaintiffs, and the putative class, are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Failure to State Claim

As a first, separate and distinct affirmative defense to the First Amended Complaint, these answering Defendants allege that Plaintiffs' First Amended Complaint fails to state a cause of action against the Defendants.

### Second Affirmative Defense – Exhaustion of Administrative Remedies

As a second, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the Plaintiffs have failed to exhaust the necessary administrative remedies prior to instituting this lawsuit and as such the Court lacks jurisdiction over those claims.

### Third Affirmative Defense – Good Faith and Reasonable Conduct

As a third, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the complaint is barred because at all times relevant Defendants acted reasonably, in good faith, and without malice based on the relevant facts and circumstances known by Defendants at the time they acted.

### Fourth Affirmative Defense  – Liability of Other Defendants

As a fourth, separate and distinct affirmative defense to Plaintiffs' First Amended

*DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Complaint, these answering Defendants allege that if Plaintiffs suffered any damages, such damages are proximately or legally caused by the misconduct, negligence, or fault of parties other than these answering Defendants.

### Fifth Affirmative Defense – Statute of Limitations

As a fifth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the complaint and each claim set forth herein, is barred, in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §335.1.

### Sixth Affirmative Defense - Immunity

As a sixth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the Answering Defendants are immune from the allegations contained within Plaintiffs' complaint and the causes of action therein, based upon the discretionary immunity contained within the California Government Code.

### Seventh Affirmative Defense – Mitigation of Damages

As a seventh, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that Plaintiffs' failed to mitigate their alleged damages, if any were sustained, as required by law.

### Eighth Affirmative Defense - Immunity

As an eighth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that they are immune from the allegations contained within the Plaintiffs' complaint, and the causes of action therein, based upon the qualified good faith immunity available under both federal and state law.

### Ninth Affirmative Defense – No Deprivation of Rights

As a ninth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that Plaintiffs' claims are barred, in whole or in part, because Defendants did not deprive Plaintiffs of any right or privilege guaranteed by any federal or state constitution or law.

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

### Tenth Affirmative Defense – Willful Conduct by Plaintiffs

As a tenth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these Defendants allege that the Plaintiffs by their acts and/or omissions engaged in willfulness conduct and that willfulness conduct precludes this action and, further, that willfulness conduct was a legal cause of the Plaintiffs' allegations, causes of action and any right to damages, if any, sustained by Plaintiffs.

### Eleventh Affirmative Defense – No Cause of Action to Support Attorney's Fees

As an eleventh separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the complaint fails to state facts sufficient to constitute a cause of action for attorney's fees.

### Twelfth Affirmative Defense – Lack of Standing

As a twelfth separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the representative Plaintiffs, and members of the proposed Putative Class, lack standing to bring some of the claims for which they seek redress.

### Thirteenth Affirmative Defense – Unclean Hands

As a thirteenth separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that Plaintiffs, and members of the Proposed Putative Claims, have unclean hands and are therefore barred from recovering any award in equity.

### Fourteenth Affirmative Defense – Compelling State Interest

As a fourteenth separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the Answering Defendants herein had a compelling state interest to conduct the alleged conduct at issue and therefore are not liable to Plaintiffs.

### Fifteenth Affirmative Defense – Impermissible Mandatory Injunction

As a fifteenth separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the injunctive relief sought by Plaintiffs is mandatory in nature as it demands affirmative status quo altering relief and Plaintiffs cannot meet

the higher threshold of proof required for the issuance of a Mandatory Injunction.

**Sixteenth Affirmative Defense – Right to Assert Additional Affirmative Defenses as Discovery is Completed**

As a sixteenth separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that they presently have insufficient knowledge and information upon which to form a belief as to whether Defendants may have additional, yet unstated, defenses. Accordingly, these answering Defendants reserve the right to assert additional defenses in the event discovery and/or investigation reveals a factual and/or legal basis for such affirmative defenses.

**DEMAND FOR JURY TRIAL**

Answering Defendants hereby demand a jury trial on all claims in this case and prayer.

**PRAYER**

Wherefore, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing from his Complaint;

2.      That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3.      That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.      For costs of suit incurred herein, including reasonable attorney fees; and

5.      For such other and further relief as the Court deems just and equitable.

Dated:  September 15, 2024                **MATHENY SEARS LINKERT & JAIME LLP**

By: _____
RICHARD S. LINKERT, ESQ.
MADISON M. SIMMONS, ESQ.
Attorneys for LARGO CONCRETE, INC.

*DEFENDANT COUNTY OF SISKIYOU AND JEREMIAH LARUE'S ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864