**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD (SBN: 158338)
300 University Avenue, Suite 100
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile: (916) 448-6888
Email: scottd@sdnlaw.com

Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
RICHARD S. LINKERT, ESQ. (SBN 88756)
MADISON M. SIMMONS, ESQ. (SBN 292185)
3638 American River Drive
Sacramento, California 95864
Telephone: (916) 978-3434
Facsimile: (916) 978-3430
Email: rlinkert@mathenysears.com
msimmons@mathenysears.com

Attorneys for Defendants
COUNTY OF SISKIYOU and
JEREMIAH LARUE

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GER CHONG ZE CHANG, MAI NOU VANG, RUSSELL MATHIS, YING SUSANNA VA, and all others similarly situated,

Plaintiffs,

v.

COUNTY OF SISKIYOU and JEREMIAH LARUE, in his official capacity as Sheriff

Defendants.

Case No. 2:22-cv-01378-KJM-AC

**REQUEST FOR JUDICIAL NOTICE ISO DEFENDANT'S SUPPLEMENTAL BRIEF TO ADDRESS COURT ORDER SUSTAINING IN PART PRELIMINARY INJUNCTION**

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

PLEASE TAKE NOTICE that Defendants Siskiyou County and Sheriff Jeremiah Larue request that the Court take judicial notice of the following pursuant to Federal Rules of Evidence, Rule 201:

**Exhibit 1:** Complaint for Permanent Injunction, Civil Penalties and Other Equitable Relief brought by the People of the State of California against Shannon A Spencer et al, on September 28, 2020, filed as Siskiyou County Superior Court Action No. CVCV20-00809.

**Exhibit 2:** First Amended Complaint for Permanent Injunction, Civil Penalties and Other Equitable Relief brought by the People of the State of California against Stephen D. Griset et al, on February 19, 2021, as Siskiyou County Superior Court Action No. CVCV 20-00810.

Dated: November 22, 2024

SPINELLI, DONALD & NOTT

By: /s/
J. SCOTT DONALD
Attorneys for Defendants
COUNTY OF SISKIYOU AND
JEREMIAH LARUE

**EXHIBIT 1**

J. KIRK. ANDRUS
District Attorney
MARTHA AKER (State Bar No. 216446)
Assistant District Attorney
311 Fourth Street, Room 204
P. O. Box 986
Yreka, CA 96097
Telephone: (530) 842-8125
Facsimile: (530) 842-8137
da@siskiyouda.org

*Attorneys for Plaintiff, The People of the State of California*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SISKIYOU
SEP 28 2020
BY: M. Chandler
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SISKIYOU

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA<br>Plaintiff,<br>vs.<br>SHANNON M. SPENCER, as a Trustee of the Ellison Family Trust, SHANNON M. SPENCER as an individual; DAVID M. DUNLAP as a Trustee of the Ellison Family Trust; DAVID M. DUNLAP as an individual; SHERRI K. ELLISON; GARRETT A. WALTERS; SETH S. WALTERS; and DOES 1 – 100, Inclusive.<br>Defendants. | Case No.: CV CV 20-00809<br><br>COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER EQUITABLE RELIEF<br><br>[Deemed verified pursuant to CCP §446] |

Plaintiffs, THE PEOPLE OF THE STATE OF CALIFORNIA, by and through JAMES KIRK ANDRUS, District Attorney of the County of Siskiyou, and MARTHA AKER, Assistant District Attorney, bring this action in the public interest, and hereby allege the below based on information and belief.

**JURISDICTION**

1. This complaint seeks injunctive relief, civil penalties, and other relief under the Siskiyou County Code (SCC) and the CA Business and Professions Code section 17200 et seq.

2. The alleged violations of law hereinafter described occurred in Siskiyou County, California.

3. The authority of the District Attorney of Siskiyou County to bring this action is derived from the statutory laws of the State of California and the County of Siskiyou, specifically Business and Professions Code section 17204, Code of Civil Procedure section 731, and SCC section 1-5.08. The District Attorney may seek civil penalties and injunctive relief.

4. Plaintiff brings this action without prejudice to any other action or claim which Plaintiff may have based on separate, independent, and unrelated violations arising out of matters or allegations that are not set forth in this Complaint.

**DEFENDANTS**

5. Defendant SHANNON M. SPENCER is an individual person.

6. Defendant DAVID M. DUNLAP is an individual person.

7. The Ellison Family Trust is a legal entity in the form of a trust that has an ownership interest in the real properties in Siskiyou County, California, identified as APN Nos. 019-021-040 and 019-021-060.

8. On or about July 12, 2017, defendants SHANNON M. SPENCER and DAVID M. DUNLAP became co-trustees of the Ellison Family Trust, upon the passing of the surviving settler of the Ellison Family Trust.

9. Defendant "SHANNON M. SPENCER as a Trustee of the Ellison Family Trust" is the same person in Paragraph 5 above, but sued separately by acting as a Trustee of the Ellison Family Trust, which has an ownership interest in the real properties located in Siskiyou County, California, identified as APN Nos. 019-021-040 and 019-021-060.

10. Defendant "DAVID M. DUNLAP as a Trustee of the Ellison Family Trust" is the same person in Paragraph 6 above, but sued separately by acting as a Trustee of the Ellison Family Trust, which has an ownership interest in the real properties located in Siskiyou County, California, identified as APN Nos. 019-021-040 and 019-021-060.

11. Defendant SHERRI K. ELLISON is an individual person who at the time of filing this complaint resides at 12425 Highway A-12, Montague CA 96064. SHERRI K. ELLISON is also known as (AKA) Sherri K. Walters and Sherri K. Dunlap.

12. Defendant GARRETT A. WALTERS is an individual person who at the time of filing this complaint resides at 11921 Highway A-12, Montague CA 96064.

13. Defendant SETH S. WALTERS is an individual person who at the time of filing this complaint resides at 11921 Highway A-12, Montague CA 96064.

14. Plaintiff is unaware of the true names and capacities of defendants sued herein under fictitious names as DOES 1 through 100, inclusive, and Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs allege each of the Doe Defendants is responsible in some manner for the violations alleged in the below causes of action.

## BACKGROUND

15. Unlawful cannabis cultivation has remarkedly increased in Siskiyou County in recent years. In an attempt to control this problem, the Siskiyou County Board of Supervisors has passed several ordinances beginning in 2015. These ordinances are contained within Siskiyou County Code (SCC) Title 10, Chapters 14 and 15. Despite these ordinances, unlawful cannabis cultivation has proliferated every year.

16. Currently, by far the largest number of unlawful cannabis grows in Siskiyou County is in the Mount Shasta Vista subdivision (Shasta Vista). The number of such sites in Shasta Vista is conservatively estimated by the Siskiyou County Sheriff's Office to be from two thousand five hundred (2,500) to three thousand (3,000).

17. Cannabis is a water intensive crop. The primary source of water used to irrigate the cannabis plants in Shasta Vista is groundwater from the Shasta Valley Groundwater Basin (the Basin) which lies underneath Shasta Vista and the surrounding Big Springs community. This

community since its birth has relied on this groundwater for livelihood, both for domestic and agricultural purposes.

18. The CA Department of Water Resources Department has identified this Basin as a groundwater basin of concern by designating it a "medium priority" basin under the Sustainable Groundwater Management Act. Despite this designation and drought conditions in the Basin, some persons have been extracting or allowing the extraction of bulk amounts of groundwater from the Basin for the purpose of irrigating the illegal cannabis plants in Shasta Vista. During each cannabis growing season, an enormous amount of groundwater is extracted on a continuous basis. This year alone, it is estimated that many millions of gallons a day has been extracted and used and therefore wasted on the illegal cannabis sites in Shasta Vista.

19. This illegal use of groundwater competes with the longstanding legitimate domestic and agricultural needs of the Big Springs community and others who share the groundwater within the Shasta Valley Basin.

20. To assist in dealing with this problem, the Siskiyou County Board of Supervisors passed a Local State of Emergency Declaration on January 21, 2020 (Resolution 20-18) declaring that an estimated three million gallons (3,000,000) is wasted daily by illicit cannabis growers and jeopardizes the lawful agricultural, recreation, private and environmental use of water for residents of Siskiyou County. Since the passing of the resolution, the number of cannabis grows in Shasta Vista has massively increased, and groundwater depletion has correspondingly increased. It is estimated that over three million gallons is used daily in Shasta Vista during the peak of the cannabis growing season.

21. To directly combat the wastage of groundwater, on August 4, 2020, the Board of Supervisors urgently passed Ordinance No. 20-13. This ordinance states that the extraction (pumping) and discharge of groundwater in Siskiyou County for use on illegal cannabis cultivation sites is a "threat to the public health, safety and welfare," and in passing it the Board of Supervisors declared that an estimated three (3) million gallons of water was being used daily by illicit cannabis growers in Siskiyou County. Siskiyou County Code (SCC) section 3-13.701

was added which states that the extraction and discharge of groundwater underlying Siskiyou County constitutes the "waste" and/or "unreasonable" use of groundwater and is a "public nuisance..." Added section 3-13-702(a) states that persons and entities are prohibited from "extracting and discharging groundwater underlying Siskiyou County for use in cultivating cannabis in violation of Chapter 14 or Chapter 15 of Title 10 of the SCC." Added section 3-13-702(b) states that "no person or entity shall permit the existence of any public nuisances... to exist on the property in his or her ownership or possession and control."

22. Despite this urgent ordinance, the defendants continue to extract or allow the extraction of massive amounts of ground water in bulk quantities on a daily basis from the two wells on the properties identified as APN Nos. 019-021-040 and 019-021-060.

## FACTUAL ALLEGATIONS

The People are informed and believe and based thereon allege as follows:

23. That at all times relevant to this Complaint, Defendants are and were responsible for the acts and omissions that constitute the alleged violations of the law. The acts and omissions were performed personally by the defendants or by Defendants' agents at the Defendants' instruction, or with the Defendants' permission or by their allowance.

24. That at all times relevant to this Complaint, the Ellison Family Trust has an ownership interest in Siskiyou County parcels with APN Nos. 019-021-040 and 019-021-060 (the Parcels).

25. That at all times relevant to this Complaint, defendants SHANNON M. SPENCER and DAVID M. DUNLAP were Co-Trustees of the Ellison Family Trust, and SHANNON M. SPENCER, DAVID M. DUNLAP, SHERRI K. ELLISON, GARRETT A. WALTERS, AND SETH S. WALTERS are beneficiaries of the Ellison Family Trust.

26. That at all times relevant to this Complaint, defendants SHERRI K. ELLISON, GARRETT A. WALTERS and SETH S. WALTERS reside on the Parcels.

27. That at all times relevant to this Complaint, there has been an active groundwater well on Siskiyou County parcel with APN No. 019-021-040.

28. That at all times relevant to this Complaint, there has been an active groundwater well on Siskiyou County parcel with APN No. 019-021-060.

29. That pursuant to Siskiyou County zoning ordinances, these two parcels are within the Prime Agricultural District, or AG-1 District of Siskiyou County, and have been during the relevant times of this Complaint.

30. That bulk groundwater extraction and distribution has not been a permitted use within the Prime Agricultural District AG-1 zoning designation during the relevant times of this Complaint.

31. That during the relevant time periods, including within three years of the date of the commencement of this action, all Defendants have performed, directed, or allowed the performance of, acts constituting the bulk extraction of groundwater, collection of such, and distribution of such from two wells located on the Parcels (APN Nos. 019-021-040 and 019-021-060).

32. That the Defendants have distributed the extracted ground water by pumping or allowing the pumping of the groundwater from the wells into water trucks for transportation off-site into the Mount Shasta Vista area for the use in cultivation of cannabis in violation of Chapter 14 and/or 15 of Title 10 of the Siskiyou County Code.

33. That the bulk groundwater extraction, distribution, transportation, use, and sales activities from the two wells constitute business practices.

**FIRST CAUSE OF ACTION**
(Violations of Siskiyou County Zoning Ordinance)
SCC Title 10, Chapter 6)

34. Plaintiff realleges paragraphs 1 through 33 inclusive.

35. Siskiyou County Code (SCC) Title 10, Chapter 6 adopts, implements, and regulates a zoning plan for Siskiyou County. The zoning plan establishes various districts where, e.g.,

certain trades or occupations may be carried out, and certain uses of land uses may be conducted. Only uses which are described as permitted within each zoning district will be allowed within that district. The Siskiyou County zoning plan does not generally authorize the bulk extraction, distribution, and sales of groundwater.

36. The Prime Agricultural District, or AG-1 Zoning District of Siskiyou County is not authorized for the bulk extraction, distribution, and sales of groundwater.

37. SCC, Title 10, Chapter 6, Section 10-6.203 provides that no premises or land may be used, for any purpose or in any manner other than is included among the uses listed as permitted in the zoning district in which the premise and land is located.

38. All the Defendants used, or allowed the use of, the land identified as Siskiyou County APN Parcel Nos. 019-021-040 and 019-021-060 for a purpose or in a manner that is not included among the uses permitted in the district where the land is located, to wit for the bulk extraction and distribution of groundwater.

39. Plaintiff alleges that, within three (3) years of the date of commencement of this action, and for the past three years, all the Defendants violated SCC Title 10, Chapter 6, Section 10-6.203.

40. Pursuant to SCC Title 1, Chapter 2, Section 1-5.03 and 1-2.02, each and every day, and any portion of which, these violations were committed, continued, permitted, aided, and abetted are deemed a new and separate violation and offense.

41. Pursuant to SCC Title 1, Chapter 2, Section 1-5.08(b), all Defendants are liable for civil penalties for each and every violation and offense.

42. Based on the above, the People also request permanent injunctive relief against all Defendants under SCC section 1-5.08(a).

**SECOND CAUSE OF ACTION**
(Violations of Siskiyou County Groundwater Ordinance)
(SCC Title 3, Chapter 13)

43. Plaintiff realleges paragraphs 1 through 42 above.

44.  Siskiyou County Code (SCC) Title 3, Chapter 13, Article 7 states that the extraction and discharge of groundwater underlying Siskiyou County for use in the cultivation of cannabis in violation of Chapter 14 or 15 of Title 10 of the Siskiyou County constitutes the waste and/or unreasonable use of groundwater and is a public nuisance and threat to the public health, safety, and welfare of the citizens of Siskiyou County.

45.  All Defendants violated SCC Title 3, Chapter 13, Section 702(a) by committing acts, or allowing the commission of acts of wasting or unreasonably using groundwater by extracting and discharging groundwater underlying Siskiyou County for use in cultivating cannabis in violation of Chapter 14 or Chapter 15 of Title 10 of the SCC.  Each individual act of extracting groundwater (e.g. into a water truck or other container), is a separate act and therefore a separate violation.

46.  All Defendants violated SCC Title 3, Chapter 13, Section 702(b) by permitting the existence of a public nuisance, to wit the extraction of groundwater underlying Siskiyou County for use in the cultivation of cannabis in violation of Chapter 14 or 15 of Title 10 of the SCC on the property where the wells are located, believed to be parcels with APN Nos. 019-021-040 and 019-021-060, which parcels are within their ownership or possession and control.

47.  Plaintiff alleges that, within three (3) years of the date of commencement of this action, and for the past three years, all Defendants violated SCC Title 3, Chapter 13, Article 7, Sections 702(a) and 702(b).

48.  Plaintiff alleges that pursuant to SCC Title 3, Chapter 13, Article 6, Section 3-13.601 that each and every day, and any portion of which, these violations were committed, continued, or permitted, are deemed a new and separate violation and offense.

49. Plaintiff alleges that pursuant to SCC Title 3, Chapter 13, Article 6, Section 3-13.601, each defendant shall be deemed to have committed separate violations for each and every separate groundwater well with which any such violation is committed, continued, or permitted.

50. Plaintiff alleges, that pursuant to SCC Title 3, Chapter 13, Article 6, Section 3-13.601. that all Defendants are liable for civil penalties in the amount of up to Five Thousand ($5,000.00) Dollars per separate violation committed, continued, or permitted.

51. Based on the above, the People also request permanent injunctive relief against all Defendants under SCC section 1-5.08(a) and 3-13.60.

**THIRD CAUSE OF ACTION**
(Public Nuisance *Per Se*)
(Siskiyou County Code)

52. Plaintiff realleges paragraphs 1 through 51 above.

53. Civil Code section 3491 allows Plaintiff to bring a civil action against any public nuisance.

54. The County is authorized to declare by ordinance what constitutes a nuisance within its jurisdiction through its constitutional right to "make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." Cal. Const., Art. XI, §7.

55. When a local ordinance declares certain conditions or activities to be a nuisance, those conditions are a nuisance *per se,* and no proof is required beyond the activity or existence of condition itself. *City of Costa Mesa v. Soffer* (1992) 11 Cal.App.4th 378, 382.

56. SCC section 1-2.01(a)(1) makes it "unlawful for any person to violate any provision or to fail to comply with any of the requirements of this Code."

57. SCC section 1-2.01(a)(2) declares that "any condition caused or permitted to exist in violation of any of the provisions of this Code shall be deemed a public nuisance and may be, by this County, summarily abated, and each day such condition continues shall be regarded as a new and separate offense."

58. SCC Title 3, Chapter 13, Article 7, Section 701 states that the extraction and discharge of groundwater underlying Siskiyou County for use in the cultivation of cannabis in

violation of Chapter 14 or Chapter 15 of Title 10 of the Siskiyou County Code is a public nuisance.

59. SCC Title 3, Chapter 13, Article 7, Section 702(b) declares that "[n]o person or entity shall permit the existence of any public nuisances, as defined in this Article [Article 7], to exist on property in his or her ownership or possession and control."

60. The aforementioned violations, including Title 3, Chapter 13, Article 7 (Groundwater Violations) and Title 10, Chapter 6 (Zoning Violations) constitute nuisances *per se* pursuant to the SCC.

61. Defendants, and each of them, continue to cause, maintain, allow, and/or permit nuisances *per se* to exist, and unless enjoined from continuing the nuisance activity, will continue to allow the nuisances to persist. Therefore, temporary, preliminary, and permanent injunctions by this Court are necessary to prevent the continuation of these and other public nuisances that are significantly and immediately harmful and detrimental to the health, safety, and welfare of the nearby citizens who reside near the Parcels, other persons who rely on the Shasta Valley Groundwater Basin, and the general public and local community.

62. SCC section 1-5.08(b) authorizes imposition of civil penalties against all the Defendants in the amount of up to One Thousand Dollars ($1,000.00) per violation for the Code violations set forth in the FIRST CAUSE OF ACTION of this Complaint (Zoning Violations), and in an amount of up to Five Thousand Dollars ($5,000.00) per violation for the Code violations set forth in the SECOND CAUSE OF ACTION of this Complaint (Groundwater Ordinance Violations).

## FOURTH CAUSE OF ACTION

(Violations of Unlawful Business Practices)
(Business and Professions Code section 17200 et. seq.)

63. Plaintiff realleges paragraphs 1 through 61 above.

64. Plaintiff alleges that, within four (4) years of the date of commencement of this action all Defendants engaged in and continue to engage in, unlawful acts, omissions, and practices that

constitute unfair competition and unlawful business practices within the meaning of Business and Professions Code section 17200 through 17208, as alleged in the First and Second Causes of Action, above, and unless enjoined by order of the Court, Defendants may or will continue in the course of conduct as alleged herein.

65. Each and every separate act constitutes an unlawful and/or unfair business practice. Each day that the Defendants engaged in each separate unlawful act, omission, or practice is a separate and distinct violation of Business and Professions Code section 17200.

66. Plaintiff alleges that pursuant to Business and Professions Code section 17206, all Defendants are liable for civil penalties for each and every separate act of unfair competition as alleged herein for violations of the Siskiyou County Code Title 10, Chapter 6 (Zoning Violations) and Title 3, Chapter 13, Article 7 (Groundwater Violations) as described in Causes of Action ONE and TWO above. Each individual extraction of groundwater (e.g. into a container or truck) is a separate act.

67. Based on the above, the People request injunctive relief against all Defendants under Business and Professions Code section 17203 to enjoin them from engaging in acts or practices that, as alleged in this Complaint, violate SCC Title 10, Chapter 6 and Title 3, Chapter 13, Article 7 and any other applicable local ordinances pertaining to zoning and groundwater.

**PRAYER**

Wherefore, Plaintiff prays for judgment as follows:

1. For the court to declare that the Defendants activities and business practices are public nuisances.
2. For the court to declare that the subject property (the Parcels) are public nuisances due to the violations related to the groundwater wells on the properties.

3. For a temporary restraining order preliminary injunction and permanent injunction, issued pursuant to 1-5.08 and 3-13.601 enjoining the Defendants from:
   a. continuing their acts and business practices which are a public nuisance.
   b. requiring Defendants to comply with the relevant provisions in SCC, Title 10, Chapter 6; and
   c. requiring Defendants to comply with the relevant provisions in SCC, Title 3, Chapter 13.
4. A temporary restraining order, preliminary injunction, and permanent injunction, issued pursuant to Business and Professions Code section 17203, prohibiting Defendants from engaging in activity that violates the provisions of SCC, Title 10, Chapter 6 and SCC, Title 3, Chapter 13, as alleged in this Complaint which thereby constitute unlawful business practices within the meaning of Business and Professions Code section 17200 et. seq.
5. Civil penalties in the amount ONE THOUSAND DOLLARS ($1,000.00) for each violation of SCC, Title 10, Chapter 6, in an amount according to proof, and for each day of continued nuisance per se for violation of this code section.
6. Civil penalties in the amount of FIVE THOUSAND DOLLARS ($5,000.00) for each violation of SCC, Title 3, Chapter 13, in an amount according to proof, and for each day of continued nuisance per se for violation of this code section.
7. Civil penalties in the amount of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) for each act of unfair business competition, and each day of unfair competition, in amount according to proof, pursuant to Business and Professions Code §17206.
8. Restitution as necessary to restore any person in interest any money or property, real or personal, which may have been acquired by means of unfair and unlawful competition.
9. Disgorgement of all moneys obtained by illegal means.
10. Plaintiffs costs of investigation, attorney's fees, enforcement, prosecution, and suit herein; and

11. Such other and further relief as the Court has the authority to order and deems just and proper.

Dated: September 28, 2020

Respectfully Submitted,
JAMES KIRK ANDRUS
DISTRICT ATTORNEY

Martha Aker

MARTHA AKER
Assistant District Attorney

**EXHIBIT 2**

COPY

J. KIRK. ANDRUS
District Attorney
MARTHA AKER (State Bar No. 216446)
Assistant District Attorney
311 Fourth Street, Room 204
P. O. Box 986
Yreka, CA 96097
Telephone: (530) 842-8125
Facsimile: (530) 842-8137
da@siskiyouda.org

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SISKIYOU
YREKA BRANCH
FEB 19 2021
BY: ENDORSED- E. FISHER
DEPUTY CLERK

*Attorneys for Plaintiff, The People of the State of California*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SISKIYOU

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN D. GRISET; GEORGE S. GRISET as a Trustee of the George S. Griset Revocable Trust; GEORGE S. GRISET as an individual; GRISET FARMS INC.; and DOES 1 – 100, Inclusive.<br><br>Defendants. | Case No.: CVCV 20-00810<br><br>FIRST AMENDED COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER EQUITABLE RELIEF<br><br>[Deemed verified pursuant to CCP §446] |

Plaintiff, the People of the State of California, by and through JAMES KIRK ANDRUS, District Attorney of the County of Siskiyou, hereby allege the following based on information and belief.

**PLAINTIFF**

1. Plaintiff is the People of the State of California. The People bring this action by and through J. Kirk Andrus, District Attorney of Siskiyou County.

2. The authority of the District Attorney of Siskiyou County to bring this action is derived from the statutory laws of the State of California and the County of Siskiyou, specifically Business and Professions Code sections 17203, 17204, and 17206; Code of Civil Procedure section 731; and Siskiyou County Code section 1-5.08.

3. Plaintiff brings this action without prejudice to any other action or claim which Plaintiff may have based on separate, independent, and unrelated violations arising out of matters or allegations that are not set forth in this Complaint.

## DEFENDANTS

4. Defendant **STEPHEN D. GRISET** is an individual person.

5. Defendant **GEORGE S. GRISET** is an individual person.

6. The George S. Griset Revocable Trust is a legal entity in the form of a trust that has an ownership interest in the real property in Siskiyou County, California, identified as APN No. 019-021-430.

7. Defendant **GEORGE S. GRISET as Trustee of the George S. Griset Revocable Trust** is the same person as in paragraph 5 above but sued separately by acting as a Trustee of the George S. Griset Revocable Trust, which has an ownership interest in the real properties located in Siskiyou County, California, identified as APN No. 019-021-430.

8. Defendant **GRISET FARMS, INC**. is a California Corporation, with CA Corporation No. 0904860. The Chief Executive Officer of this Corporation is Defendant STEPHEN D. GRISET. Both Defendants STEPHEN D. GRISET and GEORGE S. GRISET are Directors of this Corporation. The street address of this corporation is 11401 County Highway A12, Montague, CA 96064.

9. Plaintiff is unaware of the true names and capacities of defendants sued herein under fictitious names as DOES 1 through 100, inclusive, and Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs allege each of the Doe Defendants is responsible in some manner for the violations alleged in the below causes of action.

10. At all times relevant to this Complaint, Defendants are and were responsible for the acts and omissions that constitute the alleged violations of the law. The acts and omissions were performed personally by the defendants or by Defendants' agents at the Defendants' instruction, or with the Defendants' permission or by their allowance.

11. All Defendants at times acted as agents of one another. With regard to the conduct and omissions alleged in this Complaint, each of the Defendants ratified the actions of the other Defendants.

## JURISDICTION AND VENUE

12. The alleged violations of law hereinafter described occurred in Siskiyou County, California.

13. Venue is proper in this Court under Code of Civil Procedure section 393 because the causes of action alleged in this Complaint arose out of Defendants' conduct in Siskiyou County, California.

## GENERAL ALLEGATIONS

14. The defendants are ranchers or are associated with a ranching business in the Big Springs area of Siskiyou County. At all times relevant, on some of the real property used for ranching, the Defendants have also owned and/or operated a separate business in the form of a bulk water service station. The station is located adjacent to Juniper Dr. and Highway A-12 in the Big Springs area of Montague, CA.

15. The primary parcels of real property where this business is conducted are on Siskiyou County Assessor's Parcel Numbers (APN) 019-021-430 and 019-021-100.

16. The Defendants do not have any license or permission from any local agency to run this business.

17. At all times relevant, the following describes the ownership interests in these land parcels:

- APN 019-021-430: Defendants GEORGE S. GRISET and GRISET FARMS, INC. have had ownership interests in this parcel. The George S. Griset Revocable Trust also has an ownership interest in this same parcel (APN No. 019-021-430). Defendant GEORGE S. GRISET is the Trustee of the George S. Griset Revocable Trust.

- APN No. 019-021-100:  Defendants STEPHEN D. GRISET and GRISET FARMS, INC., have owned this property.

18. At all times relevant, Defendant STEPHEN D. GRISET has managed the day-to day operations of this bulk commercial water service station.

19. At all times relevant, Defendant STEPHEN D. GRISET has used an office on APN No. 019-021-100 to manage the bulk water service station, which is the same office used by Defendant STEPHEN D. GRISET acting as Chief Executive Officer of Defendant GRISET FARMS, INC.

20. The source of the water for the bulk water service station is an agricultural well located on parcel APN 019-021-430.

21. The defendants extract groundwater from this well and transport it on the same parcel along Juniper Rd., via a pipeline, approximately 300-400 yards to a filling station on the same property.

22. At this water station, the groundwater extracted from well is discharged into water trucks, which typically range in size from 2000-4000 gallons.

23. There are discharge points at the service station, and up to four or five water trucks can fill up at one time.

24. While waiting to fill up, the water trucks wait in queue directly across Juniper Rd. on parcel APN No. 019-021-100.

25. The groundwater extracted from the well is sold by the Defendants at this bulk water service station.

26. The peak season for operation of this water station is during April through September, which coincides with the cannabis cultivation season.

27. During peak season, the defendants often operate the bulk water service station during all hours of the day.

28. During April through September 2020, local Big Springs residents typically observed 15-50 water trucks waiting to fill up at the station.

29. After filling up at the Defendants' water service station, the water trucks travel to areas where cannabis is unlawfully grown, primarily the Mt. Shasta Vista subdivision.

30. The Defendants know that the water is extracted and discharged into the water trucks for use on unlawful cannabis cultivation sites.

31. There are over 100 water trucks that participate in delivering the water to the Mt. Shasta Vista area. Many of the water trucks fill up at the station multiple times during each day.

32. Local long-term residents have observed an enormous increase in water truck traffic over about the last five years. The traffic is especially heavy during the cannabis growing season when it is continuous, every day, 24 hours a day. One resident observed well over 100 water trucks pass by her home near Highway A-12 during a six-hour period.

33. The trucks drive erratically, especially when filled with water. They often block and delay traffic, spill water, and generally create a safety risk for others on the road.

34. The enormous water truck traffic has destroyed the roads within the Mt. Shasta subdivision. Besides generally causing annoyance and safety concerns, this has resulted in slower response to fires and other emergencies.

35. The defendants' business operations violate at least two Siskiyou County Ordinances. As alleged in the First Cause of Action of this Complaint, they violate the County's Zoning Ordinance. As alleged in the Second Cause of Action, they violate the County's Groundwater Ordinance. Although based on some of the same facts, these two County Code law violations and causes of action are independent of each other.

36. As alleged in the Third Cause of Action, these same acts of the Defendants also constitute a Public Nuisance Per Se and are therefore subject to the relief described within that cause of action.

37. As alleged in the Fourth Cause of Action, these same acts of the Defendants constitute unlawful business practices under the Business and Professions Code section 17200 et. seq. (Unfair Competition Law) and are therefore subject to the relief described with that cause of action.

**FIRST CAUSE OF ACTION**
(Violations of Siskiyou County Zoning Ordinance)
(Siskiyou County Code Title 10, Chapter 6)

38. Plaintiff realleges paragraphs 1 through 37 inclusive.

39. Siskiyou County has adopted a zoning plan for the County which is a districting plan as provided for under Government Code section 65800 et. seq.. Under the Siskiyou County Code (SCC), Title 10, Chapter 6, Section 10-6.303, no premises or land may be used, for any purpose or in any manner other than is included among the uses listed as permitted in the zoning district in which the premise and land is located. An ordinance that allows uses within a zoning district only as specifically enumerated is sometimes referred to as a "permissive ordinance."

40. The Defendants' business operations are conducted on real property parcels APN Nos. 019-021-430 and 019-21-100, which properties are within either the Prime Agricultural District(AG-1) or Non-Prime Agricultural District (AG-2) of the County's districting plans.

41. These zoning districts (AG-1 and AG-2) do not allow for the defendants' use of the properties as a bulk water service station. The use of a water service station at this location, whether commercial or non-commercial is a violation of the County's Zoning Ordinance. Such use is not permitted within the Agricultural Districts including AG-1 and AG-2 as outlined by SCC sections 10-6.5002 and Section 10-6.5003. The permitted uses in these two zoning districts are long-established, Sections 10-6.5002 and Section 10-6.5003 have not been amended since 2010.

42. All of the Defendants used, or allowed the use of, the land identified by Siskiyou County APN Parcel Nos. 019-021-430 and 019-021-100 for a purpose or in a manner that is not included among the uses permitted in the district where the land is located, to wit, the use being a bulk water service station.

43. Plaintiff alleges that, within three (3) years of the date of commencement of this action, and for the past three years, all the Defendants violated SCC Title 10, Chapter 6, Section 10-6.203.

44. Pursuant to SCC Title 1, Chapter 2, Section 1-5.03 and 1-2.02, each and every day, and any portion of which, these violations were committed, continued, permitted, aided, and abetted are deemed a new and separate violation and offense.

45. Pursuant to SCC Title 1, Chapter 2, Section 1-5.08(b), all Defendants are liable for civil penalties for each and every violation and offense.

46. Based on the above, the People also request permanent injunctive relief against all Defendants under SCC section 1-5.08(a).

**SECOND CAUSE OF ACTION**
(Violations of Siskiyou County Groundwater Ordinance)
(SCC Title 3, Chapter 13)

47. Plaintiff realleges paragraphs 1 through 46 above.

48. As a matter of zoning, Siskiyou County's Code at Title 10 (Zoning), Chapter 15, prohibits commercial cannabis activity, whether or not for profit, "in all zones in the unincorporated area of Siskiyou County." SCC, § 10.15.020.

49. The County Code at Title 10 (Zoning), Chapter 14, also prohibits outdoor cultivation of personal, non-commercial cannabis within the unincorporated area of the County and limits the indoor cultivation of personal cannabis to no more than 12 cannabis plants on any premises. SCC, § 10-14.030(d) ("Outdoor cultivation on any premises is prohibited."); SCC, § 10-14.030(g) ("Cultivation within an accessory structure pursuant to subsection 10-14.030(e) shall not exceed twelve (12) cannabis plants on any premises…").

50. To combat the proliferation of the use of groundwater on unlawful cannabis cultivation sites violative of the County's zoning code, on August 4, 2020, the Siskiyou County Board of Supervisors passed Ordinance No. 20-13. This ordinance added section 3-13-702(a) to the County's Groundwater Management Ordinance at Chapter 13 of Title 3 (Public Safety), which broader ordinance was first adopted in 1998. Section 3-13-702(a) classifies as a public nuisance and prohibits persons and entities from "extracting and discharging groundwater underlying Siskiyou County for use in cultivating cannabis in violation of Chapter 14 or Chapter 15 of Title 10 of the Siskiyou County Code."

51.  Siskiyou County may regulate groundwater under its police powers.  Section 7 of Article XI of the California Constitution authorizes local governments to make and enforce within its limits all local, police, sanitary, and other ordinances, and regulation not in conflict with general laws.  In *Baldwin v. County of Tehama* (1994) 31 Cal.App.4th 166, 173, the Third District Court of Appeal broadly declared groundwater management to be within the police power of California counties, explaining that California's statutory scheme does not preempt the field but instead "suggests that problems of groundwater management should be addressed at the local level."  *Baldwin*, at p. 182.

52.  When passing the Sustainable Groundwater Management Act (SGMA) in 2014, the California Legislature recognized and preserved the authority of the County to continue to manage its groundwater resources under its police powers.  In enacting SGMA, the Legislature expressly stated its intent "[t]o recognize and *preserve* the authority of cities and counties to manage groundwater pursuant to their police powers." Stats. 2014, ch. 346 §1 (emphasis added); *see Environmental Law Foundation v. State Water Resources Control Board, et al.* (2018) 26 Cal. App. 5th 844, 865-866 (SGMA is a "narrowly tailored piece of legislation" and "SGMA's coverage of groundwater is incomplete by its own terms…"); *see also id.* (noting "SGMA does not apply to … the adjudicated portions of the Scott River stream system" and that "many requirements in SGMA do not take effect for a number of years, and even then only for some subset of the total corpus of groundwater in the state."); *see id.* at 867 ( noting "…the number of groundwater basins that are not covered and the time horizon before GSA's are operational," as a marker of SGMA's narrow scope); *see id.* at 869 ("…as we explained at length above, we have found no legislative intent to occupy the field…").  In addition to SGMA's general reservation of power to counties to continue to manage groundwater, Water Code section 10726.8(f), which was included in the new legislation, expressly states that "[n]othing in a groundwater sustainability plan shall be interpreted as superseding the land use authority of cities and counties." *See* CA Water Code section 10726.8(f); *see also* Government Code section 65352(a)(8) (requiring notice of general plan amendments to be sent to "[a]ny groundwater sustainability agency that has adopted a groundwater sustainability plan pursuant to Part 2.74

(commencing with Section 10720) of Division 6 of the Water Code or local agency that otherwise manages groundwater pursuant to other provisions of law or a court order, judgment, or decree within the planning area of the proposed general plan.")

53. The State Water Resources Control Board (SWRCB) has declared that "[i]n light of limited available water supply and the need for water to protect public trust resources, the State Water Board has determined that it is a waste and unreasonable use of water under Article X, section 2 of the California Constitution to … divert or use water for cannabis cultivation, where prohibited by state law, this Policy, on public lands, or on tribal land without authorization;…" ( SWRCB Cannabis Cultivation Policy, dated February 19, 2019, at p. 27, available at https://www.waterboards.ca.gov/water_issues/programs/cannabis/docs/policy/final_cannabis_policy_with_attach_a.pdf. However, as a general matter, the SWRCB predominately administers surface waters and its authority over groundwater is limited to specific and circumscribed statutory grants of power (for example, *see e.g.,* Water Code, §1200 (subterranean streams), §§ 13260 *et seq.* (waste discharges), §§ 10735 *et seq*. (state intervention under SGMA)), or its concurrent authority with the County under the common law public trust doctrine to regulate groundwater pumping to the extent it adversely impacts public trust resources in a navigable river. *See Environmental Law Foundation v. State Water Resources Control Board, et al.* (2018) 26 Cal. App. 5th 844. Under the Medicinal and Adult-Use Cannabis Regulation and Safety Act ("MAUCRSA") licensing system, SWRCB regulates discharges of waste and diversions resulting from licensed cannabis cultivation. *See* Water Code, §13276(b) (waste discharge requirements for cannabis licensees), Business & Prof. Code, 26060.1(b)(1), (conditions on cultivation licenses to protect instream flows for fish), Water Code 13149 (a)(1)(A) (development of guidelines for water diversions for cannabis cultivation in areas where cannabis cultivation may have the potential to substantially affect *instream flows*.) SWRCB's discretionary authority in regard to groundwater extractions related to cannabis are limited what is reasonably necessary to protect *surface* water flows. *See* Water Code, §13149(a)(1)(A).

54. Plaintiff alleges that, within three (3) years of the date of commencement of this action, and for the past three years, all Defendants engaged in conduct that violated SCC Title 3,

Chapter 13, Article 7, Section 702(a) since its enactment, by extracting and discharging groundwater underlying Siskiyou County for use in cultivating cannabis in violation of Chapter 14 or Chapter 15 of Title 10 of the Siskiyou County Code.

55. The cannabis cultivation sites served by the Defendant's water service station are unlawful in accordance with Chapter 14 and/or Chapter 15 of Title 10 of the Siskiyou County Code, because, among other reasons, the cannabis is either grown outdoors; or is grown within a structure, however, the number of cannabis plants exceed the limit (12 plants) allowed to be grown within a structure.

56. All Defendants knew, when extracting the groundwater from the well and discharging it into the water trucks, that the water was for use in unlawful cannabis cultivation in violation of Chapter 14 and/or Chapter 15 of Title 10 of the Siskiyou County Code.

57. All Defendants were responsible for the extraction of groundwater from the well located on parcel APN 019-021-430, for the transportation of the groundwater via pipeline to the bulk water service station, and for the discharge of the groundwater for the purpose of use on unlawful cannabis cultivation. The acts and omissions which constitute violations were performed personally by the defendants or by Defendants' agents at the Defendants' instruction, or with the Defendants' permission or by their allowance.

58. Each individual act of extracting and discharging groundwater (e.g., into a water truck or other container), is a separate act and therefore a separate violation.

59. Plaintiff alleges that pursuant to SCC Title 3, Chapter 13, Article 6, Section 3-13.601 that each and every day, and any portion of which, these violations were committed, continued, or permitted, are deemed a new and separate violation and offense.

60. Plaintiff alleges, that pursuant to SCC Title 3, Chapter 13, Article 6, Section 3-13.601. that all Defendants are liable for civil penalties in the amount of up to Five Thousand ($5,000.00) Dollars per separate violation committed, continued, or permitted.

61. Based on the above, the People also request permanent injunctive relief against all Defendants under SCC sections 1-5.08(a) and 3-13.601.

**THIRD CAUSE OF ACTION**
(Public Nuisance *Per Se*)
(Siskiyou County Code)

62. Plaintiff realleges paragraphs 1 through 61 above.

63. Civil Code section 3491 allows Plaintiff to bring a civil action against any public nuisance.

64. The County is authorized to declare by ordinance what constitutes a nuisance within its jurisdiction through its constitutional right to "make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." Cal. Const., Art. XI, §7.

65. When a local ordinance declares certain conditions or activities to be a nuisance, those conditions are a nuisance *per se,* and no proof is required beyond the activity or existence of condition itself. *City of Costa Mesa v. Soffer* (1992) 11 Cal.App.4th 378, 382.

66. SCC section 1-2.01(a)(1) makes it "unlawful for any person to violate any provision or to fail to comply with any of the requirements of this Code."

67. SCC section 1-2.01(a)(2) declares that "any condition caused or permitted to exist in violation of any of the provisions of this Code shall be deemed a public nuisance and may be, by this County, summarily abated, and each day such condition continues shall be regarded as a new and separate offense." Hence, the violations alleged in the First Cause of Action (Title 10, Chapter 6 (Zoning Violations)) and the Second Cause of Action (Title 3, Chapter 13, Article 7 (Groundwater Violations)) constitute public nuisances *per se* pursuant to the SCC.

68. Furthermore, SCC Title 3, Chapter 13, Article 7, Section 701 (Groundwater Ordinance) expressly states that the extraction and discharge of groundwater underlying Siskiyou County for use in the cultivation of cannabis in violation of Chapter 14 or Chapter 15 of Title 10 of the Siskiyou County Code is a public nuisance. All Defendants violated SCC Title 3, Chapter 13, Section 702(b) by permitting the existence of a public nuisance on property in his or her ownership or possession and control.

69. Defendants, and each of them, continue to cause, maintain, allow, and/or permit nuisances *per se* to exist, and unless enjoined from continuing the nuisance activity, will

continue to allow the nuisances to persist. Therefore, temporary, preliminary, and permanent injunctions by this Court are necessary to prevent the continuation of these and other public nuisances that are significantly and immediately harmful and detrimental to the health, safety, and welfare of the nearby citizens who reside near the Parcels, and the general public and local community.

70. SCC section 1-5.08(b) authorizes imposition of civil penalties against all the Defendants in the amount of up to One Thousand Dollars ($1,000.00) per violation for the Code violations set forth in the FIRST CAUSE OF ACTION of this Complaint (Zoning Violations), and in an amount of up to Five Thousand Dollars ($5,000.00) per violation for the Code violations set forth in the SECOND CAUSE OF ACTION of this Complaint (Groundwater Ordinance Violations).

**FOURTH CAUSE OF ACTION**
(Violations of Unfair Competition Law)
(Business and Professions Code section 17200 et. seq.)

71. Plaintiff realleges paragraphs 1 through 70 above.

72. Section 17200 et. seq. of the Business and Professions Code (BPC) provides remedies for injunctive relief and civil penalties against persons who engage in acts "unfair competition."

73. Pursuant to BPC section 17200 "unfair competition" means "any unlawful, unfair or fraudulent busines act or practice…"

74. In this case, the Plaintiff is pursuing remedies under the first "prong" of this definition, i.e., for the Defendants' unlawful business practices.

75. The defendants profited greatly from their unlawful business practices. A small number of other ranchers and persons in the area compete with the defendants because most other local ranchers and persons refuse to participate in unlawful business practices.

76. Plaintiff, the People of the Station of California, is expressly authorized to seek the remedies of injunctive relief and civil penalties pursuant to BPC section 17206(a).

77. Pursuant to BPC section 17205, these remedies are cumulative to each other and to the remedies or penalties available under all of the laws of California.

78. In accordance with BPC section 17206(b), the Court shall impose a civil penalty for each violation proved by the People. When imposing civil penalties, the court shall consider factors including the nature and seriousness of the misconduct, the number of violations, the persistence of the misconduct, the length of time over which the misconduct occurred, the willfulness of the defendants' misconduct , and the defendants' assets, liabilities, and net worth.

79. Plaintiff alleges that, within four (4) years of the date of commencement of this action all Defendants engaged in and continue to engage in, business acts that constitute unlawful acts, omissions, and practices that constitute unfair competition within the meaning of Business and Professions Code section 17200 through 17208.

80. Unless enjoined by the court, Defendants may or will continue in the course of conduct as alleged herein.

81. The Defendants unlawful business acts and practices (unfair competition) include the following:

a. the violations alleged in the First Cause of Action above (Siskiyou County Code Title 10, Chapter 6 (Zoning Violations)).

b. the violations alleged in the Second Cause of Action above Title 3, Chapter 13, Article 7 (Groundwater Violations).

82. All Defendants are liable for civil penalties for each and every separate act of unfair competition as alleged herein for these violations. For example, each individual extraction and discharge of groundwater into a water truck is a separate act.

83. Based on the above, the People request injunctive relief against all Defendants under Business and Professions Code section 17203 to enjoin them from continuing to engage in the unlawful acts and practices, and to preclude any further unlawful business practices.

///

///

///

///

///

**PRAYER**

Wherefore, Plaintiff prays for judgment as follows:

1. For the court to declare that the Defendants activities and business practices are public nuisances.
2. For the court to declare that the subject property (the Parcels) are public nuisances due to the violations related to the groundwater wells on the properties.
3. For a temporary restraining order preliminary injunction and permanent injunction, issued pursuant to Siskiyou County Code sections 1-5.08 and 3-13.601 enjoining the Defendants from:
    a. Continuing their acts and business practices which are a public nuisance.
    b. Using the parcels in violation of Siskiyou County's Zoning Ordinance (Title 10, Chapter 6), to include the sale of bulk water, whether or not the water is intended for cultivation of cannabis.
    c. Permitting water trucks upon the parcels, for the purpose of being filled, as part of a commercial business upon the parcels, regardless of whether the water to be transported is intended for cultivation of cannabis.
    d. Requiring Defendants to comply with the relevant provisions in SCC, Title 10, Chapter 6; and
    e. Requiring Defendants to comply with the relevant provisions in SCC, Title 3, Chapter 13.
    f. Any other necessary injunctive relief, including prohibition of use of the subject agricultural well as necessary.
4. A temporary restraining order, preliminary injunction, and permanent injunction, issued pursuant to Business and Professions Code section 17203, including any necessary prohibitory and mandatory injunction relieve including, but not necessarily limited to that stated in paragraph 3 above.

5. Civil penalties in the amount ONE THOUSAND DOLLARS ($1,000.00) for each violation of SCC, Title 10, Chapter 6, in an amount according to proof, and for each day of continued nuisance per se for violation of this code section.
6. Civil penalties in the amount of FIVE THOUSAND DOLLARS ($5,000.00) for each violation of SCC, Title 3, Chapter 13, in an amount according to proof, and for each day of continued nuisance per se for violation of this code section.
7. Civil penalties in the amount of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) for each act of unfair business competition, and each day of unfair competition, in amount according to proof, pursuant to Business and Professions Code §17206.
8. Restitution as necessary to restore any person in interest any money or property, real or personal, which may have been acquired by means of unfair and unlawful competition.
9. Disgorgement of all moneys obtained by illegal means.
10. Plaintiffs costs of investigation, attorney's fees, enforcement, prosecution, and suit herein; and
11. Such other and further relief as the Court has the authority to order and deems just and proper.

Dated: February 19, 2020

Respectfully Submitted,
JAMES KIRK ANDRUS
DISTRICT ATTORNEY

Martha Aker

MARTHA AKER
Assistant District Attorney

**PROOF OF SERVICE**

I, Brittany Atchley, declare:

I am a citizen of the United States, over the age of eighteen years and not a party to the within action;

My business address is P. O. Box 986, Yreka, California 96097;

That on February 18, 2021, I served a true and correct copy of the following:

**STEPHEN D. GRISET, GEORGE S. GRISET AS A TRUSTEE OF THE GEORGE S GRISET REVOCABLE TRUST; GEORGE S. GRISET AS AN INDIVIDUAL; GRISET FARMS INC; AND DOES 1-100, INCLUSIVE**
**CVCV 20-00810**
**FIRST AMENDED COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER EQUITABLE RELIEF**

_______ By personally delivering a true copy thereof to the person(s) and at the address(es) set forth below:

__X__ By placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mailbox at Yreka, California, addressed as set forth below:

**PAUL MINASIAN, ESQ**
**MINASIAN, MEITH, SOARES, SEXTON & COOPER, LLP**
**PO BOX 1679**
**OROVILLE, CA 95965-167**

-mailed on 2/19/21

_______ By personally transmitting via facsimile/or via email to the person(s) and at the number(s) set forth below:

_______ By personally placing document(s) into the below mentioned person(s) inbox:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED this 18th day of February 202 at Yreka, California.

Brittany A. Atchley