**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
JOHN THOMAS H. DO (SBN 285075)
jdo@aclunc.org
EMI YOUNG (SBN 311238)
eyoung@aclunc.org
GRAYCE ZELPHIN (SBN 279112)
gzelphin@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
Facsimile: (415) 255-8437

**ASIAN LAW CAUCUS**
CARL TAKEI (SBN 256229)
carlt@asianlawcaucus.org
MEGAN VEES (SBN 325184)
meganv@asianlawcaucus.org
55 Columbus Avenue
San Francisco, CA 94111
Telephone: (415) 896-1701
Facsimile: (415) 896-1702

**COVINGTON & BURLING LLP**
STANLEY YOUNG (SBN 121180)
syoung@cov.com
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

MICHAEL PLIMACK (SBN 133869)
mplimack@cov.com
ALISON WALL (SBN 319562)
awall@cov.com
ELLEN CHOI (SBN 326291)
echoi@cov.com
DANIEL ESSES (SBN 340193)
desses@cov.com
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

*Counsel for Plaintiffs Chang, et al.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GER CHONG ZE CHANG, MAI NOU VANG, RUSSELL MATHIS, YING SUSANNA VA,** and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF SISKIYOU** and **JEREMIAH LARUE**, in his official capacity as Sheriff,<br><br>Defendants. | CASE NO.: 2:22-cv-01378-KJM-AC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY THE SECURITY REQUIREMENT OR EXTEND TIME**<br><br>Date: February 13, 2025<br>Time: 10:00 AM<br>Judge: Kimberly J. Mueller (KJM)<br>Courtroom: 3<br>Action Filed: August 3, 2022<br>Trial Date: Not assigned |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at 10:00 a.m. on February 13, 2025, Plaintiffs will and hereby do move, pursuant to Civil L.R. 231(e)[1], for modification of this Court's order (ECF 116) requiring Plaintiffs to post security under Federal Rule of Civil Procedure 65(c) in the amount of $56,300 by January 1, 2025. This Motion is made because Plaintiff Mathis simply cannot post this amount in cash or bond; additionally, the other named plaintiffs (Ger Chong Ze Chang, Mai Nou Vang, and Ying Susanna Va) are neither beneficiaries of the preliminary injunction nor members of the putative water class. Plaintiffs respectfully seek reduction of the bond to an amount Plaintiff Mathis can pay. If modification is denied on the grounds that the Court intends for Plaintiffs to solicit funds from non-parties, Plaintiffs ask for additional time to investigate whether this is possible considering the significant issues that such solicitation would present.

This motion is supported by the following Memorandum of Points and Authorities; the supporting declarations and evidence filed contemporaneously herewith; by the pleadings and papers on file; any subsequent briefing; and any evidence and oral argument that may be requested or permitted by the Court.

Pursuant to the Court's Standing Order, Plaintiffs' counsel contacted counsel for Defendants on December 20, 2024, notifying them of the substance of this motion and requesting that they respond if they wished to meet and confer. Defendants did not respond to or acknowledge this request. Plaintiffs therefore believe that meet and confer efforts have been exhausted. There are no pending settlement discussions in this matter.

---

[1] Plaintiffs believe they are each an "affected" party for purposes of L.R. 231(e). However, should the Court determine otherwise, Plaintiffs ask that this Motion then be construed as an application for reconsideration pursuant to L.R. 230(j). As such, Plaintiffs describe the reasons why the facts set forth in this Motion were not clearly presented in prior briefing of the preliminary injunction in the accompanying Memorandum.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs respectfully move to modify the Court's Order requiring Plaintiffs to post security under Federal Rule of Civil Procedure 65(c) in the amount of $56,300 by January 1, 2025. ECF 116 at 11. In submitting this motion, Plaintiffs do not relitigate the merits of the preliminary injunction but rather seek relief from an order that requires security in an amount that Plaintiff Mathis – the sole representative plaintiff for the zoning and water claims – cannot pay. Plaintiffs accordingly move to reduce the bond to an amount that Plaintiff Mathis alone can afford, as the current Order will result in the effective denial of relief and judicial review. Alternatively, if the Court intended for Plaintiffs to seek funds from non-parties not represented by Plaintiffs' counsel, Plaintiffs request additional time to investigate the potential avenues through which such funds could be acquired.

**I.      Plaintiff Mathis, the Sole Named Plaintiff Awarded Preliminary Injunctive Relief, Cannot Pay the Security Ordered.**

As set forth in the Supplemental Amended Complaint, Plaintiff Mathis is the sole representative Plaintiff for the water and zoning ordinance claims in this case, including the state created danger claims alleged as Claims Fifteen and Sixteen. ECF 101 at 10 and 11 (naming "Plaintiff Mathis and the Water Subclass against Defendants"). In its December 18, 2024 Order ("Order"), the Court determined that Mathis merited preliminary injunctive relief for those state created danger claims and accordingly granted such relief only for "residents of parcels in the Mount Shasta Vista Subdivision that lack a residential well or a municipal water source." ECF 116 at 10.  Plaintiffs Va, Chang, and Vang, who are all representative plaintiffs for *other* claims, are neither members of the proposed water class nor beneficiaries of the Order. Specifically, Plaintiff Va resides on a property in the Northeastern area of the County, not the Mount Shasta Vista Subdivision. Verner-Crist Decl. Ex. A. Plaintiff Chang lives in the Pleasant Valley Highlands, not the Mount Shasta Vista Subdivision, and does not rely on off-parcel hauled water for day-to-day personal necessities. Do Decl. ¶¶ 4 – 5. Plaintiff Vang lives in Shasta Vista but does not rely on off

parcel hauled water for day-to-day needs. Vang Decl. ¶ 2. Mathis is thus the sole Plaintiff beneficiary of the injunction for which the Court has ordered a bond.[2]

The Supplemental Amended Complaint contains neither allegations nor claims that Plaintiffs Va, Chang, or Vang suffer the consequences of Defendants' zoning policy. As a result, the preliminary injunction, which grants relief based on the claims set forth in the Supplemental Amended Complaint, does not benefit them. Indeed, these three plaintiffs are not included within the scope of the preliminary relief this Court has ordered. ECF 116 at 10-11 (covering "residents of parcels in the Mount Shasta Vista Subdivision that lack a residential well or a municipal water source"); *see City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). Plaintiffs recognize that in briefing the Motion for Preliminary Injunction (including related papers such as the notice and request for class certification), counsel referred to "Plaintiffs" (plural). Counsel apologizes for any confusion this may have caused regarding which *named* plaintiffs had a legal claim to relief. The <u>only</u> named plaintiff with such a claim is Plaintiff Mathis; he is the only water claimant and proposed class representative of the Water Subclass. ECF 100 at 28; ECF 116 at 10-11.

Because he is the only water claimant and Plaintiff who can benefit from the injunctive relief, only Plaintiff Mathis is properly considered for the purpose of requiring security; the other named plaintiffs cannot be required to subsidize another party's relief. *See Wisconsin Heritages, Inc. v. Harris*, 476 F. Supp. 300, 302 (E.D. Wis. 1979) (finding non-applicant for PI relief should not be required to post bond under Rule 65). It is for this reason that the other plaintiffs' financial information has not been submitted to the Court. ECF 116 at 27. And as the Court acknowledged, Plaintiff Mathis has provided evidence he

---

[2] That Mathis is the only Plaintiff who is beneficiary does not, of course, mean that <u>no</u> other persons can benefit from a preliminary injunction. *See* ECF 100 at 25 ("[A]n injunction is not necessarily made overbroad by extending benefit or protection to persons other than prevailing parties in the lawsuit—even if it is not a class action— if such breadth is necessary to give prevailing parties the relief to which they are entitled. *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501–02 (9th Cir. 1996) (emphasis omitted) (quoting Bresgal v. Brock, 843 F.2d 1163, 1170–71 (9th Cir. 1987)).") (internal quotations omitted).

is indigent. ECF 116 at 9 *citing* ECF 83-9 ¶¶ 5, 6, 13. He does not have the ability to pay the entirety, or even a substantial percentage, of the $56,300 security requirement. Mathis Decl. ¶¶ 3 – 5.

## II. Modifying the Bond Amount is Appropriate to Avoid Effectively Denying Judicial Review.

Reduction or even elimination of the bond is appropriate because, in its current amount, the security requirement will "effectively deny access to judicial review." *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1325 (9th Cir. 1985); *see also Save Strawberry Canyon v. Dep't of Energy*, 613 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009), adhered to, No. C 08-03494 WHA, 2009 WL 1098888 (N.D. Cal. Apr. 22, 2009) (dispensing with security requirement due to difficulty of posting bond); *Toussaint v. Rushen*, 553 F. Supp. 1365 (N.D. Cal. 1983) (same); *Earth Island Institute v. U.S. Forest Service*, 2006 WL 3359192, at *4 (E.D. Cal. Nov. 20, 2006) (waiving bond where requirement "would pose a hardship chilling" legal challenges). Leaving the security requirement in place will functionally deprive Plaintiff Mathis and other community members in Mount Shasta Vista who rely on off-parcel water for day-to-day personal necessities of any protection from policies and enforcement this Court has already determined pose an "actual and particularized danger" to Plaintiff Mathis' (and other similarly situated Shasta Vista residents') health and subsistence. ECF 100 at 21-22; *cf. Miller v. Carlson*, 768 F. Supp. 1331, 1340 (N.D. Cal. 1991) (where plaintiffs sought to preserve "the necessities of life" "considerations of equity dictate[d]" a preliminary injunction issue without bond). Just as it would be unjust for Plaintiffs Va, Chang, and Vang to subsidize preliminary relief that they do not benefit from, it would also be unjust to effectively deny Mr. Mathis and others lacking water access to the benefit of this Court's order because of Mr. Mathis' financial situation. *See V.L. v. Wagner*, 669 F. Supp. 2d 1106 (N.D. Cal. 2009) (waiving bond because plaintiffs are indigent and to ensure their ability to access the courts on behalf of themselves and other beneficiaries); *Brantley v. Maxwell-Jolly*, 656 F. Supp. 2d 1161 (N.D. Cal. 2009) (same); *A. H. R. v. Washington State Health Care Auth.*, 469 F. Supp. 3d 1018 (W.D. Wash. 2016 (same).

For the foregoing reasons, Plaintiffs respectfully request that the Court reduce the security requirement to an amount Plaintiff Mathis can pay. Plaintiff Mathis, who has had bouts of homelessness and lives with a disability, survives on a fixed income. ECF 82-9 ¶¶ 4 – 5, 13. Any additional expense is a hardship, but recognizing the importance of the preliminary injunction for himself and others, he

estimates he can, at most, pay $1000 from his limited savings without entirely depleting his emergency funds. Mathis Decl. ¶ 4.

### III. If the Court Requires Plaintiffs to Solicit Funds from Other Persons, Plaintiffs Request Time To Investigate Whether this is Possible.

For the reasons described above, it is Plaintiffs' belief that Mr. Mathis is the only person who can appropriately fund the bond requirement and Mr. Mathis cannot pay more than, at most, $1,000. If the Court does not modify the bond to an amount that Mr. Mathis can pay, Plaintiffs will need to determine to what extent other persons may be able to pay. Given the complexities of this determination (examples of which are discussed directly below), if the Court does not modify the bond amount or if the bond amount is modified to an amount that Mr. Mathis cannot pay by himself, Plaintiffs request an additional sixty days to investigate how such funds might be provided.

As an example of the complications of persons other than Mr. Mathis paying bond: the Preliminary Injunction Order notes that Plaintiffs did not offer information regarding the financial circumstances of non-party members of the *proposed class* in seeking waiver of the bond requirement. ECF 116 at 9. Plaintiffs are accordingly uncertain as to whether, in setting the security requirement, the Court intended for Plaintiffs and their counsel to solicit funds from absent members of the putative class for which they unsuccessfully sought provisional certification. However, it is unclear whether bond can be funded by absent putative class members.

Absent putative class members are not currently parties in this action. *See Wayside Church v. Van Buren Cnty., Michigan,* 103 F.4th 1215, 1217 (6th Cir. 2024) ("[i]n putative class actions, a class comes into existence only when the court actually certifies one in an order entered under Civil Rule 23(c)."). And, although counsel in a putative class action may owe members of the proposed class a fiduciary duty, most authorities suggest Plaintiffs' counsel do not represent them unless and until a class is certified. *In re McKesson HBOC, Inc. Sec. Litig.,* 126 F. Supp. 2d 1239, 1245 (N.D. Cal. 2000) (noting that counsel's general fiduciary duty does not create an attorney-client relationship with unnamed putative class members); *Parks v. Eastwood Ins. Services, Inc*., 235 F. Supp. 2d 1082, 1084 (C.D. Cal. 2002) (recognizing majority view is that counsel do not strictly represent absent putative class members); *Sherman v. CLP Resources, Inc.* 2014 WL 12853099, at *2 (C.D. Cal. Sept. 25, 2014) (class counsel did

5
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY THE SECURITY REQUIREMENT
CASE NO. 22-CV-01378-KJM-AC

not yet represent a pre-certification putative class); Porter, Abby, PARTIES OR NOT?: THE STATUS OF ABSENT CLASS MEMBER IN RULE 23 CLASS ACTIONS, 109. Va. L. Rev. 711, May 12, 2023, available at https://virginialawreview.org/articles/parties-or-not-the-status-of-absent-class-members-in-rule-23-class-actions/.

If the Court did intend Plaintiffs to solicit funds from absent class members, there are multiple complex legal and logistical issues that Plaintiffs and Plaintiffs' counsel would need investigate, research, consider, and navigate. Plaintiffs' counsel will certainly abide by all applicable ethical rules – *e.g.* those that relate to third-party funding of representation (Rule 1.8.6) – and would require time to determine what the available avenues are.[3]

Any funding by non-party putative class members would take significant time and coordination, particularly given any solicitation would need to take place in winter, over the holidays, and in a remote, underserved community with translation needs. Among the reasons for the complexity is that the Court set the bond amount based on the (purported) total acreage within the Mount Shasta Vista Subdivision that lacks an on-site well. But it is not clear how a corresponding collection of funds based on members' acreage ownership would occur. For example—taking as true that 2,815 acres within the Mount Shasta Visa Subdivision lack an on-site well (a fact Plaintiffs have not been able to confirm)—it is unknown whether these properties are lived on by an owner or tenant, abandoned, otherwise have access to water, etc. It is not necessarily the case that basing payment on acreage ownership would represent the amount that non-party beneficiaries of the injunction should pay if the injunction results in damages. Even if Plaintiffs *could* identify the right community members and the corresponding amounts that each should pay, the logistics of accurately and fairly collecting what would likely be seen as an assessment on the parcels of people who are not parties to the action would be difficult and would require more than the time currently available.

Accordingly, if the Court denies the motion for modification of its ordered bond, Plaintiffs request additional time to determine whether they can meet this Court's order through funds from persons other

---

[3] This is further complicated by some counsel's admittance in multiple jurisdictions, with different ethical requirements.

than Mr. Mathis and, if so, to work through the legal and logistical issues of doing so. Plaintiffs request at least sixty additional days from the ordered date of January 1.

**IV.   Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court modify the security requirement to an amount that Plaintiff Mathis can pay. If this request is denied, Plaintiffs respectfully request an extension of time to March 3 so that they can investigate other avenues by which to provide the funds.

DATED:                                                          Respectfully submitted,

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**

By:   */s/ John Do* (authorized 12/26/2024)

JOHN THOMAS H. DO
EMI YOUNG
GRAYCE ZELPHIN

**ASIAN LAW CAUCUS**

By:   */s/ Megan Vees* (authorized 12/26/2024)

MEGAN VEES
CARL TAKEI

**COVINGTON & BURLING LLP**

By:   */s/ Alison Wall*

ALISON WALL
STANLEY YOUNG
MIKE PLIMACK
ELLEN CHOI

*Counsel for Chang, et al. Plaintiff*

7
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY THE SECURITY REQUIREMENT
CASE NO. 22-CV-01378-KJM-AC