UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ger Chong Ze Chang, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>County of Siskiyou, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-01378-KJM-AC<br><br>ORDER |

For the reasons below, plaintiffs' motion to modify the preliminary injunction is **denied**, and the parties are **ordered to show cause** why the preliminary injunction should not be limited to plaintiffs Russell Mathis and Mai Nou Vang only, as specified at the conclusion of this order.

**I.    BACKGROUND**

In previous orders, this court (1) granted plaintiffs' motion for leave to file a supplemental complaint, which alleges recent zoning enforcement efforts by Siskiyou County officials have deprived residents of water for their basic needs, *see* Order (Oct. 25, 2024) at 13–15, ECF No. 100; (2) denied plaintiffs' motion to certify a class on a provisional basis without prejudice to renewal, *see id.* at 15–19; (3) granted plaintiffs' motion for a preliminary injunction barring defendants from enforcing the disputed county ordinances in a specific portion of the county's territory, i.e., the Mount Shasta Vista Subdivision, under the "state-created danger doctrine," *id.* at 19–24; and (4) after receiving supplemental briefing, set the terms of the preliminary

1

1  injunction, including $56,300 in security under Rule 65(c), *see generally* Order (Dec. 18, 2024),
2  ECT No. 116.

3  Plaintiffs now move to modify the court's previous orders to waive the security
4  requirement. *See generally* Corrected Mot. Modify, ECF No. 119. The court extended the
5  deadline for plaintiffs to post security to permit the parties to file briefing on an expedited
6  schedule. *See* Min. Order, ECF No. 120. Briefing is now complete, and the court took the matter
7  under submission without holding a hearing. *See generally* Opp'n, ECF No. 122; Reply, ECF
8  No. 125.

9  **II.   DISCUSSION**

10  Plaintiffs characterize their pending motion as one to "modify" the preliminary injunction
11  under Local Rule 231(e). *See* Corrected Mot. Modify at 1, ECF No. 119; *see also* Corrected
12  Mem. at 7, ECF No. 119. Rule 231(e) permits "the affected party" to "apply to the Court for
13  modification or dissolution of the injunction or order." E.D. Cal. L.R. 231(e). That rule
14  implements this court's "long-established, broad, and flexible" authority to "modify a decree of
15  injunctive relief." *Brown v. Plata*, 563 U.S. 493, 542 (2011) (citations omitted). But "a motion
16  to modify a preliminary injunction is meant only to relieve inequities that arise after the original
17  order." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (quoting
18  *Favia v. Ind. Univ. of Pa.*, 7 F.3d 332, 228 (3d. Cir. 1993)). It "must rest on grounds that could
19  not have been raised before." *Alto v. Black*, 738 F.3d 1111, 1120 (9th Cir. 2013). The party who
20  seeks to modify a preliminary injunction "bears the burden of establishing that a significant
21  change in facts or law warrants revisions or dissolution." *Karnoski v. Trump*, 926 F.3d 1180,
22  1198 (9th Cir. 2019) (per curiam) (quoting *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir.
23  2000)).

24  Plaintiffs do not cite changes in the law or facts. Nor do they explain why they could not
25  have made their current arguments or requested clarification sooner. They have had multiple
26  opportunities to address the appropriate amount of security, including in their original motion and
27  brief in support of their request for a preliminary injunction, in their reply brief in further support
28  of that motion, in response to the court's questions at the hearing on their motion, and in their

2

1  post-hearing supplemental brief, in which the court specifically instructed the parties to address
2  the appropriate amount of security under Rule 65(c). *See* Order (Oct. 25, 2024) at 29. Because
3  plaintiffs have not carried their burden to establish any significant change in facts or law, the
4  court will not modify its previous orders under Local Rule 231(e).

5  Plaintiffs request in the alterative that the court construe their motion as an "application
6  for reconsideration pursuant to [Local Rule] 230(j)." Corrected Mot. at 1 n.1. That rule permits
7  applications "upon the same or any alleged different set of facts." E.D. Cal. L.R. 230(j). It
8  implements this court's "inherent procedural power to reconsider, rescind, or modify an
9  interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa
10 Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted) (quoting *Melancon v.
11 Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). In practice, however, courts do not reconsider
12 their previous orders unless "there has been an intervening change of controlling authority, new
13 evidence has surfaced, or the previous disposition was clearly erroneous and would work a
14 manifest injustice." *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995).

15 Plaintiffs do not cite changes in the law or evidence. Nor do they argue reconsideration is
16 necessary to correct a clear error. They argue their current motion is necessary to remedy an
17 oversight or miscommunication about the scope of the injunction and their claims, which the
18 court construes as an argument that reconsideration is necessary to avoid manifest injustice. A
19 few more details are necessary to understand plaintiffs' position.

20 In the order granting plaintiffs' motion for a preliminary injunction, the court informed the
21 parties it had tentatively concluded that any preliminary injunction would be limited to "residents
22 of parcels in the Mount Shasta Vista Subdivision that lack a residential well or a municipal water
23 source." Order (Oct. 25, 2024) at 28. The court also tentatively found "a broad injunction that
24 benefits more than just the plaintiffs" was necessary to avoid irreparable harm. *Id.* at 26. The
25 court then instructed the parties to file supplemental briefs addressing those tentative conclusions,
26 among others, and the proper "amount of the bond this court should require under Rule 65(c)."
27 *Id.* at 29.

In plaintiffs' supplemental brief, they did not ask the court to revisit its tentative conclusions about the scope of the preliminary injunction. They argued in favor of the court's tentative finding that "broad relief" within the Mount Shasta Vista Subdivision was "necessary to prevent irreparable harm pending trial." Pls.' Suppl. Br. at 2. They also argued "the nature of the market for water makes any attempt to limit the scope of the injunction to single well owners impracticable" within the Mount Shasta Vista Subdivision. *Id.* at 3. As for the security requirement, plaintiffs asked the court not to require a bond for three reasons: "(1) a significant public interest underlies this action, (2) Plaintiff Russell Mathis," the proposed class representative, "is indigent, and (3) Defendants cannot show a likelihood of harm resulting from the injunction." *Id.* at 9.

After reviewing the supplemental briefing, the court adopted its tentative conclusion that the preliminary injunction would be limited to residents of the Mount Shasta Vista Subdivision that lack a residential well or a municipal water source. *See* Order (Dec. 18, 2024) at 10. The court agreed with plaintiffs that "[a]n injunction limited to the named plaintiffs only would likely be neither equitable nor workable." *Id.* at 3. As for the security requirement, the court also agreed with plaintiffs that a significant public interest underlies their action and found no evidence to contradict plaintiffs' claims that Mathis had very little means. *See id.* at 5–10. But the named plaintiffs had not shown that the injunction would benefit only one of them, nor that they could not afford any security, and they had not argued or offered evidence about the financial circumstances of others who stood to benefit from the preliminary injunction. *Id.* at 9. The court also disagreed with plaintiffs that the county would likely incur no costs and no damages if it could not enforce the disputed ordinances, though some costs and damages were likely. *See id.* a 7–8. For these reasons, the court imposed a security requirement below the amount that would likely be necessary to fully remediate the likely harms; but the court also declined to waive the bond requirement entirely or require only a nominal bond, relying on the district court's and Ninth Circuit's holdings in *Save Our Sonoran, Inc. v. Flowers*. *See id.* (citing 408 F.3d 1113 (9th Cir. 2005), *aff'g* 227 F. Supp. 2d 1111 (D. Ariz. 2002)).

1    Plaintiffs now ask the court to require no security under Rule 65(c). They explain that
2    Mathis, who cannot afford to post the full $56,300 the court has required, is the only named
3    plaintiff who lives within the Mount Shasta Vista Subdivision on a property that lacks a well or
4    municipal water supply, and thus the only named plaintiff who will benefit from the preliminary
5    injunction. *See* Corrected Mem. at 1–3. They acknowledge their references to plural "plaintiffs"
6    in the briefs they submitted in support of their motion, but they contend that in reality, only
7    Mathis was actually applying for preliminary injunctive relief, albeit on behalf of a proposed
8    class. *See id.* at 3 (citing *Wis. Heritages, Inc. v. Harris*, 476 F. Supp. 300, 302 (E.D. Wis. 1979),
9    reasoning in turn that only an "applicant" can be made to post security under Rule 65(c)).
10   Plaintiffs ask the court to revisit its previous order in light of any potential confusion and
11   Mathis's limited means.

12   Defendants oppose plaintiffs' current motion. They argue plaintiffs should long ago have
13   said what they say now. *See, e.g.*, Opp'n at 2. In this respect, the court agrees. Plaintiffs should
14   have addressed the proper amount of security clearly and at the outset. Rule 65 permits this court
15   to issue a preliminary injunction "only if the movant gives security in an amount that the court
16   considers proper." Fed. R. Civ. P. 65(c). Plaintiffs should also have made clear from the start
17   that only Mathis was an "applicant" for preliminary injunctive relief for purposes of Rule 65(c)
18   and that he was the only named plaintiff who stood to benefit from a preliminary injunction.
19   Allowing plaintiffs to make and clarify these points now puts defendants at a distinct
20   disadvantage. Plaintiffs succeeded in obtaining a preliminary injunction after strongly urging the
21   court not to consider late arguments and evidence from the defense. *See, e.g.*, Pls.' Suppl. Br. at 1
22   ("The Court should disregard any late attempt by Defendants to relitigate issues not identified by
23   the Court; Plaintiffs would otherwise be unfairly prejudiced by not being able to respond while
24   additional briefing would cause further delay and irreparable harm."); Reply in Support of Mot.
25   Prelim. Inj. at 7, ECF No. 90 (contending defendants' failure to respond to plaintiffs' arguments
26   about the state-created danger doctrine was a concession that those arguments were correct).

27   Beyond ambiguities about the beneficiaries of the preliminary injunction, defendants also
28   have identified an inconsistency at the foundation of plaintiffs' position. On the one hand,

5

plaintiffs argued an injunction beyond the named plaintiffs was necessary to prevent irreparable harm to the people living in the Mount Shasta Vista Subdivision, including several specific residents who are not plaintiffs, but who submitted declarations and thus injected themselves into the litigation. *See, e.g.*, Pls.' Suppl. Br. at 2–5; *see also* Opp'n at 8–9. The court agreed and relied on that record when it determined the proper security. *See, e.g.*, Order (Dec. 18, 2024) at 3, 9–10; *see also* Order (Oct. 25, 2024) at 11 (summarizing resident declarations). On the other hand, plaintiffs argue now that only Mathis's financial wherewithal is relevant for deciding what security is "proper" under Rule 65(c). *See* Corrected Mem. at 2–3; *see also* Opp'n at 9. Plaintiffs' position risks an injustice. It would permit a broad injunction that benefits many people who are not plaintiffs and not members of any certified class—including people who submitted sworn declarations in support of plaintiffs' motion—while depriving the county of "security . . . to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Allowing would-be litigants to benefit in this way could accommodate a workaround of the requirements and purposes of Rule 65(c).

Plaintiffs seem to recognize the problem with their position. In the alternative to a reduced security amount, they ask the court to further extend the deadline by which they must post security. *See* Corrected Mem. at 5–7. Their counsel explains that more time is necessary to "solicit funds from absent class members, particularly given the complex legal, logistical, and ethical issues that this may present." Reply at 7; *see also* Corrected Mem. at 5–7. Setting aside the incorrect reference to "absent class members"—there is no class—the court agrees these are difficult questions. But rather than supporting a reduced security amount, these complexities suggest the terms of the preliminary injunction should be narrowed, additional parties joined, or both.

Finally, defendants argue Mathis is not actually the only named plaintiff who stands to benefit from the injunction. *See* Opp'n at 4–6. Plaintiff Mai Nou Vang currently lives with her husband "at a friend's house in Shasta Vista," but her friend "has a well." Vang Decl. ¶ 2, ECF No. 119-3; *see also* Suppl. Vang Decl. ¶ 2, ECF No. 125-1 (same). She also owns a property of her own in Shasta Vista, and that property does not have a well or municipal water supply. Vang

Decl. ¶ 2; Suppl. Vang Decl. ¶ 2. In the past, she has rented her property to others. *See* Suppl. Vang Decl. ¶ 7. The County has offered evidence to show someone used her property to cultivate marijuana in violation of the County's land use ordinances in the past, *see* Dean Decl. ¶¶ 3–6 & Exs. A–D, ECF Nos. 122-2, 122-3, 122-4, 123-4, 123-5, and that unpermitted structures remain on her property, which could permit an occupant to rely on trucked groundwater, *see* Errata, ECF No. 128; Corrected Ex. B, ECF No. 128-3. The court need not decide now what weight to give this evidence and what it shows. If Vang and her husband could live on her own property while the preliminary injunction is in effect, she would benefit from that injunction directly. If others could rent her property while the injunction is in place, she would benefit indirectly. In either scenario, the record would show she would benefit from the preliminary injunction. The record thus creates further doubt about plaintiffs' contention that only Mathis stands to benefit and only his financial circumstances are relevant.

In any event, plaintiffs argue Vang, like Mathis, has very limited means. In a sworn declaration, she avers she does not have a regular income, is "currently on food stamps" and Medi-Cal,[1] and cannot "pay all or party of a $56,300 bond." Vang Decl. ¶ 3. But she states that she could afford to pay $20 for each acre of her property, which is "approximately 2.3 acres in size." *See id.* ¶ 4. She does not offer other evidence about her financial condition and resources. On this record, it is unclear whether requiring security greater than $20 per acre would effectively prevent her from seeking relief in this court.

To summarize, in terms of the standard that applies to motions for modification of a preliminary injunction, plaintiffs have not established "that a significant change in facts or law warrants revisions or dissolution." *Karnoski*, 926 F.3d at 1198 (quoting *Sharp*, 233 F.3d at 1170). In terms of the standard that applies to applications for reconsideration, plaintiffs have not cited changes in the evidence or applicable law, have not identified clear errors in the court's

---

[1] "Medi-Cal is Medicaid for California. It offers free or low-cost health coverage to people who qualify." Cal. Dep't Health Care Servs., *Medi-Cal*, https://www.dhcs.ca.gov/Medi-Cal/Pages/home.aspx (visited Jan. 28, 2025). The court takes judicial notice of this background definition. *Arizona Libertarian Party v. Bennett*, 784 F.3d 611, 616 & n.3 (9th Cir. 2015) (taking judicial notice of information of undisputed accuracy posted on a government website).

previous orders, and have not shown reconsideration is necessary to prevent a manifest injustice. *Leslie Salt Co.*, 55 F.3d at 1393. Rather, plaintiffs' arguments and evidence lead the court to question the terms of the preliminary injunction, and whether that injunction risks or creates injustice.

### III. CONCLUSION

For the reasons above, plaintiffs are **ordered to show cause, within fourteen days**, why the court should not:

- Modify the preliminary injunction imposed in ECF Nos. 100 and 116 by limiting it to plaintiffs Mathis and Vang only, who would be together required to post total security of $1,000 under Rule 65(c);
- Set a deadline for renewed motions for (1) class certification and (2) a preliminary injunction for the benefit of any certified class; and
- Stay the security requirement imposed in ECF No. 116 pending the court's consideration of the parties' responses to this order.

Defendants are not ordered to show cause, but they **may submit a response** to the points above, at their election, by the same fourteen-day deadline.

All responses to this order to show cause **must not exceed ten pages**, excluding any attached evidence.

IT IS SO ORDERED.

DATED: January 28, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE