JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER M. PISANO, Bar No. 192831
christopher.pisano@bbklaw.com
MARCO ORNELAS-LOPEZ, Bar No. 343187
marco.ornelaslopez@bbklaw.com
BEST BEST & KRIEGER LLP
500 Capitol Mall, Ste. 2500
Sacramento, California  95814
Telephone:     (916)325-4000
Facsimile:     (916) 325-4010

J. SCOTT DONALD, Bar No. 158338
scottd@sdnlaw.com
ELISE D. RICE, Bar No. 343219
eliser@sdnlaw.com
SPINELLI, DONALD & NOTT, P.C.
300 University Ave., Ste. 100
Sacramento, CA 95825
Telephone:     (916) 448-7888
Attorneys for Defendants

Attorneys for Defendants
County of Siskiyou and Jeremiah Larue, in his official
capacity as Sheriff

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RUSSELL MATHIS, JORDAN CHONG MOUA, YING SUSANNA VA, MAI NOU VANG; and all other similarly situated, | Case No. 2:22-cv-01378-KJM-AC |
| Plaintiffs, | **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** |
| v. | Dept:          3 |
| COUNTY OF SISKIYOU; and JEREMIAH LARUE, in his official capacity as Sheriff, | Judge:         Kimberly J. Mueller |
| Defendants. | |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

Defendants COUNTY OF SISKIYOU and SHERIFF JEREMIAH LARUE (in his official capacity) (collectively, "Answering Defendants") hereby answer the Second Amended Complaint ("Complaint" or "SAC") of Plaintiffs RUSSELL MATHIS, JORDAN CHONG MOUA, YING SUSANNA VA, MAI NOU VANG, and all others similarly situated (collectively "Plaintiffs") as follows: Unless expressly admitted, Answering Defendants deny each and every allegation contained in the Second Amended Complaint. Any allegation not specifically admitted is denied. For ease of reference, Answering Defendants respond to the specific paragraphs of the Second Amended Complaint as set forth below.

## INTRODUCTION

1.     Answering Defendants deny each and every allegation in Paragraph 1.

2.     Answering Defendants deny each and every allegation in Paragraph 2.

3.     Answering Defendants admit that cannabis is cultivated in Siskiyou County by people of various backgrounds; deny the remaining allegations in Paragraph 3.

4.     Answering Defendants deny each and every allegation in Paragraph 4.

5.     Answering Defendants deny each and every allegation in Paragraph 5.

6.     Answering Defendants deny each and every allegation in Paragraph 6.

7.     Paragraph 7 purports to describe relief sought and/or conclusions of law to which no responsive pleading is required. To the extent a response is required, Answering Defendants deny that Plaintiffs are entitled to the relief requested.

## JURISDICTION AND VENUE

8.     Answering Defendants do not dispute the Court's jurisdiction in this matter, with the exception of Standing for some of the claims being made in this action.

9.     Answering Defendants do not dispute venue is proper.

## PARTIES

10.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis deny each and every allegation therein.

11. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny each and every allegation therein.

12. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis deny each and every allegation therein.

13. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis deny each and every allegation therein.

14. Answering Defendants admit that Siskiyou County is a political subdivision of the State of California, organized and existing under the Constitution of the State of California, and that it may be sued in its own name. Answering Defendants also admit that Siskiyou County is governed by a five-member Board of Supervisors. Answering Defendants otherwise deny the allegations of Paragraph 14.

15. Answering Defendants admit that Sheriff LaRue is the Sheriff of Siskiyou County, acting in his official capacity. Answering Defendants deny the remaining allegations in Paragraph 15, including any assertion that Sheriff LaRue is "the final policymaker" with respect to all policies alleged.

## GENERAL ALLEGATIONS

16. Answering Defendants admit that Siskiyou County is an expansive rural county in northern California, with forested areas, a population smaller than many counties in the state, and a predominately white demographic. Answering Defendants lack sufficient information to admit or deny Plaintiffs' specific characterization of "85% white," or the remainder of Paragraph 16, and therefore deny all remaining allegations therein.

17. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis deny them.

18. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis deny them.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

2:22-CV-01378-KJM-AC
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

19.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis deny them.

20.    Answering Defendants admit that Shasta Vista, Dorris, and Macdoel are areas in Siskiyou County, and that some Asian American families live in those areas in unpermitted structures or RVs if they do not have wells.  Answering Defendants deny the remaining allegations in Paragraph 20.

21.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis deny them.

22.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis deny them.

23.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis deny them.

24.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis deny them.

25.    Answering Defendants deny each and every allegation in Paragraph 25.

26.    Answering Defendants deny each and every allegation in Paragraph 26.

27.    Answering Defendants admit that certain statements were made by a County Supervisor, but deny Plaintiffs' characterizations of the statements, the context, and any alleged motive or meaning. Answering Defendants otherwise deny the remaining allegations in Paragraph 27.

28.    Answering Defendants deny each and every allegation in Paragraph 28.

29.    Answering Defendants deny each and every allegation in Paragraph 29.

30.    Answering Defendants admit that Sheriff Lopey and others made certain statements to media outlets regarding cannabis. Answering Defendants deny Plaintiffs' characterization of any such statements, the context, and any alleged motive or meaning, and otherwise deny the allegations in Paragraph 30.

31.    Answering Defendants deny each and every allegation in Paragraph 31.

32.    Answering Defendants deny each and every allegation in Paragraph 32.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

1    33.    Answering Defendants deny each and every allegation in Paragraph 33.

2    34.    Answering Defendants deny each and every allegation in Paragraph 34.

3    35.    Answering Defendants deny each and every allegation in Paragraph 35.

4    36.    Answering Defendants deny each and every allegation in Paragraph 36.

5    37.    Answering Defendants deny each and every allegation in Paragraph 37.

6    38.    Answering Defendants deny each and every allegation in Paragraph 38.

7    39.    Answering Defendants deny each and every allegation in Paragraph 39.

8    40.    Answering Defendants deny each and every allegation in Paragraph 40.

9    41.    Answering Defendants deny each and every allegation in Paragraph 41.

10    42.    Answering Defendants deny each and every allegation in Paragraph 42.

11    43.    Answering Defendants deny each and every allegation in Paragraph 43.

12    44.    Answering Defendants deny each and every allegation in Paragraph 44.

13    45.    Answering Defendants deny each and every allegation in Paragraph 45.

14    46.    Answering Defendants deny each and every allegation in Paragraph 46.

15    47.    Answering Defendants deny each and every allegation in Paragraph 47.

16    48.    Answering Defendants deny each and every allegation in Paragraph 48.

17    49.    Answering Defendants deny each and every allegation in Paragraph 49.

18    50.    Answering Defendants deny each and every allegation in Paragraph 50.

19    51.    Answering Defendants deny each and every allegation in Paragraph 51.

20    52.    Answering Defendants deny each and every allegation in Paragraph 52.

21    53.    Answering Defendants deny each and every allegation in Paragraph 53.

22    54.    Answering Defendants deny each and every allegation in Paragraph 54.

23    55.    Answering Defendants deny each and every allegation in Paragraph 55.

24    56.    Answering Defendants deny each and every allegation in Paragraph 56.

25    57.    Answering Defendants deny each and every allegation in Paragraph 57.

26    58.    Answering Defendants deny each and every allegation in Paragraph 58.

27    59.    Answering Defendants deny each and every allegation in Paragraph 59.

28    60.    Answering Defendants deny each and every allegation in Paragraph 60.

61.     Answering Defendants lack sufficient information about data or calculations in Paragraph 61 and on that basis deny each and every allegation.

62.     Answering Defendants deny each and every allegation in Paragraph 62.

63.     Answering Defendants admit that the Siskiyou County Sheriff's Department provides traffic enforcement in unincorporated areas, and may contract with certain municipalities. Answering Defendants deny the remaining allegations in Paragraph 63.

64.     Answering Defendants admit that the Sheriff's Department uses a CAD system for dispatch-related records. Answering Defendants otherwise deny Paragraph 64.

65.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 65 and therefore deny them.

66.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 66 and therefore deny them.

67.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 67 and therefore deny them.

68.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 68 and therefore deny them.

69.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 69 and therefore deny them.

70.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 70 and therefore deny them.

71.     Answering Defendants deny each and every allegation in Paragraph 71.

72.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 72 and therefore deny them.

73.     Answering Defendants lack information sufficient to admit or deny the allegations in Paragraph 73 and therefore deny them.

74.     Answering Defendants deny each and every allegation in Paragraph 74.

75.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 75 and therefore deny them.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

76.     Answering Defendants deny each and every allegation in Paragraph 76.

77.     Answering Defendants deny each and every allegation in Paragraph 77.

78.     Answering Defendants deny each and every allegation in Paragraph 78.

79.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 79 and therefore deny them.

80.     Answering Defendants deny each and every allegation in Paragraph 80.

81.     Answering Defendants deny each and every allegation in Paragraph 81.

82.     Answering Defendants deny each and every allegation in Paragraph 78.

83.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 83 and therefore deny them.

84.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 84 and therefore deny them.

85.     Answering Defendants deny each and every allegation in Paragraph 85.

86.     Answering Defendants deny each and every allegation in Paragraph 86.

87.     Answering Defendants deny each and every allegation in Paragraph 87.

88.     Answering Defendants deny each and every allegation in Paragraph 88.

89.     Answering Defendants deny each and every allegation in Paragraph 89.

90.     Answering Defendants deny each and every allegation in Paragraph 90.

91.     Answering Defendants deny each and every allegation in Paragraph 91.

92.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 92 and therefore deny them.

93.     Answering Defendants lack information sufficient to admit or deny the allegations and data comparisons in Paragraph 93 and therefore deny them.

94.     Answering Defendants deny each and every allegation in Paragraph 94.

95.     Answering Defendants deny each and every allegation in Paragraph 95.

96.     Answering Defendants deny each and every allegation in Paragraph 96.

97.     Answering Defendants deny each and every allegation in Paragraph 97.

98.      Answering Defendants deny each and every allegation in Paragraph 98.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

99.     Answering Defendants deny each and every allegation in Paragraph 99.

100.    Answering Defendants deny each and every allegation in Paragraph 100.

101.    Answering Defendants deny each and every allegation in Paragraph 101.

102.    Answering Defendants deny each and every allegation in Paragraph 102.

103.    Answering Defendants deny each and every allegation in Paragraph 103.

104.    Answering Defendants deny each and every allegation in Paragraph 104.

105.    Answering Defendants lack sufficient information to form a belief about the March 19, 2021 stop described in Paragraph 105 and therefore deny each and every allegation.

106.    Answering Defendants lack sufficient information to form a belief about this alleged stop. They deny each and every allegation in Paragraph 106.

107.    Answering Defendants lack sufficient information to form a belief about this alleged stop. They deny each and every allegation in Paragraph 107.

108.    Answering Defendants lack sufficient information to form a belief about the details of this alleged stop or the conversation that ensued and therefore deny each and every allegation in Paragraph 108.

109.    Answering Defendants lack sufficient information to form a belief about the details of this alleged stop or the conversation that ensued and therefore deny each and every allegation in Paragraph 109.

110.    Answering Defendants lack sufficient information to form a belief about this alleged stop. They deny each and every allegation in Paragraph 110.

111.    Answering Defendants deny each and every allegation in Paragraph 111.

112.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 112 and therefore deny them.

113.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 113 and therefore deny them.

114.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 114 and therefore deny them.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

115. Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 115 and therefore deny them.

116. Answering Defendants lack sufficient information to form a belief about the details of this alleged stop or the conversation that ensued and therefore deny each and every allegation in Paragraph 116.

117. Answering Defendants lack sufficient information to form a belief about the details of this alleged stop or the conversation that ensued and therefore deny each and every allegation in Paragraph 117.

118. Answering Defendants deny each and every allegation in Paragraph 118.

119. Answering Defendants lack sufficient information to admit or deny the allegations regarding a June 2022 stop in Paragraph 119. They deny each and every remaining allegation.

120. Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 120, and therefore deny them.

121. Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 121, and therefore deny them.

122. Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 120, and therefore deny them.

123. Answering Defendants admit that Siskiyou County's Board of Supervisors passed certain ordinances in 2020 and 2021 relating to water extraction, water transportation, and water nuisances. Answering Defendants deny that these ordinances were motivated by racial animus and otherwise deny the allegations of Paragraph 123.

124. Answering Defendants admit that Siskiyou County Code sections 3-13-702, 3.5-13.101 et seq., and 3-4.1501 were enacted. The reference to "water nuisance ordinance," "water extraction ordinance," and "water truck ordinance" is a shorthand for these provisions. They deny any wrongdoing or that these ordinances were "designed to drive out" any racial group, and otherwise deny Paragraph 124.

125. Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 125, and therefore deny them.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

126. Answering Defendants deny each and every allegation in Paragraph 126.

127. Answering Defendants admit that Siskiyou County's Board of Supervisors passed an ordinance in 2021 relating to water extraction and deny all other allegation in Paragraph 127.

128. Answering Defendants deny each and every allegation in Paragraph 128.

129. Answering Defendants deny each and every allegation in Paragraph 129.

130. Answering Defendants deny each and every allegation in Paragraph 130.

131. Answering Defendants admit that Siskiyou County's Board of Supervisors passed an ordinance in 2021 relating to water hauling and deny all other allegation in Paragraph 131.

132. Answering Defendants deny each and every allegation in Paragraph 132.

133. Answering Defendants deny each and every allegation in Paragraph 133.

134. Answering Defendants deny each and every allegation in Paragraph 134.

135. Answering Defendants deny each and every allegation in Paragraph 135.

136. Answering Defendants deny each and every allegation in Paragraph 136.

137. Answering Defendants deny each and every allegation in Paragraph 137.

138. Answering Defendants admit that in September 2021, the Honorable Kimberly J. Mueller of the Eastern District of California issued a preliminary injunction relating to two of the County's water ordinances. Answering Defendants otherwise deny Paragraph 138.

139. Answering Defendants deny each and every allegation in Paragraph 139.

140. Answering Defendants deny each and every allegation in Paragraph 140.

141. Answering Defendants deny each and every allegation in Paragraph 141.

142. Answering Defendants deny each and every allegation in Paragraph 142.

143. Answering Defendants deny each and every allegation in Paragraph 143.

144. Answering Defendants deny each and every allegation in Paragraph 144.

145. Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 145, and therefore deny them.

146. Answering Defendants deny each and every allegation in Paragraph 146.

147. Answering Defendants deny each and every allegation in Paragraph 147.

148. Answering Defendants deny each and every allegation in Paragraph 148.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

2:22-CV-01378-KJM-AC
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

149.    Answering Defendants deny each and every allegation in Paragraph 149.

150.    Answering Defendants deny each and every allegation in Paragraph 150.

151.    Answering Defendants deny each and every allegation in Paragraph 151.

152.    Answering Defendants deny each and every allegation in Paragraph 152.

153.    Answering Defendants deny each and every allegation in Paragraph 153

154.    Answering Defendants deny each and every allegation in Paragraph 154.

155.    Answering Defendants admit that on August 4, 2020, the Board passed an urgency ordinance and that some members of the public commented on alleged wrongdoing by people in Shasta Vista. They deny wrongdoing or that it was racially motivated, and deny the remainder of Paragraph 155.

156.    Answering Defendants deny the allegations in Paragraph 156 to the extent they allege a discriminatory pattern or purpose in the lawsuit(s) the County filed.

157.    Answering Defendants deny each and every allegation in Paragraph 157.

158.    Answering Defendants lack sufficient information to admit or deny the exact statements made by members of the public at Board meetings. They otherwise deny Paragraph 158.

159.    Answering Defendants deny each and every allegation in Paragraph 159.

160.    Answering Defendants deny each and every allegation in Paragraph 160.

161.    Answering Defendants deny each and every allegation in Paragraph 161.

162.    Answering Defendants deny each and every allegation in Paragraph 162.

163.    Answering Defendants deny each and every allegation in Paragraph 163.

164.    Answering Defendants deny each and every allegation in Paragraph 164.

165.    Answering Defendants deny each and every allegation in Paragraph 165.

166.    Answering Defendants admit the Board passed certain emergency ordinances, but deny all allegations of impropriety or animus in Paragraph 166.

167.    Answering Defendants deny each and every allegation in Paragraph 167.

168.    Answering Defendants deny each and every allegation in Paragraph 168.

169.    Answering Defendants deny each and every allegation in Paragraph 169.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

170. Answering Defendants deny each and every allegation in Paragraph 170.

171. Answering Defendants deny each and every allegation in Paragraph 171.

172. Answering Defendants lack sufficient information regarding the alleged August 3, 2021 demonstration or the statements made by "white counter-protesters." They otherwise deny Paragraph 172.

173. Answering Defendants lack sufficient information regarding all remarks from the public. They deny adopting or endorsing them and deny wrongdoing alleged in Paragraph 173.

174. Answering Defendants deny each and every allegation in Paragraph 174.

175. Answering Defendants deny each and every allegation in Paragraph 175.

176. Answering Defendants deny each and every allegation in Paragraph 176.

177. Answering Defendants lack sufficient information to admit or deny the allegations regarding Mr. Mathis's personal history, alleged health conditions, or finances, and on that basis deny them. They further deny any wrongdoing.

178. Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 178 and on that basis deny all allegation.

179. Answering Defendants lack knowledge regarding Mr. Mathis's water supply or his actions during the Lava Fire. They deny wrongdoing or that the County's ordinances caused his plight. They otherwise deny Paragraph 179.

180. Answering Defendants lack knowledge regarding Mr. Mathis's water supply or his actions during the Lava Fire. They deny wrongdoing or that the County's ordinances caused his plight. They otherwise deny Paragraph 180.

181. Answering Defendants deny each and every allegation in Paragraph 181, including that a County Supervisor "admitted" voting for something "targeting Asians."

182. Answering Defendants deny each and every allegation in Paragraph 182.

183. Answering Defendants deny each and every allegation in Paragraph 183.

184. Answering Defendants deny each and every allegation in Paragraph 184.

185. Answering Defendants deny each and every allegation in Paragraph 185.

186. Answering Defendants deny each and every allegation in Paragraph 186.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

187.    Answering Defendants deny each and every allegation in Paragraph 187.

188.    Answering Defendants admit that Siskiyou County adopted new administrative fine provisions and that it allowed liens in some circumstances. They deny wrongdoing or that it was directed solely at Asian Americans. Otherwise denied.

189.    Answering Defendants deny each and every allegation in Paragraph 189.

190.    Answering Defendants deny each and every allegation in Paragraph 190.

191.    Answering Defendants deny each and every allegation in Paragraph 191.

192.    Answering Defendants deny each and every allegation in Paragraph 192.

193.    Answering Defendants deny each and every allegation in Paragraph 193.

194.    Answering Defendants deny each and every allegation in Paragraph 194.

195.    Answering Defendants admit that in or around January 2024, the County rescinded or began removing certain property liens and repealed the lien provisions. They deny any wrongdoing, preemption, or liability. Otherwise denied.

196.    Answering Defendants deny each and every allegation in Paragraph 196.

197.    Answering Defendants deny each and every allegation in Paragraph 197.

198.    Answering Defendants deny each and every allegation in Paragraph 198.

199.    Answering Defendants deny each and every allegation in Paragraph 199 except that they admit that Ms. Va acquired a property near Macdoel, zoned R-R or agricultural. They lack knowledge or information regarding her personal background and on that basis deny.

200.    Answering Defendants lack sufficient information to form a belief regarding Plaintiff Va's reasons for acquiring property, or about any well drilling attempt, and therefore deny Paragraph 200.

201.    Answering Defendants admit that a notice was posted for inspection, but lack sufficient information to confirm details. They deny wrongdoing or that multiple deputies were present. Otherwise denied.

202.    Answering Defendants lack knowledge as to the specifics of any inspection with Ms. Va and on that basis deny each and every allegation in Paragraph 202.

203.    Answering Defendants deny each and every allegation in Paragraph 203.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

204. Answering Defendants lack information about Plaintiff Va's visit to Code Enforcement or details of any conversation, and on that basis deny Paragraph 204.

205. Answering Defendants deny each and every allegation in Paragraph 205.

206. Answering Defendants deny each and every allegation in Paragraph 206.

207. Answering Defendants deny each and every allegation in Paragraph 207.

208. Answering Defendants deny each and every allegation in Paragraph 208.

209. Answering Defendants deny each and every allegation in Paragraph 209.

210. Answering Defendants lack sufficient information to admit or deny the allegations about Ms. Vang's property. They deny wrongdoing and otherwise deny Paragraph 210.

211. Answering Defendants deny each and every allegation in Paragraph 211.

212. Answering Defendants admit that the Board issued a lien on January 19, 2021, for unpaid fines. They deny that it was "over three times the assessed value" or that it was racially motivated. Otherwise denied.

213. Answering Defendants deny each and every allegation in Paragraph 213.

214. Answering Defendants admit that Siskiyou County Code Title 10, Chapter 6, sets forth various zoning districts. They deny wrongdoing or misinterpretation and otherwise deny Paragraph 214.

215. Answering Defendants admit that the County has prime ag (AG-1), non-prime ag (AG-2), rural residential, and industrial zoning districts, among others. They deny wrongdoing and otherwise deny Paragraph 215.

216. Answering Defendants admit that certain agricultural or rural residential zones allow or disallow certain uses. They deny wrongdoing and otherwise deny Paragraph 216.

217. Answering Defendants deny each and every allegation in Paragraph 217.

218. Answering Defendants deny each and every allegation in Paragraph 218.

219. Answering Defendants deny each and every allegation in Paragraph 219.

220. Answering Defendants deny each and every allegation in Paragraph 220.

221. Answering Defendants deny each and every allegation in Paragraph 221.

222. Answering Defendants deny each and every allegation in Paragraph 222.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

223.    Answering Defendants deny each and every allegation in Paragraph 223.

224.    Answering Defendants deny each and every allegation in Paragraph 224.

225.    Answering Defendants admit that the County once filed suit against some well owners for alleged code violations, including zoning. They deny that it was racially motivated or unlawful. Otherwise denied.

226.    Answering Defendants deny each and every allegation in Paragraph 226.

227.    Answering Defendants deny each and every allegation in Paragraph 227.

228.    Answering Defendants deny each and every allegation in Paragraph 228.

229.    Answering Defendants deny each and every allegation in Paragraph 229.

230.    Answering Defendants lack sufficient information regarding Bill Yang or the alleged citations. They deny wrongdoing or that it was racially motivated. Otherwise denied.

231.    Answering Defendants lack sufficient information regarding the property owners in Paragraph 231. They deny wrongdoing.

232.    Answering Defendants lack sufficient information regarding Vue Moua or alleged citations. They deny wrongdoing and otherwise deny Paragraph 232.

233.    Answering Defendants deny each and every allegation in Paragraph 233.

234.    Answering Defendants lack sufficient information regarding alleged notices and on that basis deny Paragraph 234.

235.    Answering Defendants lack sufficient information regarding alleged notices and on that basis deny Paragraph 235.

236.    Answering Defendants deny each and every allegation in Paragraph 236.

237.    Answering Defendants deny each and every allegation in Paragraph 237.

238.    Answering Defendants deny each and every allegation in Paragraph 238.

239.    Answering Defendants deny each and every allegation in Paragraph 239.

240.    Answering Defendants deny each and every allegation in Paragraph 240.

241.    Answering Defendants deny each and every allegation in Paragraph 241.

242.    Answering Defendants deny each and every allegation in Paragraph 242.

243.    Answering Defendants deny each and every allegation in Paragraph 243.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

2:22-CV-01378-KJM-AC
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

244.    Answering Defendants deny each and every allegation in Paragraph 244.

245.    Answering Defendants deny each and every allegation in Paragraph 245.

246.    Answering Defendants deny each and every allegation in Paragraph 246.

247.    Answering Defendants deny each and every allegation in Paragraph 247.

248.    Answering Defendants admit that an order was issued by this Court in December 2024 with certain injunctive relief.  They deny that any permanent relief is warranted. Otherwise denied.

249.    Paragraph 249 sets forth Plaintiffs' definitions of proposed classes.  It contains legal assertions not requiring admission or denial.  To the extent a response is required, Answering Defendants deny that class certification is appropriate or that these proposed classes are ascertainable.

250.    Answering Defendants deny that Plaintiffs Moua or Vang can adequately represent all "Asian Americans who drive," or that a "Traffic Class" as defined is warranted. They otherwise deny Paragraph 250.

251.    Answering Defendants deny that Plaintiff Mathis can adequately represent a "Water Class," or that class certification is appropriate. Otherwise denied.

252.    Answering Defendants deny that Plaintiffs Va and Vang can adequately represent a "Lien Class," or that class certification is appropriate. Otherwise denied.

253.    Answering Defendants deny each and every allegation in Paragraph 253, including any assertion that these classes meet the requirements of Rule 23(a).

254.    Answering Defendants deny each and every allegation in Paragraph 254.

255.    Answering Defendants deny each and every allegation in Paragraph 255.

256.    Answering Defendants deny each and every allegation in Paragraph 256, including that Plaintiffs meet Rule 23(b)(2).

## LEGAL CLAIMS

### Claim One

257.    Answering Defendants incorporate by reference each response above as though fully set forth herein.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

2:22-CV-01378-KJM-AC
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

258.    Answering Defendants do not admit or deny the allegations in Paragraph 258.

259.    Answering Defendants deny each and every allegation in Paragraph 259.

260.    Answering Defendants deny each and every allegation in Paragraph 260.

261.    Answering Defendants deny each and every allegation in Paragraph 261.

**Claim Two**

262.    Answering Defendants incorporate by reference each response above as though fully set forth herein.

263.    Answering Defendants do not admit or deny the allegations in Paragraph 263.

264.    Answering Defendants do not admit or deny the allegations in Paragraph 264.

265.    Answering Defendants deny each and every allegation in Paragraph 265.

266.    Answering Defendants deny each and every allegation in Paragraph 266.

267.    Answering Defendants deny each and every allegation in Paragraph 267.

268.    Answering Defendants deny each and every allegation in Paragraph 268.

**Claim Three**

269.    Answering Defendants incorporate by reference each response above as though fully set forth herein.

270.    Answering Defendants do not admit or deny the allegations in Paragraph 270.

271.    Answering Defendants do not admit or deny the allegations in Paragraph 271.

272.    Answering Defendants deny each and every allegation in Paragraph 272.

273.    Answering Defendants deny each and every allegation in Paragraph 273.

274.    Answering Defendants deny each and every allegation in Paragraph 274.

275.    Answering Defendants deny each and every allegation in Paragraph 275.

**Claim Four**

276.    Answering Defendants incorporate by reference each response above as though fully set forth herein.

277.    Answering Defendants do not admit or deny the allegations in Paragraph 277.

278.    Answering Defendants do not admit or deny the allegations in Paragraph 278.

279.    Answering Defendants do not admit or deny the allegations in Paragraph 279.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

280.    Answering Defendants deny each and every allegation in Paragraph 280.

281.    Answering Defendants deny each and every allegation in Paragraph 281.

282.    Answering Defendants deny each and every allegation in Paragraph 282.

283.    Answering Defendants deny each and every allegation in Paragraph 283.

284.    Answering Defendants deny each and every allegation in Paragraph 284.

**Claim Five**

285.    Answering Defendants incorporate by reference each response above as though fully set forth herein.

286.    Answering Defendants do not admit or deny the allegations in Paragraph 286.

287.    Answering Defendants deny each and every allegation in Paragraph 287.

288.    Answering Defendants deny each and every allegation in Paragraph 288.

289.    Answering Defendants deny each and every allegation in Paragraph 289.

290.    Answering Defendants deny each and every allegation in Paragraph 290.

**Claim Six**

291.    Answering Defendants incorporate by reference each response above as though fully set forth herein.

292.    Answering Defendants do not admit or deny the allegations in Paragraph 292.

293.    Answering Defendants deny each and every allegation in Paragraph 293.

294.    Answering Defendants deny each and every allegation in Paragraph 294.

295.    Answering Defendants deny each and every allegation in Paragraph 295.

**Claim Seven**

296.    Answering Defendants incorporate by reference each response above as though fully set forth herein.

297.    Answering Defendants do not admit or deny the allegations in Paragraph 297.

298.    Answering Defendants do not admit or deny the allegations in Paragraph 298.

299.    Answering Defendants deny each and every allegation in Paragraph 299.

300.    Answering Defendants deny each and every allegation in Paragraph 300.

301.    Answering Defendants deny each and every allegation in Paragraph 301.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

1

**Claim Eight**

2      302.    Answering Defendants incorporate by reference each response above as though

3   fully set forth herein.

4      303.    Answering Defendants deny each and every allegation in Paragraph 303.

5      304.    Answering Defendants deny each and every allegation in Paragraph 304.

6      305.    Answering Defendants deny each and every allegation in Paragraph 305.

7

**Claim Nine**

8      306.    Answering Defendants incorporate by reference each response above as though

9   fully set forth herein.

10     307.    Answering Defendants do not admit or deny the allegations in Paragraph 307.

11     308.    Answering Defendants deny each and every allegation in Paragraph 308.

12     309.    Answering Defendants deny each and every allegation in Paragraph 309.

13     310.    Answering Defendants deny each and every allegation in Paragraph 310.

14

**Claim Ten**

15     311.    Answering Defendants incorporate by reference each response above as though

16   fully set forth herein.

17     312.    Answering Defendants deny each and every allegation in Paragraph 312.

18     313.    Answering Defendants deny each and every allegation in Paragraph 313.

19

**Claim Eleven**

20     314.    Answering Defendants incorporate by reference each response above as though

21   fully set forth herein.

22     315.    Answering Defendants do not admit or deny the allegations in Paragraph 315.

23     316.    Answering Defendants do not admit or deny the allegations in Paragraph 316.

24     317.    Answering Defendants deny each and every allegation in Paragraph 317.

25     318.    Answering Defendants do not admit or deny the allegations in Paragraph 318.

26     319.    Answering Defendants deny each and every allegation in Paragraph 319.

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

2:22-CV-01378-KJM-AC
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

1

**Claim Twelve**

2      320.    Answering Defendants incorporate by reference each response above as though

3   fully set forth herein.

4      321.    Answering Defendants do not admit or deny the allegations in Paragraph 321.

5      322.    Answering Defendants do not admit or deny the allegations in Paragraph 322.

6      323.    Answering Defendants do not admit or deny the allegations in Paragraph 323.

7      324.    Answering Defendants deny each and every allegation in Paragraph 324.

8

**Claim Thirteen**

9      325.    Answering Defendants incorporate by reference each response above as though

10   fully set forth herein.

11      326.    Answering Defendants do not admit or deny the allegations in Paragraph 326.

12      327.    Answering Defendants deny each and every allegation in Paragraph 327.

13      328.    Answering Defendants deny each and every allegation in Paragraph 328.

14

**Claim Fourteen**

15      329.    Answering Defendants incorporate by reference each response above as though

16   fully set forth herein.

17      330.    Answering Defendants do not admit or deny the allegations in Paragraph 330.

18      331.    Answering Defendants do not admit or deny the allegations in Paragraph 331.

19      332.    Answering Defendants deny each and every allegation in Paragraph 332.

20      333.    Answering Defendants deny each and every allegation in Paragraph 333.

21

**Claim Fifteen**

22      334.    Answering Defendants incorporate by reference each response above as though

23   fully set forth herein.

24      335.    Answering Defendants deny each and every allegation in Paragraph 335.

25      336.    Answering Defendants deny each and every allegation in Paragraph 336.

26      337.    Answering Defendants deny each and every allegation in Paragraph 337.

27

**Claim Sixteen**

28

338.     Answering Defendants incorporate by reference each response above as though fully set forth herein.

339.     Answering Defendants do not admit or deny the allegations in Paragraph 330.

340.     Answering Defendants deny each and every allegation in Paragraph 340.

341.     Answering Defendants deny each and every allegation in Paragraph 341.

342.      Answering Defendants deny each and every allegation in Paragraph 340.

### **Claim Seventeen**

343.     Answering Defendants incorporate by reference each response above as though fully set forth herein.

344.     Answering Defendants do not admit or deny the allegations in Paragraph 344.

345.     Answering Defendants do not admit or deny the allegations in Paragraph 345.

346.     Answering Defendants do not admit or deny the allegations in Paragraph 346.

347.     Answering Defendants deny each and every allegation in Paragraph 347.

### **AFFIRMATIVE DEFENSES**

#### **First Affirmative Defense – Failure to State a Claim**

As a first, separate, and distinct affirmative defense to Plaintiffs' Second Amended Complaint, Answering Defendants allege that the Complaint fails to state facts sufficient to constitute any cause of action against these Defendants

#### **Second Affirmative Defense – Failure to Exhaust Administrative Remedies**

As a second, separate, and distinct affirmative defense, Answering Defendants allege that some or all of Plaintiffs' claims may be barred because Plaintiffs failed to exhaust available administrative remedies prior to instituting this lawsuit, depriving the Court of jurisdiction over those claims.

#### **Third Affirmative Defense – Good Faith and Reasonable Conduct**

As a third, separate, and distinct affirmative defense, Answering Defendants allege that Plaintiffs' claims are barred because, at all relevant times, these Defendants acted reasonably, in good faith, and without malice, based on the facts and circumstances known to them when they acted.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

2:22-CV-01378-KJM-AC
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

### Fourth Affirmative Defense – Liability Of Others

As a fourth, separate, and distinct affirmative defense, Answering Defendants allege that if Plaintiffs suffered any damages (which is denied), those damages were proximately caused or legally caused by the acts, omissions, or misconduct of parties or persons other than these Defendants.

### Fifth Affirmative Defense – Statute of Limitations

As a fifth, separate, and distinct affirmative defense, Answering Defendants allege that Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to Code of Civil Procedure § 335.1.

### Sixth Affirmative Defense – Governmental Immunity (Discretionary Immunity)

As a sixth, separate, and distinct affirmative defense, Answering Defendants allege that they are immune from some or all of the allegations contained within Plaintiffs' Second Amended Complaint, based upon discretionary immunity and other immunities provided under the California Government Code and applicable federal law.

### Seventh Affirmative Defense – Failure to Mitigate Damages

As a seventh, separate, and distinct affirmative defense, Answering Defendants allege that if Plaintiffs sustained any damages at all, they failed to take reasonable steps to mitigate such damages as required by law.

### Eighth Affirmative Defense – Qualified Immunity

As an eighth, separate, and distinct affirmative defense, Answering Defendants allege that they are immune from liability under the qualified immunity available to government officials under federal and/or state law, because at all relevant times they acted in good faith and with a reasonable belief in the lawfulness of their conduct.

### Ninth Affirmative Defense – No Deprivation of Rights

As a ninth, separate, and distinct affirmative defense, Answering Defendants allege that Plaintiffs' claims fail in whole or in part because Defendants did not deprive Plaintiffs of any right, privilege, or immunity secured by federal or state law.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

### Tenth Affirmative Defense – Plaintiffs' Willful Conduct

As a tenth, separate, and distinct affirmative defense, Answering Defendants allege that Plaintiffs engaged in willful acts or omissions that contributed to or caused the alleged harm and/or preclude their claims. Any damages, if any, were legally caused by Plaintiffs' own willful conduct.

### Eleventh Affirmative Defense – No Cause of Action for Attorneys' Fees

As an eleventh, separate, and distinct affirmative defense, Answering Defendants allege that Plaintiffs' Second Amended Complaint fails to state a factual or legal basis that would entitle Plaintiffs to recover attorneys' fees from these Defendants.

### Twelfth Affirmative Defense – Lack of Standing

As a twelfth, separate, and distinct affirmative defense, Answering Defendants allege that the named Plaintiffs and/or the putative class members lack standing to assert some or all of the claims for which they seek relief.

### Thirteenth Affirmative Defense – Unclean Hands

As a thirteenth, separate, and distinct affirmative defense, Answering Defendants allege that Plaintiffs, and putative class members, have unclean hands regarding the claims asserted and are therefore barred from recovery of damages or any equitable award.

### Fourteenth Affirmative Defense – Compelling State Interest

As a fourteenth, separate, and distinct affirmative defense, Answering Defendants allege that they acted under a valid, compelling state interest that justified any alleged conduct, and therefore are not liable to Plaintiffs.

### Fifteenth Affirmative Defense – Impermissible Mandatory Injunction

As a fifteenth, separate, and distinct affirmative defense, Answering Defendants allege that the injunctive relief requested is impermissibly mandatory in nature and would require affirmative status-quo-altering measures that Plaintiffs cannot justify under the heightened legal standard for a mandatory injunction.

**Sixteenth Affirmative Defense – Reservation of Additional Defenses after Discovery**

As a sixteenth, separate, and distinct affirmative defense, Answering Defendants allege that they have insufficient knowledge to determine whether additional affirmative defenses may apply. Accordingly, Answering Defendants reserve the right to assert additional defenses that may become applicable during discovery or any stage of this litigation.

**Seventeenth Affirmative Defense – Failure to Name Indispensable Party**

As a seventeenth, separate, and distinct affirmative defense, Answering Defendants allege that Plaintiffs' cannot obtain complete relief because Plaintiffs' claims are barred by Plaintiffs' failure to name an indispensable party. As certain curtailment orders that limit the extraction of water from wells are in place by various agencies of the State of California, and not Answering Defendants.

**DEMAND FOR JURY TRIAL**

Answering Defendants hereby demand a jury trial on all claims in this case and prayer.

**PRAYER**

Wherefore, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing from this Second Amended Complaint;

2.     That Plaintiffs Second Amended Complaint be dismissed in its entirety with prejudice;

3.     That Plaintiffs be denied each and every demand and prayer for relief contained in the Second Amended Complaint;

4.     For costs of suit incurred herein, including reasonable attorney fees; and

5.     For such other and further relief and the Court deems just and equitable.

Dated: March 14, 2025                    BEST BEST & KRIEGER LLP

By:  _/s/ Christopher M. Pisano_
JEFFREY V. DUNN
CHRISTOPHER M. PISANO
MARCO ORNELAS-LOPEZ

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814

1

2    Dated: March 14, 2025                                    SPINELLI, DONALD & NOTT, P.C.

3

4                                                             By: */s/ Elise D. Rice*
                                                                 _____
5                                                                J. SCOTT DONALD
                                                                 ELISE D. RICE
6                                                                Attorneys for Defendants

7                                                                County of Siskiyou and Jeremiah Larue, in
                                                                 his official capacity as Sheriff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
500 CAPITOL MALL, STE. 2500
SACRAMENTO, CALIFORNIA 95814