1 | **BEST BEST & KRIEGER LLP**
JEFFREY V. DUNN, Bar No. 131926
2 | jeffrey.dunn@bbklaw.com
CHRISTOPHER M. PISANO, Bar No. 192831
3 | christopher.pisano@bbklaw.com
MARCO ORNELAS-LOPEZ, Bar No. 343187
4 | marco.ornelaslopez@bbklaw.com
500 Capitol Mall, Ste. 2500
5 | Sacramento, CA 95814
Telephone:     (916) 325-4000
6 |
**SPINELLI, DONALD & NOTT, P.C.**
7 | J. SCOTT DONALD, Bar No. 158338
scottd@sdnlaw.com
8 | 300 University Ave., Ste. 100
Sacramento, CA 95825
9 | Telephone:     (916) 448-7888

10 | *Counsel for Defendants County of Siskiyou and
Jeremiah Larue, in his official capacity as*
11 | *Sheriff*

**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA**
JOHN THOMAS H. DO (SBN 285075)
jdo@aclunc.org
EMI YOUNG (SBN 311238)
eyoung@aclunc.org
GRAYCE ZELPHIN (SBN 279112)
gzelphin@aclunc.org
39 Drumm Street
San Francisco, CA 94111
(415) 293-6333

**ASIAN LAW CAUCUS**
CARL TAKEI (SBN 256229)
carlt@asianlawcaucus.org
MEGAN VEES (SBN 325184)
meganv@asianlawcaucus.org
55 Columbus Avenue
San Francisco, CA 94111
(415) 896-1701

12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |

**COVINGTON & BURLING LLP**
STANLEY YOUNG (SBN 121180)
syoung@cov.com
3000 El Camino Real
5 Palo Alto Square, 10th Flr.
Palo Alto, CA 94306-2112
(650) 632-4700
MICHAEL PLIMACK (SBN 133869)
mplimack@cov.com
HAKEEM S. RIZK (SBN 326438)
hrizk@cov.com
Salesforce Tower, 415 Mission St., Suite 5400
San Francisco, CA 94104-2533
(415) 591-6000

*Counsel for Plaintiffs Mathis, et al.*

20 | UNITED STATES DISTRICT COURT

21 | EASTERN DISTRICT OF CALIFORNIA

22 | RUSSELL MATHIS; JORDAN CHONG
MOUA; YING SUSANNA VA; MAI NOU
23 | VANG, and all others similarly situated,

24 | Plaintiffs,

25 | v.

26 | COUNTY OF SISKIYOU; and JEREMIAH
LARUE, in his official capacity as Sheriff,
27 |
Defendants.
28 |

Case No. 2:22-cv-01378-KJM-AC

**Stipulation and Order**

38036.00005\43788550.1

## STIPULATION

Plaintiffs Russell Mathis, Jordan Chong Moua, Ying Susanna Va, and Mai Nou Vang, ("Plaintiffs") and Defendants County of Siskiyou and Jeremiah LaRue, in his official capacity as Sheriff ("Defendants") (Plaintiffs and Defendants collectively referred to as "Parties"), by and through their respective counsel of record, hereby stipulate and request that the Court issue the proposed revised scheduling order set forth below.  This request is made in light of Defendants' ongoing delays in document production, and the Parties' joint desire to ensure a complete and thorough discovery process.

The Parties request together that the Court continue the fact discovery completion date and modify the scheduling order on the following grounds:

1.      Good cause exists to continue discovery and modify the scheduling order because Defendants represent that they have not been able to complete document production due to the unanticipated complexity and volume of the materials and turnover in staff assigned to compile and produce the documents.  An extension in the case schedule is necessary to provide adequate time for Defendants to complete the production, for Plaintiffs to review the document production, and for the Parties to conduct fact depositions and complete expert discovery. The proposed schedule includes a deadline to substantially complete written discovery to ensure the orderly, efficient completion of discovery.

2.      The Parties believe that the Court will not be prejudiced by this specific discovery extension and modification of the scheduling order as no trial date has been set in this action.

3.      If this continuance is not granted, the Parties will be prejudiced because Defendants contend they will be unable to timely complete the document production and Plaintiffs contend that they may be unable to timely review this discovery .

## I.      STATUS OF DISCOVERY

After a year long stay, on January 12, 2024, Plaintiffs propounded their First Set of Requests for Production.  Plaintiffs propounded their Second and Third Sets of Requests for Production on November 7, 2024, and January 3, 2025, respectively.  Plaintiffs have propounded more than 110 Requests for Production in total to date.  On March 5, 2025, Plaintiffs served a

1   Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  The

2   Notice of Deposition contained 38 topics, requiring depositions from several County officials and

3   employees.  Plaintiffs have completed or substantially completed their responses to written

4   discovery propounded by Defendants.

5        Defendants report they have encountered significant delays in completing the production

6   of documents that they agreed to produce in response to Plaintiffs' discovery requests, including

7   the ongoing review of Body Worn Camera footage and Racial and Identity Profiling Act reports.

8   These delays have affected the timeline for completing discovery.  Defendants assure Plaintiffs

9   and the Court that they are working diligently to produce the remaining documents, but contend

10  review of these materials is time-consuming and has taken longer than initially anticipated due to

11  the complexity and volume of the materials and turnover in staff assigned to compile and produce

12  the documents.

13       The Parties have scheduled the deposition of one of Defendants' 30(b)(6) witnesses and

14  are working to find a mutually agreeable date for the rest of Defendants' 30(b)(6) witnesses.  The

15  Parties are also negotiating a stipulation to amend the existing Protective Order that would

16  facilitate a more expedient production of documents.

17  **II.    GOOD CAUSE FOR CONTINUING COMPLETION DATES**

18       Good cause exists to continue discovery and modify the scheduling order.  Despite

19  diligently conducting discovery, the Parties cannot reasonably meet the current discovery

20  deadlines as set forth above.

21       If this stipulated continuance is not granted, the Parties will be prejudiced because they

22  will be forced to proceed in this case without essential documents and depositions from the

23  Parties and possible additional nonparty witnesses.  As such, the proposed extensions are

24  necessary to afford the Parties adequate time to complete meaningful discovery.

25  **III.    PRIOR REQUESTS FOR EXTENSION HAVE BEEN MADE**

26       The parties previously jointly moved the Court's tentative case schedule be modified.

27  Dkt. No. 126.  The Court granted the motion.  Dkt. No. 127.  There have not been other prior

28  requests for extensions of the case schedule.

THEREFORE, Plaintiffs and Defendants, through their respective counsel, hereby stipulate and agree as follows:

| Event | Current Date | New Date |
|---|---|---|
| Substantial Completion of Document Production | N/A | July 7, 2025 |
| Close of Fact Discovery | June 16, 2025 | September 30, 2025 |
| Initial Expert Witness Disclosures | June 30, 2025 | October 20, 2025 |
| Last Day to File Motion for Class Certification | July 14, 2025 | November 3, 2025 |
| Rebuttal Expert Witness Disclosures | July 28, 2025 | November 17, 2025 |
| Close of Expert Discovery | August 18, 2025 | December 18, 2025 |
| Last Date to File Dispositive Motions | September 4, 2025 | January 9, 2026 |
| Pre-trial Conference | TBD | TBD |
| Trial | TBD | TBD |

**IT IS SO STIPULATED.**

Dated:  May ___, 2025                    BEST BEST & KRIEGER LLP

_____
CHRISTOPHER M. PISANO
MARCO ORNELAS-LOPEZ
Attorneys for Defendants
County of Siskiyou and Jeremiah Larue, in his
official capacity as Sheriff

Dated:  May ___, 2025                    SPINELLI, DONALD & NOTT, PC

_____
J. SCOTT DONALD
Attorneys for Defendants
County of Siskiyou and Jeremiah Larue, in his
official capacity as Sheriff

1    Dated:  May __, 2025                AMERICAN CIVIL LIBERTIES UNION
                                         FOUNDATION OF NORTHERN CALIFORNIA
2

3                                        _____
                                         JOHN THOMAS H. DO
4                                        EMI YOUNG
                                         GRAYCE ZELPHIN
5                                        Attorneys for Plaintiffs Russell Mathis, et al.

6    Dated:  May __, 2025                ASIAN LAW CAUCUS
7

8                                        _____
                                         CARL TAKEI
9                                        MEGAN VEES
                                         Attorneys for Plaintiffs Russell Mathis, et al.
10

11   Dated:  May __, 2025                COVINGTON & BURLING LLP

12                                       _____
                                         STANLEY YOUNG
13                                       MICHAEL PLIMACK
                                         HAKEEM RIZK
14                                       Attorneys for Plaintiffs Russell Mathis, et al.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       - 5 -

**ORDER**

This Court, having received and reviewed the Stipulation of the Parties referenced immediately above, and finding good cause,

IT IS HEREBY ORDERED THAT, the modifications requested in the below chart be granted:

| Event | Date |
|---|---|
| Substantial Completion of Document Production | July 7, 2025 |
| Close of Fact Discovery | September 30, 2025 |
| Initial Expert Witness Disclosures | October 20, 2025 |
| Last Day to File Motion for Class Certification | November 3, 2025 |
| Rebuttal Expert Witness Disclosures | November 17, 2025 |
| Close of Expert Discovery | December 18, 2025 |
| Last Date to File Dispositive Motions | January 9, 2026 |
| Pre-trial Conference | TBD |
| Trial | TBD |

IT IS SO ORDERED.

DATED:  May 20, 2025.

UNITED STATES DISTRICT JUDGE