UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL MATHIS, et al, | No. 2:22-cv-1378 KJM AC |
| Plaintiffs, | |
| v. | <u>ORDER</u> |
| COUNTY OF SISKIYOU, et al., | |
| Defendants. | |

Before the court is pro se movant Marshall Edward Mikels' motion, which the court construes as a motion related to discovery. ECF No. 160. Mikels' connection to this case is unclear; he is not mentioned in the Second Amended Complaint (ECF No. 140). On July 2, 2025, Mikels filed a document entitled "STOP NOTICE STANDING NOTICE AND AFFIDAVIT TO CEASE AND DESIST DELIVERY AND USE OF ANY INDIVIDUAL AND GROUP INFORMATION FROM JOHN HILL AND LOUISE GLAITTO FROM THE PATRIOT GROUP KNOWN AS THE SSCP AND NSCP/TEA PARTY IN FREFERENCE TO SUBPEOA IN CIVIL ACTION NO. 2-22-cv-01378 KJM-AC RENDERING THE INFORMATION VOID, UNLAWFUL AND WITHOUT EFFECT. THIS NOTICE IS DONE ON BEHALF OF ALL PEOPLE AND VOIDS ANY REQUIREMENT FOR THE ENTRY, INSPECTION OR TO PRODUCE ANYTHING FOR ANY COURT, ATTORNEY OR LAW ENFORCEMENT." ECF No. 160. This document was construed by the Clerk of Court as a notice; it was not docketed as a

1  motion. On July 21, 2025, Mikels re-filed the same document. ECF No. 160. This time, the
2  document was construed as a motion to quash a subpoena, and the motion is now before the
3  undersigned.
4        The motion as presented is most analogous to a discovery motion and is therefore
5  construed as such. Accordingly, the motion is referred to the undersigned pursuant to Local Rule
6  302(c)(1). In the motion, Mikels asserts that on July 15, 2025, emails were delivered to John Hill
7  and Louise Gliatto inviting them to a meeting in which they could inform a group about their
8  intent to release information to the individuals connected with this case. ECF No. 160 at 3.
9  Mikels appears to assert that Hill and Gliatto intend to release information to the court, though it
10 is not clear what the connection is between any of these individuals and the lawsuit at bar.
11       Regardless of the connection between Mikels, Hill, Gliatto and this lawsuit, Mikels'
12 motion is noncognizable and must be denied. First, Mikels does not identify any relief that the
13 court can plausibly grant. Indeed, Mikels does not appear to seek relief from the court at all; it
14 appears he intends to notify individuals of his position regarding any release of his information or
15 attempt to contact him. For this reason alone, the motion – to the extent it is a motion – is cannot
16 be granted. Second, the document filed by Mikels is replete with references to, or similar to,
17 sovereign citizen ideology. Such quasi-legal rhetoric has no basis in law and has been repeatedly
18 rejected by federal courts. See, e.g., U.S. v. Ward, 182 F.3d 930, at *2 (9th Cir. 1999) (noting
19 that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily
20 reject similar contentions without extended argument"). The document does not contain any legal
21 cause of action and does not present any non-frivolous argument. For these reasons, Mikels'
22 motion (ECF No. 160) is DENIED.
23       IT IS SO ORDERED.
24 DATED: July 25, 2025

                                            ALLISON CLAIRE
                                            UNITED STATES MAGISTRATE JUDGE