**BEST BEST & KRIEGER LLP**
JEFFREY V. DUNN (Bar No. 131926)
jeffrey.dunn@bbklaw.com
CHRISTOPHER M. PISANO (Bar No. 192831)
christopher.pisano@bbklaw.com
500 Capitol Mall, Ste. 2500
Sacramento, CA 95814
Telephone: (916) 325-4000

**SPINELLI, DONALD & NOTT, P.C.**
J. SCOTT DONALD (Bar No. 158338)
scottd@sdnlaw.com
300 University Ave., Ste. 100 Sacramento, CA 95825
Telephone: (916) 448-7888

*Counsel for Defendants County of Siskiyou and Jeremiah Larue, in his official capacity as Sheriff*

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
EMI YOUNG (Bar No. 311238)
eyoung@aclunc.org
39 Drumm Street
San Francisco, CA 94111
(415) 293-6333

**ASIAN LAW CAUCUS**
MEGAN VEES (Bar No. 325184)
meganv@asianlawcaucus.org
55 Columbus Avenue
San Francisco, CA 94111
(415) 896-1701

**COVINGTON & BURLING LLP**
STANLEY YOUNG (Bar No. 121180)
syoung@cov.com
3000 El Camino Real
5 Palo Alto Square, 10th Flr.
Palo Alto, CA 94306-2112
(650) 632-4700

*Counsel for Plaintiffs Mathis, et al.*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL MATHIS; JORDAN CHONG MOUA; YING SUSANNA VA; MAI NOU VANG, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SISKIYOU; and JEREMIAH LARUE, in his official capacity as Sheriff,<br><br>Defendants | Civil Case No. 2:22-cv-01378-KJM-AC<br><br>**JOINT STIPULATION TO CONTINUE DISCOVERY AND MODIFY SCHEDULING ORDER** |

**STIPULATION**

Plaintiffs Russell Mathis, Jordan Chong Moua, Ying Susanna Va, and Mai Nou Vang, ("Plaintiffs") and Defendants County of Siskiyou and Jeremiah LaRue, in his official capacity as Sheriff ("Defendants") (Plaintiffs and Defendants collectively referred to as "Parties"), by and through their respective counsel of record, hereby stipulate and request that the Court issue the proposed revised scheduling order set forth below. This request is made in light of unanticipated delays in Defendants' document production, and the Parties' joint desire to ensure a complete and thorough discovery process. In particular, the Parties jointly request an extension of the fact discovery cutoff from December 15, 2025 to January 23 2026, with accompanying changes in other dates.  The Parties anticipate that this will be their last joint request for such extension.

The Parties request together that the Court continue the fact discovery completion date and modify the scheduling order and the deadline to comply with the discovery order issued in ECF No. 189 on the following grounds:

1. Good cause exists to continue discovery and modify the scheduling order because Defendants represent that they have not been able to complete document production due to the complexity and volume of the materials, and due to the fact the pending holiday has temporarily diminished staff availability for the review and production of documents. An extension in the case schedule is necessary to provide adequate time for Defendants to complete the production, for Plaintiffs to review the document production, and for the Parties to complete their remaining fact depositions.

2. The Parties believe that the Court will not be prejudiced by this specific discovery extension and modification of the scheduling order as no trial date has been set in this action.

3. If this continuance is not granted, the Parties will be prejudiced because Defendants contend they will be unable to timely complete the document production and Plaintiffs contend that they may be unable to timely review this discovery and efficiently take their remaining fact witness depositions.

I. **STATUS OF DISCOVERY**

Plaintiffs and Defendants have, since the prior case schedule extension was granted on August 28, 2025, continued to make progress on their discovery obligations. Plaintiffs have taken several additional depositions and have noticed several others, up to a total of nine fact depositions. Plaintiffs and Defendants also, in parallel, continued settlement negotiations on a subset of the claims and filed a proposed partial settlement and court order, which is currently pending before this Court. *See* ECF Nos. 190, 190-1.

Nonetheless, Defendants report they have encountered delays in completing the production of documents which are now subject to court order, and that due to the volume of documents subject to the court order, a modest increase in time is needed to complete the review. See ECF No. 189. These delays have affected and will affect the timeline for completing discovery. Plaintiffs assert that these remaining responsive documents are needed to efficiently conduct their remaining fact witness depositions before the current close of fact discovery. Defendants assure Plaintiffs and the Court that they are working diligently to produce the remaining documents, but contend that production has taken longer due to the complexity and volume of the materials that need to be reviewed. Defense counsel has also represented they may be unavailable for certain deposition dates in December due to trial in another matter, and that this may require some delay in the completion of these depositions.

In addition to Ray Haupt, whose deposition is required per ECF No. 189, Plaintiffs have noticed additional depositions for Bryan Schenone, John Ottenberg, and Rick Dean in their individual capacities. There remain additional documents to be produced for each of these deponents. Plaintiffs also took the deposition of James Smith on November 25, 2025, but agreed with Defendants to hold open the deposition pending review of the responsive documents to be produced from Mr. Smith's custodial file, which could not be provided before the previously scheduled date.

II. **GOOD CAUSE FOR CONTINUING COMPLETION DATES**

Good cause exists to continue discovery and modify the scheduling order. Despite diligently conducting discovery, the Parties cannot reasonably meet the current discovery deadlines as set forth above.

If this stipulated continuance is not granted, the Parties will be prejudiced because they will be forced to proceed in this case without essential documents and depositions from the Parties and possible additional nonparty witnesses. As such, the proposed extensions are necessary to afford the Parties adequate time to complete meaningful discovery.

III. **PRIOR REQUESTS FOR EXTENSION HAVE BEEN MADE**

The parties have jointly moved the Court's tentative case schedule be modified in three prior instances. ECF Nos. 126, 146, 177. The Court granted all three motions. Dkt. No. 127, 147, 178.

THEREFORE, Plaintiffs and Defendants, through their respective counsel, hereby stipulate and agree as follows:

| Event | Current Date | New Date |
|---|---|---|
| Defendants' required production of Ray Haupt for deposition within 30 days of ECF No. 189. | December 5, 2025 | December 15, 2025 |
| Defendants' required production of all remaining responsive documents within 30 days of ECF No. 189. | December 5, 2025 | December 30, 2025 |
| Close of Fact Discovery | December 15, 2025 | January 23, 2026 |
| Initial Expert Witness Disclosures | January 30, 2026 | March 10, 2026 |
| Last Day to File Motion for Class Certification | February 10, 2026 | March 20, 2026 |
| Rebuttal Expert Witness Disclosures | February 27, 2026 | April 7, 2026 |
| Close of Expert Discovery | March 27, 2026 | May 5, 2026 |
| Last Date to File Dispositive Motions | April 20, 2026 | May 29, 2026 |
| Pre-trial Conference | TBD | TBD |
| Trial | TBD | TBD |

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED: November 26, 2025     **COVINGTON & BURLING LLP**

By:    /s/ Stanley Young
      STANLEY YOUNG

Attorney for Plaintiffs Russell Mathis, et al.

DATED:  November 26, 2025     **AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**

By:    /s/ Emi Young
      EMI YOUNG

Attorney for Plaintiffs Russell Mathis, et al.

DATED:  November 26, 2025     **ASIAN LAW CAUCUS**

By:    /s/ Megan Vees
      MEGAN VEES

Attorney for Plaintiffs Russell Mathis, et al.

DATED:  November 26, 2025     **BEST BEST & KRIEGER LLP**

By:    /s/ Christopher M. Pisano
      CHRISTOPHER M. PISANO
      JEFFREY V. DUNN

Attorneys for Defendants
County of Siskiyou and Jeremiah Larue, in his official capacity as Sheriff

| | |
|---|---|
| DATED: November 26, 2025 | **SPINELLI, DONALD & NOTT, PC** |
| | By:  /s/ J. Scott Donald |
| | J. SCOTT DONALD |
| | Attorney for Defendant |
| | County of Siskiyou and Jeremiah Larue, in his official capacity as Sheriff |

**ORDER**

This Court, having received and reviewed the Stipulation of the Parties referenced immediately above, and finding good cause,

IT IS HEREBY ORDERED THAT,

The modifications requested in the below chart be granted:

| Event | New Deadline |
|---|---|
| Defendants' required production of Ray Haupt for deposition within 30 days of ECF No. 189. | December 15, 2025 |
| Defendants' required production of all remaining responsive documents within 30 days of ECF No. 189. | December 30, 2025 |
| Close of Fact Discovery | January 23, 2026 |
| Initial Expert Witness Disclosures | March 10, 2026 |
| Last Day to File Motion for Class Certification | March 20, 2026 |
| Rebuttal Expert Witness Disclosures | April 7, 2026 |
| Close of Expert Discovery | May 5, 2026 |
| Last Date to File Dispositive Motions | May 29, 2026 |
| Pre-trial Conference | TBD |
| Trial | TBD |

IT IS SO ORDERED.

Dated: December 2, 2025.

UNITED STATES DISTRICT JUDGE