1  **BEST BEST & KRIEGER LLP**
   JEFFREY V. DUNN, Bar No. 131926
2  jeffrey.dunn@bbklaw.com
   CHRISTOPHER M. PISANO, Bar No. 192831
3  christopher.pisano@bbklaw.com
   500 Capitol Mall, Ste. 2500
4  Sacramento, CA 95814
   Telephone:     (916) 325-4000
5
   **SPINELLI, DONALD & NOTT, P.C.**
6  J. SCOTT DONALD, Bar No. 158338
   scottd@sdnlaw.com
7  300 University Ave., Ste. 100
   Sacramento, CA 95825
8  Telephone:     (916) 448-7888
9  *Counsel for Defendants County of Siskiyou and*
   *Jeremiah Larue, in his official capacity as*
10 *Sheriff*

**AMERICAN CIVIL LIBERTIES UNION**
**FOUNDATION OF NORTHERN**
**CALIFORNIA**
JOHN THOMAS H. DO (SBN 285075)
jdo@aclunc.org
EMI YOUNG (SBN 311238)
eyoung@aclunc.org
GRAYCE ZELPHIN (SBN 279112)
gzelphin@aclunc.org
39 Drumm Street
San Francisco, CA 94111
(415) 293-6333

**ASIAN LAW CAUCUS**
MEGAN VEES (SBN 325184)
meganv@asianlawcaucus.org
55 Columbus Avenue
San Francisco, CA 94111
(415) 896-1701

11 **COVINGTON & BURLING LLP**
   STANLEY YOUNG (SBN 121180)
12 syoung@cov.com
   3000 El Camino Real
13 5 Palo Alto Square, 10th Flr.
   Palo Alto, CA 94306-2112
14 (650) 632-4700
   HAKEEM S. RIZK (SBN 326438)
15 hrizk@cov.com
   Salesforce Tower, 415 Mission St., Suite 5400
16 San Francisco, CA 94104-2533
   (415) 591-6000
17
   *Counsel for Plaintiffs Mathis, et al.*
18
                UNITED STATES DISTRICT COURT
19
                EASTERN DISTRICT OF CALIFORNIA
20

21  RUSSELL MATHIS; JORDAN CHONG
    MOUA; YING SUSANNA VA; MAI NOU
22  VANG, and all others similarly situated,

23          Plaintiffs,

24      v.

25  COUNTY OF SISKIYOU; and JEREMIAH
    LARUE, in his official capacity as Sheriff,
26
            Defendants.
27

28

Case No.  2:22−CV−01378−TLN−AC

**JOINT STIPULATION TO MODIFY**
**SCHEDULING ORDER; ORDER**

1

## **STIPULATION**

2        Plaintiff Russell Mathis ("Plaintiff"[1]) and Defendants County of Siskiyou and Jeremiah

3    LaRue, in his official capacity as Sheriff ("Defendants") (collectively referred to as "Parties"), by

4    and through their respective counsel of record, hereby stipulate and request that the Court issue

5    the proposed revised scheduling order set forth below. This request is made in light of the Parties'

6    ongoing meet and confer process attempting to narrow the scope of anticipated discovery

7    motions, and a need for additional time to prepare expert disclosures.

8        The Parties request together that the Court modify the scheduling order on the following

9    grounds:

10        1.        Good cause exists to continue the current February 20, 2026 deadline to file fact

11    discovery motions because the Parties are currently working in good faith to narrow the issues

12    that may require resolution by the Court. Plaintiff believes there are significant deficiencies in

13    Defendants' compliance with past discovery orders and has alerted Defendants' counsel to the

14    basis for these concerns. Defendants dispute Plaintiff's contentions, but the parties are working in

15    good faith to try to resolve all such disputes. Plaintiff also recently received the last of

16    Defendants' discovery responses under Fed. R. Civ. P. 33, 34, and 36, where Plaintiff had

17    provided extensions to respond. The Parties are currently engaged in a meet and confer process to

18    determine if some of these deficiencies can be remedied in short order without further Court

19    intervention. A brief extension of the current motion deadline would allow these negotiations to

20    progress and may limit the issues subject to a motion to compel or for sanctions.

21        2.        Additionally, the Parties have negotiated agreements for Defendants to complete a

22    property inspection relevant to their expert disclosures, and for Plaintiff's counsel to complete

23    two factual depositions that were previously held open due to Plaintiff's claim of Defendants'

24    delayed document disclosures and witness unavailability, as explained in further detail below.

25        3.        Since the last case schedule was issued, Defendants represent they have faced

26    additional, unforeseen staffing and technical obstacles to completing their document productions.

27

---

28    [1] Although the caption reflects multiple named plaintiffs, Plaintiff Mathis is the sole remaining
named plaintiff following a partial settlement entered at Dkt. No. 197.

1 | Lead defense counsel has been in a multi-week trial, and a lead discovery attorney has left the

2 | firm. Defendants represent they are working to re-establish access to repositories of responsive

3 | documents but require additional time. The site inspection has been delayed as the Parties

4 | negotiated the scope of the inspection while balancing Plaintiff's privacy interests, and the timing

5 | of the inspection is dependent on coordinating the schedules of the Parties and counsel, and that

6 | of Defendants' multiple experts. Two witnesses have yet to have their depositions completed.

7 | Defendants provided thousands of documents on the eve of County witness Bryan Schenone's

8 | scheduled deposition. Mr. Schenone has since been deployed oversees and is only now returning

9 | to the United States this month. Defendants anticipate completing his document production in

10 | advance of the continued deposition, which the Parties expect can be resumed in the next month.

11 | The other deposition of County employee John Ottenberg was paused at his and Defense

12 | counsel's request, and is likely to be rescheduled on or around the same day as the site inspection

13 | to conserve the Parties' resources when traveling to remote and rural parts of California.

14 | Defendants anticipate completing his document production in advance of that date as well.

15 |     4.    The proposed modification would permit these actions to occur in advance of the

16 | discovery motion, expert disclosure, and class certification deadlines.

17 |     5.    The Parties do not believe this modest modification will significantly delay

18 | ultimate resolution in this matter, and no trial date has been set.

19 |     6.    If this continuance is not granted, the Parties will be prejudiced because they will

20 | not be able to timely complete preparation of expert disclosures and reports (which are also

21 | relevant to Plaintiff's class certification motion) and may expend time and resources

22 | unnecessarily litigating discovery issues that may be resolved informally.

23 | **I.**    **STATUS OF DISCOVERY**

24 | Fact discovery in this case closed on January 23, 2026. Dkt. No. 195. However, based on

25 | various considerations including 1) Defendants' continued production of discovery records

26 | responsive to the Court's Orders (Dkt. Nos. 189, 199) and Plaintiffs' need to assess the

27 | completeness of this production; 2) several fact depositions that were required to be held open

28 |

2:22−CV−01378−TLN−AC
JOINT STIP TO MODIFY SCHEDULING
ORDER

1    pending review of late-disclosed documents and witness availability; and 3) the Parties' ongoing

2    negotiation of the terms of and protocol for an inspection notice served on Plaintiff Mathis, the

3    Parties entered into a stipulation to allow the filing of fact discovery motions on or before

4    February 20, 2026, after the formal cutoff date. This stipulation was approved and entered by

5    Court order on January 16, 2026. Dkt. No. 199.

6    **II.      GOOD CAUSE FOR CONTINUING COMPLETION DATES**

7           The Parties have continued to work diligently to address the above-listed issues, including

8    by finalizing a proposed agreement for Defendants' property inspection and identifying specific

9    deficiencies in the document productions subject to court order. Defendants have also agreed to

10   complete supplementation of certain discovery responses by this week. As to the inspection,

11   however, the earliest likely date for all Parties' necessary representatives (including multiple

12   defense experts) to be present is in early March; Defendants have represented this inspection is

13   necessary to finalize certain of their expert reports, which are due March 10, 2026 under the

14   current case schedule. Likewise, as to the discovery compliance issues and potential motion, the

15   Parties are currently discussing whether and when Defendants will provide certain additional

16   information and documents, which may impact the scope of a motion. The Parties believe it

17   would be the most efficient use of their and the Court's resources to narrow the issues requiring

18   litigation as much as possible.

19   **III.     PRIOR REQUESTS FOR EXTENSION HAVE BEEN MADE**

20          The Parties have jointly moved for modification of the case schedule on four occasions;

21   all of these requests have been granted. Dkt. Nos. 127, 147, 178, 195.

22          THEREFORE, Plaintiff and Defendants, through their respective counsel, hereby stipulate

23   and agree as follows:

24

25

| Event | Current Date | New Date |
|---|---|---|
| Deadline for Filing of Fact Discovery Motions | February 20, 2026 | March 13, 2026 |
| Initial Expert Witness Disclosures | March 10, 2026 | March 31, 2026 |

28

2:22−CV−01378−TLN−AC
JOINT STIP TO MODIFY SCHEDULING
ORDER

| | | |
|---|---|---|
| Last Day to File Motion for Class Certification | March 20, 2026 | April 10, 2026 |
| Rebuttal Expert Witness Disclosures | April 7, 2026 | April 30, 2026 |
| Close of Expert Discovery | May 5, 2026 | May 29, 2026 |
| Last Date to File Dispositive Motions | May 29, 2026 | June 23, 2026 |
| Pre-trial Conference | TBD | TBD |
| Trial | TBD | TBD |

**IT IS SO STIPULATED.**

Dated:  February 13, 2026

BEST BEST & KRIEGER LLP

/s/ Christopher Pisano (authorized on 2/13/2026)
CHRISTOPHER M. PISANO
BEST BEST & KRIEGER LLP
Attorneys for Defendants
County of Siskiyou and Jeremiah Larue, in his
official capacity as Sheriff

SPINELLI, DONALD & NOTT, PC
J. SCOTT DONALD
Attorneys for Defendants
County of Siskiyou and Jeremiah Larue, in his
official capacity as Sheriff

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA

/s/ Emi Young
JOHN THOMAS H. DO
EMI YOUNG
GRAYCE ZELPHIN
Attorneys for Plaintiffs Russell Mathis, et al.

ASIAN LAW CAUCUS

/s/ Megan Vees (authorized on 2/13/2026)
MEGAN VEES
WINIFRED KAO
Attorneys for Plaintiffs Russell Mathis, et al.

2:22−CV−01378−TLN−AC
JOINT STIP TO MODIFY SCHEDULING
ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COVINGTON & BURLING LLP

/s/ Stanley Young (authorized on 2/13/2026)
STANLEY YOUNG
HAKEEM RIZK
Attorneys for Plaintiffs Russell Mathis, et al.

2:22−CV−01378−TLN−AC
JOINT STIP TO MODIFY SCHEDULING
ORDER

1

**ORDER**

2        This Court, having received and reviewed the Stipulation of the Parties referenced

3  immediately above, and finding good cause,

4        IT IS HEREBY ORDERED THAT,

5        The modifications requested in the below chart be granted:

6

| Event | Date |
|---|---|
| Deadline for Fact Discovery Motions | March 13, 2026 |
| Initial Expert Witness Disclosures | March 31, 2026 |
| Last Day to File Motion for Class Certification | April 10, 2026 |
| Rebuttal Expert Witness Disclosures | April 30, 2026 |
| Close of Expert Discovery | May 29, 2026 |
| Last Date to File Dispositive Motions | June 23, 2026 |
| Pre-trial Conference | TBD |
| Trial | TBD |

16

17        IT IS SO ORDERED.

18

19

20  Dated: February 17, 2026        _____

21                                  Troy L. Nunley
                                    Chief United States District Judge

22

23

24

25

26

27

28