**BEST BEST & KRIEGER LLP**
JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER M. PISANO, Bar No. 192831
christopher.pisano@bbklaw.com
500 Capitol Mall, Ste. 2500
Sacramento, CA 95814
Telephone:    (916) 325-4000

**SPINELLI, DONALD & NOTT, P.C.**
J. SCOTT DONALD, Bar No. 158338
scottd@sdnlaw.com
300 University Ave., Ste. 100
Sacramento, CA 95825
Telephone:    (916) 448-7888

*Counsel for Defendants County of Siskiyou and
Jeremiah Larue, in his official capacity as
Sheriff*

**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA**
JOHN THOMAS H. DO (SBN 285075)
jdo@aclunc.org
EMI YOUNG (SBN 311238)
eyoung@aclunc.org
GRAYCE ZELPHIN (SBN 279112)
gzelphin@aclunc.org
39 Drumm Street
San Francisco, CA 94111
(415) 293-6333

**ASIAN LAW CAUCUS**
MEGAN VEES (SBN 325184)
meganv@asianlawcaucus.org
55 Columbus Avenue
San Francisco, CA 94111
(415) 896-1701

**COVINGTON & BURLING LLP**
STANLEY YOUNG (SBN 121180)
syoung@cov.com
3000 El Camino Real
5 Palo Alto Square, 10th Flr.
Palo Alto, CA 94306-2112
(650) 632-4700
HAKEEM S. RIZK (SBN 326438)
hrizk@cov.com
Salesforce Tower, 415 Mission St., Suite 5400
San Francisco, CA 94104-2533
(415) 591-6000

*Counsel for Plaintiffs Mathis, et al.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL MATHIS; JORDAN CHONG MOUA; YING SUSANNA VA; MAI NOU VANG, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SISKIYOU; and JEREMIAH LARUE, in his official capacity as Sheriff,<br><br>Defendants. | Case No.  2:22−CV−01378−TLN−AC<br><br>**JOINT STIPULATION TO MODIFY SCHEDULING ORDER; ORDER** |

**STIPULATION**

Plaintiff Russell Mathis ("Plaintiff"[1]) and Defendants County of Siskiyou and Jeremiah LaRue, in his official capacity as Sheriff ("Defendants") (collectively referred to as "Parties"), by and through their respective counsel of record, hereby stipulate and request that the Court issue the proposed revised scheduling order set forth below.  This request is made in light of the Parties' current settlement discussions, and in order to avoid potentially unnecessary expenditure of the Parties' and Court's resources resolving pending discovery motions and engaging in expert discovery.

The Parties request together that the Court modify the scheduling order by extending deadlines by approximately two months as seen below, on the following grounds:

1.      Good cause exists to continue the current expert disclosure, class certification, and dispositive motion deadlines because the Parties have reentered serious discussions to attempt to settle the remainder of the active claims in this litigation. The Parties have exchanged written proposals regarding settlement and have met via teleconference to narrow the areas for further negotiation. Although the Parties had previously failed to reach a settlement of the active claims during a Court-mediated settlement conference, there have been significant changes to negotiating positions since that time. Based on these discussions, the Parties believe there is a reasonable prospect of settlement and are seeking an approximate two-month extension of the relevant case deadlines to determine whether a settlement can be reached.

2.      The proposed extension of upcoming case deadlines would allow the Parties to delay undertaking further costly and time-intensive discovery and motion practice, as well as the Court's resolution of various motions which may not be necessary, and permit the Parties to focus their attention on settlement negotiations in the short term. The pending discovery and anticipated motions are described in greater

---

[1] Although the caption reflects multiple named plaintiffs, Plaintiff Mathis is the sole remaining named plaintiff following a partial settlement entered at ECF 197.

- 2 -

2:22−CV−01378−TLN−AC
JOINT STIP TO MODIFY SCHEDULING
ORDER

detail in the section that follows.

3.     The Parties do not believe this modest modification will significantly delay ultimate resolution in this matter, and no trial date has been set.

4.     If this continuance is not granted, the Parties will be prejudiced because they may expend time and resources addressing discovery issues and engaging in motion practice that may be rendered unnecessary by a settlement. They may also be required to disclose expert reports without the full scope of relevant information, given the pending discovery motions described below.

## I.     STATUS OF DISCOVERY

Fact discovery in this case closed on January 23, 2026. ECF No. 195. However, based on stipulations by the Parties and in light of several outstanding discovery issues, the deadline for filing of fact discovery motions was extended to March 13, 2026. ECF Nos. 199, 201. There are several pending fact discovery motions to compel and for sanctions, which have been noticed for a hearing date in May 2026. ECF Nos. 204-207. This hearing date was identified with consideration for the Parties' intent to determine if a settlement can be reached before litigating these motions and requesting that the Court undertake their resolution. In the event that a settlement is not reached, the Parties will use the remaining time to try to resolve any discovery disputes in advance of Court intervention. The Parties are also preparing for the expert disclosure deadline, currently on March 31, 2026, as both Parties have represented that they intend to disclose multiple expert reports. The Parties have reached a stipulation regarding a proposed inspection of Plaintiff Mathis' property by Defendants' experts, which would need to occur before the expert disclosure deadline.

## II.     GOOD CAUSE FOR CONTINUING COMPLETION DATES

In light of quickly approaching expert disclosure deadlines, the Parties are seeking a modest extension of this and other motion deadlines to permit them to defer resource-intensive expert discovery and the related property inspection, and focus their attention on settlement negotiations. The Parties believe that a brief extension to determine if a settlement can be reached would best serve their and the Court's interest in efficient use of resources. The proposed

extension of the case schedule would allow the Parties to stagger resolution of their pending discovery motions before other relevant case deadlines, as these motions seek (in part) disclosure of material that may inform Plaintiff's expert reports. It would also allow the Parties to delay filing of class certification briefs and the scheduling of a hearing on that motion while determining if a settlement can be reached.

### III.   **PRIOR REQUESTS FOR EXTENSION HAVE BEEN MADE**

The Parties have jointly moved for modification of the case schedule on five occasions; all of these requests have been granted. ECF Nos. 127, 147, 178, 195, 200.

THEREFORE, Plaintiff and Defendants, through their respective counsel, hereby stipulate and agree as follows:

| Event | Current Date | New Date |
|---|---|---|
| Initial Expert Witness Disclosures | March 31, 2026 | June 15, 2026 |
| Last Day to File Motion for Class Certification | April 10, 2026 | July 1, 2026 |
| Rebuttal Expert Witness Disclosures | April 30, 2026 | July 20, 2026 |
| Close of Expert Discovery | May 29, 2026 | August 17, 2026 |
| Last Date to File Dispositive Motions | June 23, 2026 | September 18, 2026 |
| Pre-trial Conference | TBD | TBD |
| Trial | TBD | TBD |
| | | |

**IT IS SO STIPULATED.**

Dated:  March 17, 2026          BEST BEST & KRIEGER LLP

/s/ Christopher Pisano (authorized on 3/17/2026)
CHRISTOPHER M. PISANO
Attorneys for Defendants
County of Siskiyou and Jeremiah Larue, in his
official capacity as Sheriff

SPINELLI, DONALD & NOTT, PC

/s/ Scott Donald (authorized on 3/17/2026)
J. SCOTT DONALD
Attorneys for Defendants
County of Siskiyou and Jeremiah Larue, in his
official capacity as Sheriff


AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA

/s/ Emi Young
JOHN THOMAS H. DO
EMI YOUNG
GRAYCE ZELPHIN
Attorneys for Plaintiffs Russell Mathis, et al.


ASIAN LAW CAUCUS

/s/ Megan Vees (authorized on 3/17/2026)
MEGAN VEES
WINIFRED KAO
Attorneys for Plaintiffs Russell Mathis, et al.


COVINGTON & BURLING LLP

/s/ Stanley Young (authorized on 3/17/2026)
STANLEY YOUNG
HAKEEM RIZK
Attorneys for Plaintiffs Russell Mathis, et al.

**ORDER**

This Court, having received and reviewed the Stipulation of the Parties referenced immediately above, and finding good cause,

IT IS HEREBY ORDERED THAT,

The modifications requested in the below chart be granted:

| Event | Date |
|---|---|
| Initial Expert Witness Disclosures | June 15, 2026 |
| Last Day to File Motion for Class Certification | July 1, 2026 |
| Rebuttal Expert Witness Disclosures | July 20, 2026 |
| Close of Expert Discovery | August 17, 2026 |
| Last Date to File Dispositive Motions | September 18, 2026 |
| Pre-trial Conference | TBD |
| Trial | TBD |

IT IS SO ORDERED.

Dated:  March 17, 2026

_____
Troy L. Nunley
Chief United States District Judge

2:22−CV−01378−TLN−AC
JOINT STIP TO MODIFY SCHEDULING
ORDER